UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WINFRED WAIRIMU WAMAI, individually        )
And as Personal Representative of the Estate    )
of Adams Titus Wamai                        )
                                            )
DIANA WILLIAMS                              )
                                            )
TITUS WAMAI                                 )
                                            )
ANGELA WAMAI                                )
                                            )
LLOYD WAMAI                                 )
                                            )
JOHN MURIUKI GIRANDI                        )
                                            )
SARAH ANYISO TIKOLO, individually          )
and for the Estate of Moses Geofrey Naniai,  )
                                            )
NEGEEL ANDIKA                               )
                                            )
GRACE NJERI KIMATA, individually           )
and as Personal Representative              )
for the Estate of Francis Watoro Maina      )
                                            )
LUCY MUTHONI GITAU, individually and       )
As Personal Representative for the Estate of )
Lawrence A. Gitau,                          )
                                            )
GITAU CATHERINE WAITHIRA                    )
                                            )
ERNEST GICHIRI GITAU                        )
                                            )
FELISTER WANJIRU GITAU                      )
                                            )
GRACE NJERI GICHO, individually and        )
As Personal Representative of the Estate of )
Peter Kabau Macharia,                       )
                                            )
DIANA NJOKI MACHARIA                        )
                                            )
LUCY KAMAU, individually and as Personal    )
Representative of the Estates of Joseph Kamau )

1

Kiongo and Teresia Wairimu )
)
**JANE KAMAU** )
)
**ALICE MUHONI KAMAU** )
)
**NEWTON KAMAU** )
)
**PAULINE KAMAU** )
)
**PETER KAMAU** )
)
**MERCY KAMAU WAIRIMU** )
)
**ANN WAMBUI KAMAU** )
)
**DANIEL KIOMHO KAMAU** )
)
**NYANGORO WILFRED MAYAKA,** )
**Individually and as Personal Representative** )
**Of the Estate of Mayaka Lydia Mukiri** )
)
**DOREEN MAYAKA** )
)
**DICK OBWORO** )
)
**DIANA NYANGARA** )
)
**DEBORAH KERUBO** )
)
**JACOB AWALA, individually and** )
**As Personal Representative of the Estates** )
**of Josiah Owuor and Edwina Owuor** )
)
**WARREN AWALA** )
)
**VINCENT OWOUR** )
)
**MORDECHAI THOMAS ONONO,** )
**Individually and as Personal Representative** )
**Of the Estate of Lucy Grace Onono** )
)
**PRISCILLA OKATCH, Individually** )
**And as Personal Representative of the** )
**Estate of  Maurice Okatch Ogola** )
)

DENNIS OKATCH                                    )
                                                 )
ROSEMARY ANYANGO OKATCH                          )
                                                 )
SAMSON OKATCH                                    )
                                                 )
JENIPHER OKATCH                                  )
                                                 )
JOSINDA KATUMBA KAMAU,                           )
Individually and as Personal Representative      )
Of the Estate of Vicnent Kamau Nyoike            )
                                                 )
CAROLINE WANJIRU KAMAU                           )
                                                 )
FAITH WANZA KAMAU                                )
                                                 )
ELIZABETH VUTAGE MALOBA,                         )
Individually and as Personal Representative      )
Of the Estate of Frederick Yafes Maloba          )
                                                 )
KENNETH MALOBA                                   )
                                                 )
MARGARET MALOBA                                  )
                                                 )
ADHIAMBO SHARON                                  )
                                                 )
OKILE MARLON                                     )
                                                 )
LEWIS MAFWAVO                                    )
                                                 )
MARLONG OKILE                                    )
                                                 )
MARY MUTHEU NDAMBUKI,                            )
Individually and as Personal Representative      )
Of the Estate of Kimeu NZioka Nganga             )
                                                 )
GRACE NJERI GICHO, individually                  )
And as Personal Representative of the            )
Estate of Peter Kabau Macharia                   )
                                                 )
DIANA NJOKI MACHARIA                             )
                                                 )
STANLEY NJAR NGUGI                               )
                                                 )
MARGARET NJOKI NGUGI                             )
                                                 )

ANN RUGURU                                              )
                                                        )
NAGUGI MACHARIA                                         )
                                                        )
DAVID KARIUKI NGUGI                                     )
                                                        )
PAUL MWANGI NGUGI                                       )
                                                        )
JOHN MUNGAI NGUGI                                       )
                                                        )
GRACE NJERI KIMATA, individually                        )
And as Personal Representative of the                   )
Estate of Francis Watoro Maina                          )
                                                        )
MAINA VICTOR                                            )
                                                        )
WAMBUI RACHEL                                           )
                                                        )
OLE PUSSY SAMUEL KASHOO,                                )
Individually and as Personal Representative             )
Of the Estate of Pussy Rachel Mungasia                  )
                                                        )
ANDREW PUSSY                                            )
                                                        )
DOREEN NASIEKU                                          )
                                                        )
ELSY PUSSY                                              )
                                                        )
ROSEMARY ANYANGO OLELE, Individually                    )
And as Personal Representative of the Estate            )
Of Francis Olewe Ochilo                                 )
                                                        )
WENDY ACHIENG                                           )
                                                        )
JULIET AWUOR                                            )
                                                        )
JANE KATHUKA, Individually and as Personal              )
Representative of the Estate of                         )
Geoffrey Mulu Kalio,                                    )
                                                        )
BERNICE MUTHEU NDETI,                                   )
                                                        )
DAEN NTHAMBI MULU,                                      )
                                                        )
TABITHA NTHAMBI KALIO,                                  )

AQUILAS MUTUKU KALIO                              )
                                                 )
CATHERINE MBATHA,                                )
                                                 )
LILIAN MBELU KALIO,                              )
                                                 )
CATHERINE GITUMBO, Individually and              )
As Personal Representative of the Estate of      )
Joel Gitumbo Kamau,                              )
                                                 )
EUNICE MUTHOUI,                                  )
                                                 )
ELIZABETH WANJIKU,                               )
                                                 )
DAVID KAMAU,                                     )
                                                 )
PETER KIBUE KAMAU,                               )
                                                 )
PHILIP KARIUKI GITUMBO,                          )
                                                 )
KAMALI MUSYOKA, Individually and as              )
Personal Representative of the Estate of         )
Dominic Musyoka,                                 )
                                                 )
BEATRICE MARTHA KITHUVA,                         )
                                                 )
BENSON MALUSI MUSYOKA,                           )
                                                 )
WASON MUSYOKA,                                   )
                                                 )
CAROLINE KASUNGO WHALI,                          )
                                                 )
TITUS KYAW MUSYOKA,                              )
                                                 )
VELMA BONYO, Individually and as                 )
Personal Representative of the Estate of         )
Klyeliff C. Bonyo,                               )
                                                 )
DORINE BONYO,                                    )
                                                 )
ELIJAH BONYO,                                    )
                                                 )
ANJELA BONYO,                                    )
                                                 )
WINNIE BONYO,                                    )
                                                 )

JOYCE ABUR, Individually and as )
Personal Representative of the Estate of )
Eric Onyango, )
  )
TILDA A. ABUR, )
  )
KELESENDHIA APONDI, )
  )
BARNABAS ONYANGO, )
  )
PAUL JABODA ONYANGO, )
  )
FAITH KIHAFIO, Individually and as )
Personal Represenative of the Estate of )
Tony Kihato Irungu, )
  )
JACQUILINE WANGECI, )
  )
STEVE MBUKU, )
  )
ANNAH WANGECI IRUNGU, )
  )
ALI HUSSEIN ALI, Individually and as )
Personal Representative of the Estate of )
Hindu Omar Iddi, )
  )
FATHMA IDDI, )
  )
OMAR IDDI, )
  )
HAMIDA IDDI, )
  )
RASHIHID IDDI, )
  )
MAHMOUD IDDI, )
  )
SUSAN HIRSH, Individually and as Personal )
Representative of the Estate of Abdulrahman )
M. Abdalla, )
  )
SELINA SAIDI, Individually and as Personal )
Represenative of the Estate of Saidi Rogath, )
  )
HANUNI NDANGE, Individually and as )
Personal Representative of the Estate of )
Yusuf Ndange, )

|  |  |
|---|---|
| **JUDITH MBELWA, Individually and as Personal Representative of the Estate of Abbas Mwila,** | ) )<br>)<br>) |
| **MOHAMED Y. MNYOLYA, Individually and as Personal Representative of the Estate of Abdallah M. Mnyolya,** | )<br>)<br>)<br>) |
| **NURU H. SULTANI,** | )<br>) |
| **AISHA KAMBENGA, Individually and as Personal Representative of the Estate of Bakari Nyumbu,** | )<br>)<br>) |
| **KULWA RAMADHANI, Individually and as Personal Representative of the Estate of Dotto Ramadhani,** | )<br>)<br>)<br>) |
| **MAGDALENA PAUL, Individually and as Personal Representative of the Estate of Elisha E. Paul,** | )<br>)<br>) |
| **SHABANI MTULYA, Individually and as Personal Representative of the Estate of Mtendeje Rajabu,** | )<br>)<br>) |
| **HUSSEIN RAMADHANI, Individually and as Personal Representative of the Estate of Ramadhani Mahundi,** | )<br>)<br>)<br>) |
| **RUKIA MUNJIRU ALI,** | )<br>) |
| **MILKE W. MACHARIA,** | )<br>) |
| **BEUNDA KEBOGO J. CHAKA,** | )<br>) |
| **GEORGE M. MIMBA,** | )<br>) |
| **MARY OFISI,** | )<br>) |
| **MONICA MUNYORI,** | )<br>) |
| **NICHOLAS M. MUTISO,** | )<br>) |
| **STELLA NJUGUNA,** | )<br>) |
| **DAVID K. KIBURU,** | )<br>) |
| **JECINTA W. WAHOME,** | ) |

BELINDA AKINYI ADIKA,                          )
                                               )
KIRUMBU WMBURU MUKURIA,                         )
                                               )
ELIZABETH MULI KIBUE,                          )
                                               )
MARY WANJUGU GITONGA,                          )
                                               )
LAYDIAH WANJIRU MWANGI,                         )
                                               )
CHARLES MWAKA MULWA,                           )
                                               )
BONIFACE CHEGE,                                )
                                               )
CAROLINE W. GICHURU,                           )
                                               )
LIVINGSTONE MADAHANA,                          )
                                               )
WELLINGTONE OLUOMA,                            )
                                               )
ELSIE W. KAGIMBI,                              )
                                               )
SAMUEL O. ORIARO,                              )
                                               )
GIDEON K. MAZITIM,                             )
                                               )
MARGARET W. NDUNGU,                            )
                                               )
CHARLES NKANATHA,                              )
                                               )
CAROLINE NGUHI NGUGI,                          )
                                               )
PATRICK OUMA OKECHI,                           )
                                               )
RAPHEL N. KIVINDYO,                            )
                                               )
TOBIAS O. OTIENO,                              )
                                               )
AARON MAKAU,                                   )
                                               )
RAMDAN KIMAM JURAU,                            )
                                               )
CAROLINE N. OCHIENG,                           )
                                               )
OLAMBO CHAVLES,                                )

**MILLY M. AMDUSO,**                     )
                                         )
**EMILY K. MINAYO,**                     )
                                         )
**FRANCIS MAINE NDIBUL,**                )
                                         )
**CHARLES M. NDIBUL,**                   )
                                         )
**MOSES M. KUIYVA,**                     )
                                         )
**MARINA KIRIMA,**                       )
                                         )
**THOMAS OHUORO,**                       )
                                         )
**LIMMLES I. KASUI,**                    )
                                         )
**MICHAEL N. MWORIA,**                   )
                                         )
**JOASH O. OKENDO,**                     )
                                         )
**JULIUS OGORO,**                        )
                                         )
**AGGREY N. ABUTI,**                     )
                                         )
**RENSON M. ASHIKA,**                    )
                                         )
**ABDULRAHMAN R. BASHIR,**               )
                                         )
**JENNIFER J. CHEBOL,**                  )
                                         )
**JOSEPH T. GATHECHA,**                  )
                                         )
**IDDI A. KAKA,**                        )
                                         )
**JAMES KANJA,**                         )
                                         )
**BERNARD M. KASWII,**                   )
                                         )
**DAVID M. KIMANI,**                     )
                                         )
**SAMUEL KIVINDYO,**                     )
                                         )
**PETER N. KUNG'U**                      )
                                         )
**THOMAS G. KURIA,**                     )

JAMES M. MACHARIA,                                )
                                                  )
TOITORO O. MASANGA,                               )
                                                  )
ROBERT M. MATHEKA,                                )
                                                  )
RICHARD N. MAWEU,                                 )
                                                  )
MATTHEW M. MBITHI,                                )
                                                  )
FRANCIS N. MBURU,                                 )
                                                  )
PAUL K. MUSAU,                                    )
                                                  )
EDWARD M. MUTHAMA,                                )
                                                  )
THOMAS M. MUTUA,                                  )
                                                  )
JAMES M. MUTUKU,                                  )
                                                  )
PAUL G. MWINGI,                                   )
                                                  )
LUCAS M. NDILE,                                   )
                                                  )
ANTHONY NGINYA,                                   )
                                                  )
ALEXANDER C. NJERU,                               )
                                                  )
ENOS NZALWA,                                      )
                                                  )
JULIUS M. NZIVO,                                  )
                                                  )
FREDERICK O. OBANGA,                              )
                                                  )
JUSTUS M. WAMBUA,                                 )
                                                  )
MAKONNEN K. MENERIC,                              )
                                                  )
JAMES BABIRA NDEDA,                               )
                                                  )
PAULINE D. ABDALLAH,                              )
                                                  )
JOHN NDUATI,                                      )
                                                  )
WUNNIE W. GICHURU,                                )

BLASIO SHIKAMI,                                    )
                                                   )
CYNTHIA KIMBLE,                                    )
                                                   )
HENRY KESSY,                                       )
                                                   )
EVITTA KWIMBERE,                                   )
                                                   )
ELIZABETH SLATER,                                  )
                                                   )
NAFISA MALIK,                                      )
                                                   )
VALERIE NAIR,                                      )
                                                   )
LAUREL MCMULLEN,                                   )
                                                   )
CHRISTANT HIZA,                                    )
                                                   )
FREDERICK KABODYA,                                 )
                                                   )
JUSTINA MDOBILU,                                   )
                                                   )
BENJAMIN WINFORD,                                  )
                                                   )
CHRISTOPHER MCMULLEN,                              )
                                                   )
HOSIANNA MMBAGA,                                   )
                                                   )
TIBRUSS MINJA,                                     )
                                                   )
SAJJAD GULAMALI,                                   )
                                                   )
CLIFFORD TARIMO,                                   )
                                                   )
SITA MAGUA,                                        )
                                                   )
EDDIESON KAPESA,                                   )
                                                   )
VALENTRY KATUNDA,                                  )
                                                   )
EDSON  MAUMU,                                      )
                                                   )
ZEPHANIA MBOGE,                                    )
                                                   )
DONTI MWAIPAPE,                                    )

EDWARD RUTASHEHERWA,                )
                                    )
VICTOR MPOPO,                       )
                                    )
ALLY KINDAMBA,                      )
                                    )
GAUDENS THOMAS,                     )
                                    )
                                    )
                                    )
        **Plaintiffs,**              )
                                    )        Civil Action No.
      v.                            )
                                    )
**REPUBLIC OF SUDAN, MINISTRY OF THE**  )
**INTERIOR OF THE REPUBLIC OF THE**     )
**SUDAN, ISLAMIC REPUBLIC OF IRAN,**    )
**IRANIAN REVOLUTIONARY GUARDS**        )
**CORPS, IRANIAN MINISTRY OF**          )
**INFORMATION AND SECURITY**            )
                                    )
        **Defendants.**              )
                                    )

## COMPLAINT

Plaintiffs through undersigned counsel respectfully bring this action against the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security jointly and severally, and allege as follows:

1.      This action is brought by Plaintiffs for serious injuries and deaths suffered as a result of the August 7, 1998 terrorist attacks upon the United States Embassies in Nairobi, Kenya and in Dar Es Salaam. The terrorist attack was carried out by the al Qaeda terrorist group, headed by Osama Bin Laden, and was provided with material support or resources including cover, sanctuary, technical assistance, explosive devices and training by Defendants.

## JURISDICTION AND VENUE

2.    Plaintiffs bring this action pursuant to the Anti-Terrorism Amendments to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq*, and the laws of the jurisdiction of residence of Plaintiffs.

3.    This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1330(a), 1331, and 1605A.

4.    Defendants are subject to suit in the courts of the United States pursuant to 28. U.S.C. § 1605A, an exception to the Foreign Sovereign Immunities Act allowing suit against foreign state sponsors of terror, for extrajudicial killings and other terrorist actions committed by said states and their agents.

5.    Pursuant to 28 U.S.C. § 1605A, jurisdiction is proper where either the claimant or victim is a United States citizen or where the victim at the time of the terrorist attack was an employee of the Government of the United States acting within the scope of the employee's employment.

6.    Plaintiffs and/or decedents are United States citizens, United States nationals, and/or employees of the Government of the United States, employed at the United States Embassy in Nairobi, Kenya and/or an individual performing a contract awarded by the United States government acting within the scope of the employee's employment at the time of the terrorist attack.

7.    Private actions for personal injury and related torts brought by Plaintiffs against foreign state sponsors of terrorism under 28 U.S.C. § 1605A(c) are uniquely and wholly Federal versions of what are traditionally state-law causes of action.  These purely Federal tort actions were signed into law on January 22, 2008.  Cf. P.L. 110-181 § 1083 (2008).

8.      Plaintiffs bring their claim within 28 U.S.C. § 1605A(c)(2)'s statute of limitations of "10 years after the date on which the cause of action arose."

9.      Venue in this Court is proper in accordance with the provisions of 28 U.S.C. § 1391 (f)(4), which provides in pertinent part that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

## **DEFENDANTS**

10.      Defendant, the Republic of Sudan is a foreign state which at all times alleged hereinafter was designated a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. § 2405 (J)).

11.      Defendant, the Ministry of the Interior of the Republic of the Sudan, is an agency of Defendant, the Republic of the Sudan. Its activities at the time of this occurrence included the support of terrorist activities directed against foreign targets by terrorist groups operating with cover of the Republic of the Sudan.

12.      The Defendant, the Republic of the Sudan, acting through the Defendant, the Ministry of the Interior of the Republic of the Sudan, entered into an arrangement with Al Qaeda and Hezbollah under which those organizations received shelter and protection from interference while carrying out planning and training of various persons for terrorist attacks, including the August 7, 2008 attacks on the United States Embassies in Nairobi, Kenya and in Dar Es Salaam, Tanzania. These included an organizational and planning meeting within the Republic of Sudan between Al Qaeda and Hezbollah officials, with the purpose of planning and carrying out the attacks on the United States Embassy in Kenya, which caused the injuries and death to Plaintiffs' as, described hereinafter.

13.    Defendant, the Islamic Republic of Iran is a foreign state which at all times alleged hereinafter was designated a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. § 2405 (J)).

14    Defendants the Iranian Revolutionary Guards Corps ("IRGC") by and through its Quds Force Division ("Quds"), and the Iranian Ministry of Information and Security ("MOIS") are agencies of the Defendant, the Islamic Republic of Iran, responsible for providing the military and intelligence services through which Iran trained, supported, and otherwise guided and directed the terrorist organizations responsible for causing Plaintiffs' injuries and trauma as described hereinafter.

## STATEMENT OF FACTS

15.    Starting in 1989, an international terrorist group emerged dedicated to opposing non-Islamic governments with brutal force and terrifying violence. This organization grew out of "mekhtab al khidernat" (the "Azzam Service Center") organization which maintained offices in Peshawar, Pakistan, and received funds from Islamic charities, wealthy Saudi families, mosques, legitimate businesses and criminal enterprises, among others.

16.    Under the leadership of Osama Bin Laden ("Bin Laden"), among others, the Azzam Service Center expanded, created terrorist cells in various parts of the world, financed and supported other terrorist groups dedicated to committing acts of violence, murder, destruction and mayhem. From approximately 1989 until the present, this terrorist group called itself "Al Qaeda".

17.    In the early 1990's, the government of Sudan sent overtures to Osama Bin Laden and al-Qaeda officials, inviting the group to relocate en mass from Afghanistan to the Sudan. The representatives of the Sudanese government promised the support of their government should al-

Qaeda relocate.

18.     The government of Sudan is run by President Field Marshall Omar Hassan al-Bashir, the head of state of the Sudan, through an alliance of the military and the National Congress Party, formerly the National Islamic Front (NIF).

19.     In or about 1991, the leadership of Al Qaeda, including Bin Laden, relocated to the Sudan. Al Qaeda was headquartered in the Sudan from approximately 1991 until approximately 1996.

20.     From approximately 1991 to 1996, Bin Laden resided at a large villa in Khartoum, Sudan, with an office and guesthouse. During this time, the Sudanese government provided security for Al Qaeda consisting of Sudanese men dressed in army fatigues and jeeps with Sudanese army license plates.

21.     At various times between 1991 and 1996, Al Qaeda, under the direction of Bin Laden, stated privately to Al Qaeda members that they should put aside differences with Shiite Muslim terrorist organizations, including the Government of the Islamic Republic of Iran and its affiliated terrorist group Hezbollah.

22.     The Islamic Republic of Iran chose Lebanon as a destination for the implementation of the Islamic revolution due to its strong ties between the shi'ite community of Lebanon and Iran. Based on the ideological and spiritual allegiance with Lebanon the Islamic Republic of Iran had a key role in the foundation of Hezbollah.

23.     Hezbollah is an organization of Lebanese Muslims who are adherents of the Shia or Shiite faction of Islam. It represents itself as "an Islamic freedom fighting movement" which views any part of the Near East under the control of the State of Israel as "occupied land". Hezbollah advocates the expulsion of the United States from the Near East and is committed to

violent action to that end and to the termination of the existence of the State of Israel.

24.    Hezbollah has been designated by the United States as a Specially Designated Terrorist continuously since 1995, as a Foreign Terrorist Organization since 1997, and as a Specially Designated Global Terrorist since 2001.

25.    The ties between Hezbollah and Iran are evidenced by their interpersonal religious channel, frequent meetings between Hezbollah's leaders and Iranian officials, politicians and delegates and financial, organizational and military connections.

26.    Defendant Iranian Revolutionary Guards Corps played a substantial role in the establishment of Hezbollah as explained by Na'im Qasem, one of the founders of Hezbollah: "upon its foundation, Hezbollah saw a possibility for achieving its goals and aspirations through the backing and reinforcement expressed by the Islamic Republic of Iran. This was manifested through the dispatch of the Islamic Revolutionary Guard of Lebanon in the wake of the Israeli invasion with a mission to train and recruit Lebanese youth willing to combat Israel."

27.    From its inception in the early 1980's until today Hezbollah officials maintain close relationships with official representatives in Iran's embassies in Beirut and Damascus as well as Iranian Revolutionary Guards officials.

28.    An official connection between Iran and Hezbollah exists as currently, the nine member Shura council of Hezbollah, the representatives responsible for translating the political decisions made by the council into operative decisions, consists of two government-appointed Iranian clerics.

29.    Essam Al Riddi ("Al Riddi"), a pilot for Bin Laden, discussed the possibility of Al Riddi transporting stinger missiles from Pakistan to the Sudan. Bin Laden assured Al Riddi that the Sudanese intelligence agencies would cooperate with the weapons transfer.

30.     Sudanese intelligence officers were organized into a "delegation office" to meet the needs of the Al Qaeda group in the Sudan. This delegation office provided security for Al Qaeda and facilitated the movement of weapons in and out of the country.

31.     President al-Bashir provided a letter to Bin Laden explicitly approving of the presence of Al Qaeda in the Sudan. The letter allowed Al Qaeda members to bypass tax and customs collection on international shipments and guaranteed their shipments, both incoming and out-going, would not be inspected.

32.     Weapons and explosive shipments to Al Qaeeda were moved through a quay, protected by the Sudanese military in Port Sudan, into a barracks used by Sudanese armored and mechanized infantry. The letter from al-Bashir allowed shipments from overseas to bypass inspection at a port and then travel to Khartoum without inspection by local police.

33.     The Sudanese government employed Al Qaeda to manufacture chemical weapons in a section of Khartoum called Hilat Koko, for use in the genocidal campaign in southern Sudan. Al Qaeda entered into a transaction to purchase uranium through the former President of the Sudan. The quality of the uranium was tested in Hilat Koko.

34.     At various times between 1991 and 1996, Mamdouh Mamud Salim ("Salim"), an Al Qaeda operative, met with Iranian religious officials to arrange an agreement between Al Qaeda, the National Islamic Front (NIF) of Sudan, and elements of the Government of Iran to work together against the United States, Israel and other western countries.

35.     As a result of those meetings, Al Qaeda forged alliances with the NIF and with representatives of the government of the Islamic Republic of Iran, and its associated terrorist group Hezbollah, for the purpose of working together against their perceived common enemies in the West, particularly the United States.

36.    The NIF, under the leadership of Hassn al-Turabi ("Turabi") intensified its domination of the government of Sudanese President General Bashir. The NIF organized its own militia and maintained ties to Iran, including its visit to Iranian President Rafsanjani in December 1991 and a high level Sudanese military delegation visit to Teheran, Iran during the summer of 1992.

37.    Following discussions between Al Qaeda and Iranian leaders in Sudan, senior Al Qaeda operatives and trainers traveled to Iran to receive training in explosives. In the fall of 1993, a delegation of Al Qaeda operatives traveled to Lebanon for further training in explosives, intelligence and security from the Iranian Revolutionary Guards.

38.    Bin Laden expressed particular interest in Iran's knowledge of advanced explosives such as truck bombs that were used to kill 241 United States Marines in Lebanon.

39.    Iran established Sudan terrorist training bases operated by the Islamic Revolutionary Guards, primarily through its Quds Force, that trained the Sudanese as well as other operatives.

40.    The Quds (Jerusalem) Force is one of five branches of the Islamic Revolutionary Guards, the strongest military-security body in Iran and the regime's main support. The Quds Force was established at the beginning of the 1990's and is an elite unit numbering in the thousands. The Quds Force activities range from establishing educational systems for indoctrination and civilian infrastructures supporting Iran and its radical ideology through operating armed terrorist and guerilla cells and acting to subvert secular, pro-Western Arab-Muslim regimes.

41.    Iran maintained its presence in Sudan by providing arms, instructors and funds to train Al Qaeda forces located within Sudan. Hezbollah and Iranian officials provided intelligence

and security training to Al Qaeda operatives, in Sudan and Lebanon, throughout 1991 to 1993. Iran also provided Al Qaeda with explosives designed to look like rocks.

42.     The Quds Force provided training in the use of explosives, assassinations and kidnapping to terrorist organizations, including Al Qaeda,

### A.     Embassy Bombing in Nairobi, Kenya

43.     In or about 1993, various members of Al Qaeda, began to establish businesses and residences in Nairobi, Kenya.

44.     In 1993, Osama Bin Laden asked Ali Mohamed to set up an al-Qaeda cell in Nairobi, Kenya. Mohamed responded by setting up a cell of a dozen operatives.

45.     In late 1993, Bin Laden instructed Ali Mohamed to scout out possible United States targets in Nairobi, Kenya for a possible terrorist attack.  Mohamed later confessed that he took pictures, drew diagrams and wrote a report that he presented to bin Laden and top al-Qaeda advisors in Sudan.

46.     Based on the photographs provided by Mohamed, Bin Laden pointed to where a truck could be used as a suicide bomber at the United States Embassy in Nairobi, Kenya.

47.     According to an article published in the San Francisco Chronicle on September 21, 2001, United States Federal Bureau of Investigation (FBI) traced phone calls from Mohamed's California residences to Bin Laden associates in Nairobi, including bin Laden's personal secretary Wadih El-Hage ("El-Hage").

48.     El-Hage moved to Sudan in 1992 to work as Bin Laden's personal secretary and later moved to Nairobi, Kenya to run an Al-Qaeda cell in charge of a sham charity called "Help Africa People".

49.     Bin Laden relocated Al Qaeda to Afghanistan in 1996 and actively recruited

Iranian members. Iranian border officials were instructed by Defendants not to stamp the passports of individuals heading from Iran to Afghanistan in order to help Al Qaeda use the passports of their members who may be killed on the front lines. Al Qaeda had continuous contact with Iranian security officials and Hezbollah, including advice and training, continued after Bin Laden's return to Afghanistan.

50.    In February 1998, Al Qaeda endorsed a *fatwah* under the banner of the "International Islamic Front for Jihad on the Jews and Crusaders." This *fatwah*, published in the publication of *Al-Quds al-'Arabi* on February 23, 1998, stated that Muslims should kill Americans – including civilians – anywhere in the world where they can be found.

51.    In or about June 1998, Mohamed Rashed Daoud Al- 'Owhali ("Owhali") and another Al Qaeda representative filmed a videotape to celebrate their anticipated "martyrdom" in a bombing operation to be conducted against the United States interests in East Africa.

52.    In or about late June or early July 1998, Al-Qaeda representatives Fahid Mohammed Ally Msalam ("Msalam") and Sheikh Ahmed Salim Swedan ("Swedan") purchased a Toyota Dyna truck in Mombasa, Kenya, and made alterations to the back of the truck.

53.    On or about July 31, 1998, Owhali, traveled from Pakistan to Nairobi Kenya.

54.    In or about early August 1998, Abdullah Ahmed Abdullah ("Abdullah"), Mohamed Sadeek Odeh ("Odeh") and other members of Al Qaeda traveled from Mombasa, Kenya to Nairobi, Kenya.

55.    During the first week of August 1998, Abdullah, Fazul Abdullah Mohammed ("Mohammed") and Owhali, met at a villa located in Nairobi, Kenya to make final preparations for the bombing of the United States Embassy.

56.    On August 7, 1998, beginning at approximately 9:30 a.m. local time, Mohammed,

drove a pick-up truck to the vicinity of the United States Embassy while Owhali rode in the Toyota Dyna that contained a large bomb, to the United States Embassy in Nairobi, Kenya.

57.    On August 7, 1998, at approximately 10:30 a.m. Owhali got out of the Toyota Dyna as it approached the rear of the Embassy as another Al Qaeda operative drove the truck into the rear of the Embassy while firing a handgun at the windows of the Embassy building.

58.    Shortly thereafter, the Al Qaeda operative detonated an explosive device within the vehicle at a location near the rear of the Embassy building causing a total of more than 213 deaths, including Adams Titus Wamai.

59.    The Iranian Ministry of Information and Security, the Iranian agents in operation control of Hezbollah, operated with high level technical expertise in the use of explosives which would not have been available to Al Qaeda operatives in the absence of Iranian participation.

60.    At the time of the terrorist attack on the United States Embassy, Plaintiffs and/or Plaintiffs decedents were United States citizens, United States nationals, and/or employed by the Government of the United States and working under the scope of his/her employment and/or an individual performing a contract awarded by the United States government acting within the scope of the employee's employment at the time of the explosion.

61.    On August 6, 1998, one day before the attack on the Embassy of Nairobi was carried out, the Islamic Republic of Iran withdrew all of its diplomatic personnel from Nairobi.

62.    On August 11, 1998, the Islamic Liberation Army of the People of Kenya, an off-shoot of Al Qaeda, issued a statement in Arabic from London, England, taking responsibility for the Embassy bombing in Nairobi.

63.    On August 20, 1998, by Executive Order 13099, United States President William Clinton modified the Annex to Executive Order 12947 designating Bin Laden and key Al Qaeda

operatives as individuals who threaten to disrupt the Middle East peace process.

64.    On October 18, 2001, four Al Qaeda members including Owhali, Odeh, and El-Hage were sentenced to life without parole for their role in the 1998 Embassy bombings in East Africa, including the bombing in Nairobi, Kenya.

**B.    United States Embassy Bombing in Dar Es Salaam, Tanzania**

65.    In or about March 1998, Al Qaeda operatives Khalfan Khamis Mohamed ("Khalfan") and Mustafa Mohamed Fadhil ("Fadhil") met in Dar Es Salaam, Tanzania and agreed to participate in a "jihad job".

66.    On or about May 4, 1998, Khalfan applied for a Tanzanian passport in the name of Zahran Nassor Maulid.

67.    In June 1998, Khalfan and Fahid Mohammed Ally Msalam ("Msalam") purchased a white Suzuki Samurai at a location in Dar Es Salaam and rented a house in the Ilala District of Dar Es Salaam, Tanzania.

68.    Throughout the summer of 1998, Fadhil, Khalafan, Msalam and Ahmed Khalfan Ghailani ("Ghailani") met at a residence on Amani Street in Dar Es Salaam to discuss the bombing of the United States Embassy in Tanzania.

69.    In or about July 1998, Ghailani and Ahmed Salim Swedan ("Swedan") purchased a 1987 Nissan Atlas truck in Dar Es Salaam, Tanzania, arranged for mechanical and welding work on the truck, and purchased two large truck batters, oxygen, and acetylene tanks.

70.    In July 1998, Mohamed Sadeek Odeh ("Odeh") was advised by Ahmed Mohamed Hamed Ali ("Ali") that Bin Laden had formed a united front against the United States with other Islamic extremist groups.

71.    Prior to August 2, 1998, Abdullah Ahmed Abdullah ("Abdullah") provided Odeh

with a false passport to facilitate his travel to Afghanistan for the purpose of meeting with Bin Laden and other al Qaeda operatives.

72.    During the last week of July and first week of 1998, Fadhil, Khalfan, Msalam and another operative known as "Ahmed the German" met at a residence in the Ilala District of Dar Es Salaam to make final preparations for the bombing of the United States Embassy in Tanzania.

73.    In July or August 1998, Khalfan, Msalam, Ghailani, Fadhil, and others loaded boxes of TNT, cylinder tanks, batteries, detonators, fertilizer and sand bags into the back of the 1987 Nissan Atlas Truck.

74.    At approximately 10:40 a.m. on August 7, 1998, "Ahmed the German" detonated an explosive device located within the 1987 Nissan Atlas in the vicinity of the United States Embassy in Dar Es Salaam, Tanzania. The explosion severely damaged the United States Embassy and resulted in the death of at least 11 persons and injured at least 85.

75.    Plaintiffs' injuries were caused by a willful and deliberate act of terror by Al Qaeda, acting under direct and indirect sponsorship and/or direction, and with the direct material support and resources of the Defendants.

76.    In the early hours, prior to the bombing, facsimiles were sent to London, England, claiming responsibility for the embassy bombings in the name of the "Islamic Army for the Liberation of the Holy Places, which claimed that the Dar Es Salaam bombing was carried out by an Egyptian national.

77.    Khalfan, Fadhil, Msalam, Ali, Ghailani, Swedan, and Ahmed the German were members of Al Qaeda and perpetrated the bombing of the United States Embassy in Dar Es Salaam, Tanzania at the direction of and/or on behalf of Al Qaeda.

Throughout August 7, 2008 and August 8, 2008, two Al Qaeda operatives Adel Abdel Bary

("Bary") and Ibrahim Eidarous ("Eidarous") participated in the dissemination of claims of responsibility for the bombings of the United States Embassies in Dar Es Salaam.

78.     The actions of the agents and co-conspirators of the Defendants, and those who were substantially aided and abetted by Defendants, as set forth above, inflicted mental distress upon the families of the Plaintiffs. The material support rendered to co-conspirators of the Defendants, and those who were substantially aided and abetted by Defendants, fits within the definition of material support as described by 18 U.S.C. § 2339 (A).

79.     The formation of Hezbollah and its emergence as a terrorist organization was the product of direct intervention by Iranian operatives, including the Iranian Revolutionary Guards, the Quds Force and the Iranian Ministry of Information. Al Qaeda was financed, technologically supported and/or commanded by Iranian military and intelligence operatives, including Hezbollah.

**COUNT I**
**ESTATE OF ADAMS TITUS WAMAI**
**WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 1605 and § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.**

80.     Plaintiff, Winfred Wairimu Wamai, Personal Representative of the Estate of Adams Titus Wamai, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

82.     On August 7, 1998, when the explosive device described above was detonated, Adams Titus Wamai, an employee of the United States government working at the United States Embassy in Nairobi, Kenya, suffered fatal injuries resulting in his death. The death of Adams Titus Wamai was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and deaths of Adams Titus Wamai. Those agents were

at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

83.     The beneficiaries of Adams Titus Wamai, namely his wife Winfred Wairimu, and his children Diana Williams, Angela Wamai, Lloyd Wamai, Titus Muriuki Wamai and his brother John Muriuki Girandi as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Adams Titus Wamai and the funeral and burial expenses.

WHEREFORE, Plaintiff, Winfred Wairimu Wamai, demands judgment on behalf of the Estate of Adams Titus Wamai, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT II
## ESTATE OF ADAMS TITUS WAMAI
## SURVIVAL CLAIM
## 12 D.C. Code  § 12-101 AND 28 U.S.C. § 1605A

84.     Plaintiff, Winfred Wairimu Wamai, Personal Representative of the Estate of Adams Titus Wamai, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

85.     Decedent, Adams Titus Wamai, from the time of injury to death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Winfred Wairimu Wamai, demands judgment on behalf of the Estate of Adams Titus Wamai, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT III
### WINFRED WAIRIMU WAMAI, DIANA WILLIAMS,TITUS MURIUKI WAMAI, ANGELA WAMAI, LLOYD WAMAI and JOHN MURIUKI GIRANDI SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

86.    Plaintiffs, Winfred Wairimu Wamai, Diana Williams ,Titus Muriuki Wamai, Angela Wamai, Lloyd Wamai and John Muriuki Girandi, repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

87.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, the Iranian Revolutionary Guards Corps, and the Quds Force, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Adams Titus Wamai to cause severe emotional distress upon his wife Winfred Wairimu Wamai and his children Diana Williams and Titus Muriuki Wamai.

88.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no

reasonable person could be expected to endure it.

89.     As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, Winfred Wairimu Wamai, Diana Williams, Titus Muriuki Wamai, Angela Wamai, Lloyd Wamai and John Muriuki Girandi demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security,  and the Iranian Revolutionary Guards Corps,  in the amount of  TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT IV
## ESTATE OF ADAMS TITUS WAMAI
## PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

90.     Plaintiff, Winfred Wairimu Wamai, Personal Representative of the Estate of Adams Titus Wamai, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

91.     The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Winfred Wairimu Wamai, demands judgment on behalf of the Estate of Adams Titus Wamai, jointly and severally, against Defendants the Republic of Sudan,

the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT V**
**ESTATE OF MOSES GEOFREY NANIAI**
**WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.**

</div>

92.     Plaintiff, Sarah Anyiso Tikolo, Personal Representative of the Estate of Moses Geofrey Naniai, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

93.     On August 7, 1998, when the explosive device described above was detonated, Moses Geofrey Naniai , an employee of the United States government working at the United States Embassy in Nairobi, Kenya, suffered fatal injuries resulting in his death. The death of Moses Geofrey Naniai was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Moses Geofrey Naniai. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security.

94.     The beneficiaries of Moses Geofrey Naniai, namely Sarah Anyiso Tikolo, his wife, and Negeel Andika, his son as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Moses Geofrey Naniai and the funeral and burial expenses.

WHEREFORE, Plaintiff, Sarah Anyiso Tikolo demands judgment on behalf of the Estate of Moses Geofrey Naniai, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

### COUNT VI
### ESTATE OF MOSES GEOFREY NANIAI
### SURVIVAL CLAIM
### 12 D.C. Code § 12-101 AND 28 U.S.C. § 1605A

95.     Plaintiff, Sarah Anyiso Tikolo, Personal Representative of the Estate of Moses Geofrey Naniai, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

96.     Decedent, Moses Geofrey Naniai from the time of injury to death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Sarah Anyiso Tikolo, demands judgment on behalf of the Estate of Moses Geofrey Naniai, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

### COUNT VII
### SARAH ANYISO TIKOLO and NEGEEL ANDIKA
### SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF
### EMOTIONAL DISTRESS

97.     Plaintiffs, Sarah Anyiso Tikolo and Negeel Andika repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

98.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Moses Geofrey Naniai to cause severe emotional distress upon his wife Sarah Anyiso Tikolo and his son Negeel Andika.

99.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

100.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, Sarah Anyiso Tikolo and Negeel Andika demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps,  in the amount of  TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT VIII
## ESTATE OF MOSES GEOFREY NANIAI
## PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

101.    Plaintiff, Sarah Anyiso Tikolo, Personal Representative of the Estate of Moses Geofrey Naniai, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

102.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Sarah Anyiso Tikolo, demands judgment on behalf of the Estate of Moses Geofrey Naniai, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT IX
### ESTATE OF FRANCIS WATORO MAINA
**WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 1605 and § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.**

103.    Plaintiff, Grace Njeri Kimata, Personal Representative of the Estate of Francis Watoro Maina, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

104.    On August 7, 1998, when the explosive device described above was detonated, Francis Watoro Maina, an employee of the United States government working at the United States Embassy in Nairobi, Kenya, suffered fatal injuries resulting in his death. The death of Francis Watoro Maina was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Francis Watoro Maina.

Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

105.    The beneficiaries of Francis Watoro Maina, namely Grace Njeri Kimata, his wife, Maina Victor and Wambui Rachel, his children, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Francis Watoro Maina and the funeral and burial expenses.

WHEREFORE, Plaintiffs, Grace Njeri Kimata, Maina Victor, and Wambui Rachel demands judgment on behalf of the Estate of Francis Watoro Maina, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

### COUNT X
### ESTATE OF FRANCIS WATORO MAINA
### SURVIVAL CLAIM
### 12 D.C. Code  § 12-101 AND 28 U.S.C. § 1605A

106.    Plaintiff, Grace Njeri Kimata, Personal Representative of the Estate of Francis Watoro Maina, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

107.    Decedent, Francis Watoro Maina, from the time of injury to his death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were

undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Grace Njeri Kimata , demands judgment on behalf of the Estate of Francis Watoro Maina, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

<div align="center">

**COUNT XI**
**GRACE NJERI KIMATA, MAINA VICTOR, and WAMBUI RACHEL**
**SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF**
**EMOTIONAL DISTRESS**

</div>

108.    Plaintiff, Grace Njeri Kimata, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

109.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff has suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Francis Watoro Maina to cause severe emotional distress upon his wife Grace Njeri Kimata, and children, Maina Victor and Wambui Rachel.

110.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

111.    As a direct and proximate result of the intentional infliction of emotional distress

and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiff, Grace Njeri Kimata demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security,  and the Iranian Revolutionary Guards Corps,  in the amount of  TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT XII
## ESTATE OF FRANCIS WATORO MAINA
## PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

112.    Plaintiff, Grace Njeri Kimata, Personal Representative of the Estate of Francis Watoro Maina repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

113.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Grace Njeri Kimata, demands judgment on behalf of the Estate ofFrancis Watoro Maina, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT XIII
## ESTATE OF LAWRENCE A. GITAU
## WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 1605 and § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.

114.    Plaintiff, Lucy Muthoni Gitau, Personal Representative of the Estate of Lawrence A. Gitau, re-alleges each and every allegation set forth above with equal effect as if alleged herein.

115.    On August 7, 1998, when the explosive device described above was detonated, Lawrence A. Gitau, an employee of the United States government working at the United States Embassy in Nairobi, Kenya, suffered fatal injuries resulting in his death. The death of Lawrence A. Gitau was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death Lawrence A. Gitau. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

116.    The beneficiaries of Lawrence A. Gitau, namely Lucy Muthoni Gitau, his wife, Gitau Catherine Waithira and Felister Wanjiru Gitau, his daughters, and Ernest Gichiri Gitau, his son, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Lawrence A. Gitau and the funeral and burial expenses.

WHEREFORE, Plaintiff, Lucy Muthoni Gitau, demands judgment on behalf of the Estate of Lawrence A. Gitau, jointly and severally, against Defendants the Republic of Sudan, the

Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

### COUNT XIV
### ESTATE OF LAWRENCE A. GITAU
### SURVIVAL CLAIM
### 12 D.C. Code § 12-101 AND 28 U.S.C. § 1605A

117.    Plaintiff, Lucy Muthoni Gitau, Personal Representative of the Estate of Lawrence A. Gitau, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

118.    Decedent, Lawrence A. Gitau, from the time of injury to death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Lucy Muthoni Gitau, demands judgment on behalf of the Estate of Lawrence A. Gitau, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

### COUNT XV
### LUCY MUTHONI GITAU, GITAU CATHERINE WAITHIRA, ERNEST GICHIRI
### GITAU, and FELISTER WANJIRU GITAU
### SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF
### EMOTIONAL DISTRESS

119.    Plaintiffs, Lucy Muthoni Gitau, Gitau Catherine Waithira, Ernest Gichiri Gitau, and Felister Wanjiru Gitau, repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

120.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Lawrence A. Gitau to cause severe emotional distress upon his wife Lucy Muthoni Gitau and his children Gitau Catherine Waithira, Ernest Gichiri Gitau, and Felister Wanjiru Gitau.

121.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

122.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, Lucy Muthoni Gitau, Gitau Catherine Waithira, Ernest Gichiri Gitau, and Felister Wanjiru Gitau demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps,  in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT XVI
### ESTATE OF LAWRENCE A. GITAU
### PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

123.    Plaintiff, Lucy Muthoni Gitau, Personal Representative of the Estate of Lawrence A. Gitau, repeats and re-alleges each and every allegation set forth above with equal effect as if

alleged herein.

124.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Lucy Muthoni Gitau, demands judgment on behalf of the Estate of Lawrence A. Gitau jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT XVII**
**ESTATE OF PETER KABAU MACHARIA**
**WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §**
**1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.**

125.    Plaintiff, Grace Njeri Gicho , Personal Representative of the Estate of Peter Kabau Macharia, re-alleges each and every allegation set forth above with equal effect as if alleged herein.

126.    On August 7, 1998, when the explosive device described above was detonated, Peter Kabau Macharia, an employee of the United States government working at the United States Embassy in Nairobi, Kenya, suffered fatal injuries resulting in his death. The death of Peter Kabau Macharia was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the

activities of Al Qaeda that resulted in the serious injuries and death Peter Kabau Macharia. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

127.    The beneficiaries of Peter Kabau Macharia namely his wife, Grace Njeri Gicho, children, Diana Njoki Macharia, and Nagugi Macharia, mother, Margaret Njoki Ngugi, and siblings, Stanely Njar Ngugi, Ann Ruguru, David Kariuki Ngugi, Paul Mwangi Ngugi and John Mungai Ngugi, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Peter Kabau Macharia and the funeral and burial expenses.

WHEREFORE, Plaintiff, Grace Njeri Gicho, demands judgment on behalf of the Estate of Peter Kabau Macharia, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT XVIII
## ESTATE OF PETER KABAU MACHARIA
## SURVIVAL CLAIM
## 12 D.C. Code  § 12-101 AND 28 U.S.C. § 1605A

128.    Plaintiff, Grace Njeri Gicho, Personal Representative of the Estate of Peter Kabau Macharia, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

129.    Decedent, Peter Kabau Macharia, from the time of injury to death thereafter

suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Grace Njeri Gicho, demands judgment on behalf of the Estate of Peter Kabau Macharia jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

### COUNT XIX
### GRACE NJERI GICHO, DIANA NJOKI MACHARIA, STANELY NJAR NGUGI, MARGARET NJOKI NGUGI, ANN RUGURU, NAGUGI MACHARIA, DAVID KARIUKI NGUGI, PAUL MWANGI NGUGI and JOHN MUNGAI NGUGI SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

130.    Plaintiffs, Grace Njeri Gicho, Diana Njoki Macharia, Stanely Njar Ngugi, Margaret Njoki Ngugi, Ann Ruguru, Nagugi Macharia, David Kariuki Ngugi, Paul Mwangi Ngugi, and John Mungai Ngugi repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

131.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Peter Kabau Macharia to cause severe emotional distress upon Plaintiffs, Grace Njeri Gicho, Diana Njoki Macharia, Stanely Njar Ngugi, Margaret Njoki Ngugi, Ann Ruguru, Nagugi Macharia, David Kariuki Ngugi, Paul Mwangi Ngugi, and John Mungai Ngugi.

132.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

133.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, Grace Njeri Gicho, Diana Njoki Macharia, Stanely Njar Ngugi, Margaret Njoki Ngugi, Ann Ruguru, Nagugi Macharia, David Kariuki Ngugi, Paul Mwangi Ngugi, and John Mungai Ngugi demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps,   in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT XX
### ESTATE OF PETER KABAU MACHARIA
### PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

134.    Plaintiff, Grace Njeri Gicho, Personal Representative of the Estate of Peter Kabau Macharia repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

135.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of

the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Grace Njeri Gicho, demands judgment on behalf of the Estate of Peter Kabau Macharia, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT XXI
## ESTATES OF JOSEPH KAMAU KIONGO and TERESIA WAIRIMU
## WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §
## 1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.

136.    Plaintiff, Lucy Kamau, Personal Representative of the Estates of Joseph Kamau Kiongo and Teresia Wairimu, re-alleges each and every allegation set forth above with equal effect as if alleged herein.

137.    On August 7, 1998, when the explosive device described above was detonated, Joseph Kamau Kiongo an employee of the United States government working at the United States Embassy in Nairobi, Kenya, suffered fatal injuries resulting in his deaths. Teresia Wairimu, daughter of Joseph Kamau Kiongo, was visiting her father at the Embassy at the time of the attacks.  Teresia Wairimu also suffered fatal injuries resulting in her death. The deaths of Joseph Kamau Kiongo and Teresia Wairimu were caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and deaths Joseph Kamau Kiongo and Teresia Wairimu. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of

the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

138.    The beneficiaries of Joseph Kamau Kiongo and Teresia Wairimu namely wives of Joseph Kamau Kiongo, Lucy Kamau, Jane Kamau, and Alice Muthoni Kamau and children and siblings of Joseph Kamau Kiongo and Terisia Wairimu, Newton Kamau, Pauline Kamau, Peter Kamau Mercy Kamau Wairimu, Ann Wambui Kamau, and Daniel Kiombho, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estates of Joseph Kamau Kiongo and Teresia Wairimu and the funeral and burial expenses.

WHEREFORE, Plaintiff, Lucy Kamau, demands judgment on behalf of the Estates of Joseph Kamau Kiongo and Teresia Wairimu, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

<div align="center">

**COUNT XXII**
**ESTATES OF JOSEPH KAMAU KIONGO and TERESIA WAIRIMU**
**SURVIVAL CLAIM**
**12 D.C. Code  § 12-101 AND 28 U.S.C. § 1605A**

</div>

139.    Plaintiff, Lucy Kamau, Personal Representative of the Estates of Joseph Kamau Kiongo and Teresia Wairimu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

140.    Decedents, Joseph Kamau Kiongo and Teresia Wairimu, from the time of injury to their deaths thereafter suffered extreme bodily pain and suffering as a result of the actions

described above which were undertaken by the agents of the Defendants, and the Decedents have suffered damages.

WHEREFORE, Plaintiff, Lucy Kamau, demands judgment on behalf of the Estate of Joseph Kamau Kiongo and Teresia Wairimu, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

<u>**COUNT XXIII**</u>
<u>**LUCY KAMAU, JANE KAMAU, ALICE MUTHONI KAMAU, NEWTON KAMAU, PAULINE KAMAU, PETER KAMAU, MERCY KAMAU WAIRIMU, ANN WAMBUI KAMAU and DANIEL KIOMBHO KAMA SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**</u>

141.    Plaintiffs, Lucy Kamau, Jane Kamau, Alice Muthoni Kamau, Newton Kamau, Pauline Kamau, Peter Kamau, Mercy Kamau Wairimu, Ann Wambui Kamau, and Daniel Kiomho Kamau, repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

142.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injuries and deaths upon Joseph Kamau Kiongo and Teresia Wairimu to cause severe emotional distress upon Plaintiffs, Lucy Kamau, Jane Kamau, Alice Muthoni Kamau, Newton Kamau,

Pauline Kamau, Peter Kamau, Mercy Kamau Wairimu, Ann Wambui Kamau, and Daniel Kiomho Kamau.

143.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

144.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, Lucy Kamau, Jane Kamau, Alice Muthoni Kamau, Newton Kamau, Pauline Kamau, Peter Kamau, Mercy Kamau Wairimu, Ann Wambui Kamau, and Daniel Kiomho Kamau demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security,  and the Iranian Revolutionary Guards Corps,  in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT XXIV
### ESTATES OF JOSEPH KAMAU KIONGO AND TERESIA WAIRIMU
### PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

145.    Plaintiff, Lucy Kamau, Personal Representative of the Estates of Joseph Kamau Kiongo and Teresia Wairimu repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

146.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions

of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estates of decedents are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Lucy Kamau, demands judgment on behalf of the Estates of Joseph Kamau Kiongo and Teresia Wairimu, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<u>**COUNT XXV**</u>
<u>**ESTATE OF MAYAKA LYDIA MUKIRI**</u>
<u>**WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.**</u>

147.    Plaintiff, Nyangoro Wilfred Mayaka, Personal Representative of the Estate of Mayaka Lydia Mukiri, re-alleges each and every allegation set forth above with equal effect as if alleged herein.

148.    On August 7, 1998, when the explosive device described above was detonated, Mayaka Lydia Mukiri, an employee of the United States government working at the United States Embassy in Nairobi, Kenya, suffered fatal injuries resulting in her death. The death of Mayaka Lydia Mukiri was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Mayaka Lydia Mukiri. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

149.    The beneficiaries of Mayaka Lydia Mukiri, namely Nyangoro Wilfred Mayaka, husband, and Doreen Mayaka, Dick Obworo, Diana Nyangara, and Deborah Kerubo, children of Mayaka Lydia Mukiri, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Mayaka Lydia Mukiri and the funeral and burial expenses.

WHEREFORE, Plaintiff, Nyangoro Wilfred Mayaka, demands judgment on behalf of the Estate of Mayaka Lydia Mukiri, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT XXVI
## ESTATE OF MAYAKA LYDIA MUKIRI SURVIVAL CLAIM
## 12 D.C. Code  § 12-101 AND 28 U.S.C. § 1605A

150.    Plaintiff, Nyangoro Wilfred Mayaka, Personal Representative of the Estate of Mayaka Lydia Mukiri, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

151.    Decedent, Mayaka Lydia Mukiri, from the time of injury to her death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent have suffered damages.

WHEREFORE, Plaintiff, Nyangoro Wilfred Mayaka, demands judgment on behalf of the Estate of Mayaka Lydia Mukiri, jointly and severally, against Defendants the Republic of Sudan,

the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian

Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount

of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.


**COUNT XXVII**
**NYANGORO WILFRED MAYAKA, DOREEN MAYAKA, DICK OBWORO, DIANA**
**NYANGARA, and DEBORAH KERUBO SOLATIUM CLAIM PURSUANT TO 28 U.S.C.**
**§ 1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

152.    Plaintiffs, Nyangoro Wilfred Mayaka, Doreen Mayaka, Dick Obworo, Diana

Nyangara, and Deborah Kerubo repeat and re-allege each and every allegation set forth above

with equal effect as if alleged herein.

153.    As a direct consequence of the actions of the Defendants, the Republic of Sudan,

the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian

Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiffs

have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their

agents and by their conduct intended through infliction of physical injury resulting in the serious

injury and death upon Mayaka Lydia Mukiri to cause severe emotional distress upon husband

Nyangoro Wilfred Mayaka, and children, Doreen Mayaka, Dick Obworo, Diana Nyangara, and

Deborah Kerubo.

154.    The conduct described above was so extreme and outrageous as to exceed all

possible bounds of decency and must be regarded as atrocious and utterly intolerable in a

civilized community and the emotional distress suffered by Plaintiffs was so severe that no

reasonable person could be expected to endure it.

155.    As a direct and proximate result of the intentional infliction of emotional distress

and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, Nyangoro Wilfred Mayaka, Doreen Mayaka, Dick Obworo, Diana Nyangara, and Deborah Kerubo demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT XXVIII
### ESTATE OF MAYAKA LYDIA MUKIRI
### PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

156.    Plaintiff, Nyangoro Wilfred Mayaka, Personal Representative of the Estate of Mayaka Lydia Mukiri repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

157.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Nyangoro Wilfred Mayaka, demands judgment on behalf of the Estate of Mayaka Lydia Mukiri, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount

of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT XXIX
### ESTATES OF JOSIAH OWUOR and EDWINA OWUOR
### WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.

158.    Plaintiff, Jacob Awala, Personal Representative of the Estates of Josiah Owuor and Edwina Owuor re-alleges each and every allegation set forth above with equal effect as if alleged herein.

159.    On August 7, 1998, when the explosive device described above was detonated, Josiah Owuor, an employee of the United States government working at the United States Embassy in Nairobi, Kenya, suffered fatal injuries resulting in his death. The death of Josiah Owuor was caused by a willful and deliberate act of extra judicial killing. Edwina Owuor, his wife died due to stress and depression, resulting from her husband, Josiah Owuor's death. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and deaths of Josiah Owuor and Edwina Owuor. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

160.    The beneficiaries of Josiah Owuor and Edwina Owuor, namely Jacob Awala, brother and brother-in-law, and Warren Awala, and Vincent Owour, children, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estates of Joseah

Owuor and Edwina Owuor and the funeral and burial expenses.

WHEREFORE, Plaintiff, Jacob Awala, demands judgment on behalf of the Estates of Josiah Owuor and Edwina Owuor jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT XXX
## ESTATES OF JOSIAH OWUOR and EDWINA OWUOR
### 12 D.C. Code  § 12-101 AND 28 U.S.C. § 1605A

161.    Plaintiff, Jacob Awala, Personal Representative of the Estates of Josiah Owuor and Edwina Owuor, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

162.    Decedents, Josiah Owuor and Edwina Owuor  from the time of injury to their deaths thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent have suffered damages.

WHEREFORE, Plaintiff, Jacob Awala, demands judgment on behalf of the Estates of Josiah Owuor and Edwina Owuor jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT XXXI
## JACOB AWALA, WARREN AWALA, and VINCENT OWOUR SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

163.    Plaintiffs, Jacob Awala, Warren Awala, and Vincent Owour repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

164.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and deaths upon Josiah Owour and Edwina Owuor to cause severe emotional distress upon husband brother and brother-in-law Jacob Awala, and children, Warren Awala, and Vincent Owour.

165.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

166.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, Jacob Awala, Warren Awala, and Vincent Owour demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security,  and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.


**COUNT XXXII**
**ESTATES OF JOSIAH OWUOR AND EDWINA OWUOR**
**PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A**

167.    Plaintiff, Jacob Awala, Personal Representative of the Estates of Josiah Owuor and Edwina Owuor repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

168.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estates of decedents are thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Jacob Awala, demands judgment on behalf of the Estates of Josiah Owuor and Edwina Owuor, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT XXXIII
### ESTATE OF LUCY GRACE ONONO
### 28 U.S.C. § 1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.

169.    Plaintiff, Mordechai Thomas Onono, Personal Representative of the Estate of Mordechai Thomas Onono re-alleges each and every allegation set forth above with equal effect as if alleged herein.

170.    On August 7, 1998, when the explosive device described above was detonated, Lucy Grace Onono, an employee of the United States government working at the United States

Embassy in Nairobi, Kenya, suffered fatal injuries resulting in her death. The death of Lucy Grace Onono was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Lucy Grace Onono. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

171.    The beneficiaries, namely husband Mordechai Thomas Onono, children, Laura Margaret Atieno, Andrew Thomas Obongo, Stephen Jonathan Omandi, Rispar Jessica Auma, and Lesley Hellen Achieng, parents, Rispar Dorothy Okello, and Stephen Jonathan Okello, and siblings, Elizabeth Okello, Pauline Okello, Ronald Okello, Hellen Okello, and Kennedy Okello as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Lucy Grace Onono and the funeral and burial expenses.

WHEREFORE, Plaintiffs, Mordechai Thomas Onono, Laura Margaret Atieno, Andrew Thomas Obongo, Stephen Jonathan Omandi, Rispar Jessica Auma, Lesley Hellen Achieng, Rispar Dorothy Okello, Stephen Jonathan Okello, Elizabeth Okello, Pauline Okello, Ronald Okello, Hellen Okello, and Kennedy Okello demand judgment on behalf of the Estate of Lucy Grace Onono jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of  TEN

MILLION DOLLARS ($10,000,000.00) plus costs.

<div align="center">

**COUNT XXXIV**
**ESTATE OF LUCY GRACE ONONO**
**12 D.C. Code § 12-101 AND 28 U.S.C. § 1605A**

</div>

172.    Plaintiff, Mordechai Thomas Onono, Personal Representative of the Estate of Lucy Grace Onono repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

173.    Decedent, Lucy Grace Onono, from the time of injury to her death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent have suffered damages.

WHEREFORE, Plaintiff, Mordechai Thomas Onono demands judgment on behalf of the Estate of Lucy Grace Onono jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

<div align="center">

**COUNT XXXV**
**MORDECHAI THOMAS ONONO, LAURA MARGARET ATIENO, ANDREW THOMAS OBONGO, STEPHEN JONATHAN OMANDI, RISPAR JESSICA AUMA, LESLEY HELLEN ACHIENG, RISPAR DOROTHY OKELLO, STEPHEN JONATHAN OKELLO, ELIZABETH OKELLO, PAULINE OKELLO, RONALD OKELLO, HELLEN OKELLO and KENNEDY OKELLO**
**SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

</div>

174.    Plaintiff, Mordechai Thomas Onono, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

175.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian

<div align="center">56</div>

Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff has suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Lucy Grace Onono to cause severe emotional distress upon husband Mordechai Thomas Onono.

176.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

177.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiff, Mordechai Thomas Onono demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security,  and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT XXXVI**
**ESTATE OF LUCY GRACE ONONO**
**PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A**

</div>

178.    Plaintiff, Mordechai Thomas Onono, Personal Representative of the Estate of Lucy Grace Onono repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

179.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that

govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Mordechai Thomas Onono, demands judgment on behalf of the Estate of Lucy Grace Onono, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT XXXVII
### ESTATE OF MAURICE OKATCH OGOLA
### 28 U.S.C. § 1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.

180.    Plaintiff, Priscilla Okatch, Personal Representative of the Estate of Maurice Okatch Ogola re-alleges each and every allegation set forth above with equal effect as if alleged herein.

181.    On August 7, 1998, when the explosive device described above was detonated, Maurice Okatch Ogola, an employee of the United States government working at the United States Embassy in Nairobi, Kenya, suffered fatal injuries resulting in her death. The death of Maurice Okatch Ogola was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Maurice Okatch Ogola. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

182.    The beneficiaries, namely wife Priscilla Okatch, and children, Dennis Okatch, Rosemary Anyango Okatch, Samson Okatch, and Jenipher Okatch as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Maurice Okatch Ogola and the funeral and burial expenses.

WHEREFORE, Plaintiff, Priscilla Okatch demands judgment on behalf of the Estate of Maurice Okatch Ogola jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT XXXVIII
## ESTATE OF MAURICE OKATCH OGOLA
## 12 D.C. Code  § 12-101 AND 28 U.S.C. § 1605A

183.    Plaintiff, Priscilla Okatch, Personal Representative of the Estate of Maurice Okatch Ogola repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

184.    Decedent, Maurice Okatch Ogola, from the time of injury to her death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent have suffered damages.

WHEREFORE, Plaintiff, Priscilla Okatch demands judgment on behalf of the Estate of Maurice Okatch Ogola jointly and severally, against Defendants the Republic of Sudan, the

Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

**COUNT XXXIX**
**PRISCILLA OKATCH, DENNIS OKATCH, ROSEMARY ANYANGO OKATCH,**
**SAMSON OKATCH, and JENIPHER OKATCH**
**SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF**
**EMOTIONAL DISTRESS**

185.    Plaintiffs, Priscilla Okatch, Dennis Okatch, Rosemary Anyango Okatch, Samson Okatch, and Jenipher Okatch repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

186.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Maurice Okatch Ogolato cause severe emotional distress upon wife Priscilla Okatch, and children, Dennis Okatch, Rosemary Anyango Okatch, Samson Okatch, and Jenipher Okatch.

187.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

188.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, Priscilla Okatch, Deniis Okatch, Rosemary Anyango Okatch, Samson okatch, and Jenipher Okatch demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security,  and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT XL**
**ESTATE OF MAURICE OKATCH OGOLA**
**PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A**

</div>

189.    Plaintiff, Priscilla Okatch, Personal Representative of the Estate of Maurice Okatch Ogola repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

190.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Priscilla Okatch, demands judgment on behalf of the Estate of Maurice Okatch Ogola, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT XLI**
**ESTATE OF VINCENT KAMAU NYOIKE**
**28 U.S.C. § 1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.**

191.    Plaintiff, Josinda Katumba Kamau, Personal Representative of the Estate of Vincent Kamau Nyoike re-alleges each and every allegation set forth above with equal effect as if alleged herein.

192.    On August 7, 1998, when the explosive device described above was detonated, Vincent Kamau Nyoike, an employee of the United States government working at the United States Embassy in Nairobi, Kenya, suffered fatal injuries resulting in her death. The death of Vincent Kamau Nyoike was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Vincent Kamau Nyoike. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

193.    The beneficiares namely wife Josinda Katumba Kamau, and children Caroline Wanjiru Kamau and Faith Wanza Kamau, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of  Vincent Kamau Nyoike and the funeral and burial expenses.

WHEREFORE, Plaintiff, Josinda Katumba Kamau demands judgment on behalf of the Estate of Vincent Kamau Nyoike jointly and severally, against Defendants the Republic of

Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

<div align="center">

**COUNT XLII**
**ESTATE OF VINCENT KAMAU NYOIKE**
**12 D.C. Code  § 12-101 AND 28 U.S.C. § 1605A**

</div>

194.    Plaintiff, Josinda Katumba Kamau, Personal Representative of the Estate of Vincent Kamau Nyoike repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

195.    Decedent, Vincent Kamau Nyoike, from the time of injury to his death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent have suffered damages.

WHEREFORE, Plaintiff, Josinda Katumba Kamau demands judgment on behalf of the Estate of Vincent Kamau Nyoike jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

<div align="center">

**COUNT XLIII**
**JOSINDA KATUMBA KAMAU, CAROLINE WANJIRU KAMAU and**
**FAITH WANZA KAMAU**
**SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF**
**EMOTIONAL DISTRESS**

</div>

196.    Plaintiffs, Josinda Katumba Kamau, Caroline Wanjiru Kamau, and Faith Wanza Kamau repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

197.    As a direct consequence of the actions of the Defendants, the Republic of Sudan,

the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian

Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiffs

have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their

agents and by their conduct intended through infliction of physical injury resulting in the serious

injury and death upon Vincent Kamau Nyoike caused severe emotional distress upon wife

Josinda Katumba Kamau, and children, Caroline Wanjiru Kamau and Faith Wanza Kamau.

198.    The conduct described above was so extreme and outrageous as to exceed all

possible bounds of decency and must be regarded as atrocious and utterly intolerable in a

civilized community and the emotional distress suffered by Plaintiffs was so severe that no

reasonable person could be expected to endure it.

199.    As a direct and proximate result of the intentional infliction of emotional distress

and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, Josinda Katumba Kamau, Caroline Wanjiru Kamau, and Faith

Wanza Kamau demand judgment jointly and severally against Defendants the Republic of Sudan,

the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian

Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the

amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT XLIV
## ESTATE OF VINCENT KAMAU NYOIKE
## PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

200.    Plaintiff, Josinda Katumba Kamau, Personal Representative of the Estate of

Vincent Kamau Nyoike repeats and re-alleges each and every allegation set forth above with

equal effect as if alleged herein.

201.    The actions of the Defendants, carried out by their agents as described above,

were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Josinda Katumba Kamau, demands judgment on behalf of the Estate of Vincent Kamau Nyoike, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT XLV
## ESTATE OF FREDERICK YAFES MALOBA
## 28 U.S.C. § 1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.

202.    Plaintiff, Elizabeth Vutage Maloba, Personal Representative of the Estate of Frederick Yafes Maloba re-alleges each and every allegation set forth above with equal effect as if alleged herein.

203.    On August 7, 1998, when the explosive device described above was detonated, Frederick Yafes Maloba, an employee of the United States government working at the United States Embassy in Nairobi, Kenya, suffered fatal injuries resulting in her death. The death of Frederick Yafes Maloba was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Frederick Yafes Maloba. Those agents were at all times acting within the scope of their agency and acted on the direction

of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

204.    The beneficiary namely wife Elizabeth Vutage Maloba, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Frederick Yafes Maloba and the funeral and burial expenses.

WHEREFORE, Plaintiff, Frederick Yafes Maloba demands judgment on behalf of the Estate of Frederick Yafes Maloba jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT XLVI
## ESTATE OF FREDERICK YAFES MALOBA
## 12 D.C. Code § 12-101 AND 28 U.S.C. § 1605A

205.    Plaintiff, Elizabeth Vutage Maloba, Personal Representative of the Estate of Frederick Yafes Maloba repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

206.    Decedent, Frederick Yafes Maloba, from the time of injury to his death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent have suffered damages.

WHEREFORE, Plaintiff, Elizabeth Vutage Maloba demands judgment on behalf of the Estate of Frederick Yafes Maloba jointly and severally, against Defendants the Republic of

Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

<div align="center">

**COUNT XLVII**
**ELIZABETH VUTAGE MALOBA, KENNETH MALOBA, MARGARET MALOBA, ADHIAMBO SHARON, OKILE MARLON, LEWIS MAFWAVO and MARLON OKILE SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

</div>

207.    Plaintiffs, Elizabeth Vutage Maloba, Kenneth Maloba, Margaret Maloba, Adhiambo Sharon, Okile Marlon, Lewis Mafwavo and Marlon Okile repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

208.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Frederick Yafes Maloba caused severe emotional distress upon wife, Elizabeth Vutage Maloba, and children, Kenneth Maloba, Margaret Maloba, Adhiambo Sharon, Okile Marlon, Lewis Mafwavo and Marlon Okile.

209.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

210.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, Elizabeth Vutage Maloba, Kenneth Maloba,  Margaret Maloba, Adhiambo Sharon, Okile Marlon, Lewis Mafwavo and Marlon Okile demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT XLVIII
### ESTATE OF FREDERICK YAFES MALOBA
### PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

211.    Plaintiff, Elizabeth Vutage Maloba, Personal Representative of the Estate of Frederick Yafes Maloba repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

212.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Elizabeth Vutage Maloba, demands judgment on behalf of the Estate of Frederick Yafes Maloba, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT XLIX**
**ESTATE OF KIMEU NZIOKA NGANGA**
**28 U.S.C. § 1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.**

213.    Plaintiff, Mary Mutheu Ndambuki, Personal Representative of the Estate of Kimeu NZioka Nganga re-alleges each and every allegation set forth above with equal effect as if alleged herein.

214.    On August 7, 1998, when the explosive device described above was detonated, , an employee of the United States government working at the United States Embassy in Nairobi, Kenya, suffered fatal injuries resulting in her death. The death of Kimeu NZioka Nganga was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Kimeu NZioka Nganga. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

215.    The beneficiary namely wife Mary Mutheu Ndambuki, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Kimeu NZioka Nganga and the funeral and burial expenses.

WHEREFORE, Plaintiff, Mary Mutheu Ndambuki demands judgment on behalf of the Estate of Kimeu NZioka Nganga jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the

Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

### COUNT L
### ESTATE OF KIMEU NZIOKA NGANGA
### 12 D.C. Code § 12-101 AND 28 U.S.C. § 1605A

216.    Plaintiff, Mary Mutheu Ndambuki, Personal Representative of the Estate of Kimeu NZioka Nganga repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

217.    Decedent, Kimeu NZioka Nganga, from the time of injury to his death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent have suffered damages.

WHEREFORE, Plaintiff, Mary Mutheu Ndambuki demands judgment on behalf of the Estate of Kimeu NZioka Nganga jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

### COUNT LI
### MARY MUTHEU NDAMBUKI
### SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

218.    Plaintiff, Mary Mutheu Ndambuki repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

219.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiffs

have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Kimeu NZioka Nganga caused severe emotional distress upon wife, Mary Mutheu Ndambuki.

220.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

221.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiff, Mary Mutheu Ndambuki demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT LII
### ESTATE OF KIMEU NZIOKA NGANGA
### PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

222.    Plaintiff, Mary Mutheu Ndambuki, Personal Representative of the Estate of Mary Mutheu Ndambuki repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

223.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a

result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Mary Mutheu Ndambuki, demands judgment on behalf of the Estate of Kimeu NZioka Nganga, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT LIII**
**ESTATE OF PUSSY RACHEL MUNGASIA**
**28 U.S.C. § 1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.**

</div>

224.    Plaintiff, Ole Pussy Samuel Kashoo,  Personal Representative of the Estate of Pussy Rachel Mungasia re-alleges each and every allegation set forth above with equal effect as if alleged herein.

225.    On August 7, 1998, when the explosive device described above was detonated, , an employee of the United States government working at the United States Embassy in Nairobi, Kenya, suffered fatal injuries resulting in her death. The death of Pussy Rachel Mungasia was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Pussy Rachel Mungasia. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of

Information and Security.

226.    The beneficiaries, namely husband, Ole Pussy Samuel Kashoo, and children, Andrew Pussy, Doreen Nasieku Pussy, and Elsy Pussy, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Pussy Rachel Mungasia and the funeral and burial expenses.

WHEREFORE, Plaintiff, Ole Pussy Samuel Kashoo demands judgment on behalf of the Estate of Pussy Rachel Mungasia jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

<div align="center">

**COUNT LIV**
**ESTATE OF PUSSY RACHEL MUNGASIA**
**12 D.C. Code  § 12-101 AND 28 U.S.C. § 1605A**

</div>

227.    Plaintiff, Ole Pussy Samuel Kashoo,Personal Representative of the Estate of Pussy Rachel Mungasia, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

228.    Decedent, Pussy Rachel Mungasia, from the time of injury to his death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent have suffered damages.

WHEREFORE, Plaintiff, Ole Pussy Samuel Kashoo, demands judgment on behalf of the Estate of Pussy Rachel Mungasia jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the

Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

<div align="center">

**COUNT LV**
**OLE PUSSY SAMUEL KASHOO, ANDREW PUSSY,**
**DOREEN NASIEKU PUSSY and ELSY PUSSY**
**SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF**
**EMOTIONAL DISTRESS**

</div>

229.    Plaintiffs, Ole Pussy Samuel Kashoo, Andrew Pussy, Doreen Nasieku Pussy, and Elsy Pussy, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

230.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Pussy Rachel Mungasia caused severe emotional distress upon husband, Ole Pussy Samuel Kashoo.

231.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

232.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiff, Ole Pussy Samuel Kashoo, Andrew Pussy, Doreen Nasieku Pussy, and Elsy Pussy demands judgment jointly and severally against Defendants the Republic

of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT LVI
## ESTATE OF PUSSY RACHEL MUNGASIA
## PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

233.     Plaintiff, Ole Pussy Samuel Kashoo, Personal Representative of the Estate of Pussy Rachel Mungasia repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

234.     The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Ole Pussy Samuel Kashoo, demands judgment on behalf of the Estate of Pussy Rachel Mungasia jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT LVII
## ESTATE OF FRANCIS OLEWE OCHILO
## WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §
## 1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.

235.    Plaintiff, Rosemary Anyango Olele, Personal Representative of the Estate of Francis Olewe Ochilo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

236.    On August 7, 1998, when the explosive device described above was detonated, Francis Olewe Ochilo , an employee of the United States government working at the United States Embassy in Nairobi, Kenya, suffered fatal injuries resulting in his death. The death of Francis Olewe Ochilo was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Francis Olewe Ochilo. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

237.    The beneficiaries of Francis Olewe Ochilo, namely, Rosemary Anyango Olele, his wife and Wendy Achieng and Juliet Awuor, his daughters, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Francis Olewe Ochilo and the funeral and burial expenses.

WHEREFORE, Plaintiff, Rosemary Anyango Olele, demands judgment on behalf of the Estate of Francis Olewe Ochilo, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the

amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

### COUNT LVIII
### ESTATE OF FRANCIS OLEWE OCHILO
### SURVIVAL CLAIM
### 12 D.C. Code § 12-101 AND 28 U.S.C. § 1605A

238.    Plaintiff, Rosemary Anyango Olele, Personal Representative of the Estate of,

Francis Olewe Ochilo repeats and re-alleges each and every allegation set forth above with equal

effect as if alleged herein.

239.    Decedent, Francis Olewe Ochilo, from the time of injury to his death thereafter

suffered extreme bodily pain and suffering as a result of the actions described above which were

undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Rosemary Anyango Olele, demands judgment on behalf of the

Estate of Francis Olewe Ochilo, jointly and severally, against Defendants the Republic of Sudan,

the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian

Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount

of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

### COUNT LIX
### ROSEMARY ANYANGO OLELE, WENDY ACHIENG and JULIET AWUOR
### SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF
### EMOTIONAL DISTRESS

240.    Plaintiffs, Rosemary Anyango Olele, Wendy Achieng, and Juliet Awuor repeat and

re-allege each and every allegation set forth above with equal effect as if alleged herein.

241.    As a direct consequence of the actions of the Defendants, the Republic of Sudan,

the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian

Ministry of Information and Security, the Iranian Revolutionary Guards Corps, and the Quds

Force, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants,

acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Francis Olewe Ochilo to cause severe emotional distress upon his wife Rosemary and his children Wendy Achieng and Juliet Awuor.

242.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

243.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, Rosemary Anyango Olele, Wendy Achieng, and Juliet Awuor demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT LX**
**ESTATE OF FRANCIS OLEWE OCHILO**
**PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A**

244.    Plaintiff, Rosemary Anyango Olele, Personal Representative of the Estate of Francis Olewe Ochilo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

245.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a

result by each Defendant. The Decedent was not engaged in war or in police duties. The actions

of those who carried out the attack described were within the scope of their agency on behalf of

the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent

is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Rosemary Anyango Olele, demands judgment on behalf of the

Estate of Francis Olewe Ochilo, jointly and severally, against Defendants the Republic of Sudan,

the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian

Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount

of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

enses.

### COUNT LXI
### ESTATE OF GEOFFREY MULU KALIO
### WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.

246.    Plaintiff, Jane Kathuka, Personal Representative of the Estate of Geoffrey Mulu

Kalio, repeats and re-alleges each and every allegation set forth above with equal effect as if

alleged herein.

247.    On August 7, 1998, when the explosive device described above was detonated,

Geoffrey Mulu Kalio, an employee of the United States government working at the United States

Embassy in Nairobi, Kenya, suffered fatal injuries resulting in his death. The death of Geoffrey

Mulu Kalio was caused by a willful and deliberate act of extra judicial killing. The Defendants,

through their agents, financed the attack and rendered material support to the activities of Al

Qaeda that resulted in the serious injuries and death of Geoffrey Mulu Kalio. Those agents were

at all times acting within the scope of their agency and acted on the direction of the Defendants,

the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic

Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

248.    The beneficiaries of Geoffrey Mulu Kalio, namely, wives Jane Kathuka, Bernice Mutheu Ndeti, children, Daen Nthambi Mulu, mother, Tabitha Nthambi Kalio, and siblings Aquilas Mutuku Kalio, Catherine Mbatha, and Lilian Mbelu Kalio, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Geoffrey Mulu Kalio and the funeral and burial expenses.

WHEREFORE, Plaintiff, Jane Kathuka demands judgment on behalf of the Estate of Geoffrey Mulu Kalio jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

### COUNT LXII
### ESTATE OF GEOFFREY MULU KALIO
### SURVIVAL CLAIM
### 12 D.C. Code  § 12-101 AND 28 U.S.C. § 1605A

249.    Plaintiff, Jane Kathuka, Personal Representative of the Estate of Geoffrey Mulu Kalio repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

250.    Decedent, Geoffrey Mulu Kalio , from the time of injury to his death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Jane Kathuka, demands judgment on behalf of the Estate of

Geoffrey Mulu Kalio, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

### COUNT LXIII
### JANE KATHUKA, BERNICE MUTHEU NDETI, DAEN NTHAMBI MULU, TABITHA NTHAMBI KALIO, AQUILAS MUTUKU KALIO, CATHERINE MBATHA and LILIAN MBELU KALIO
### SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

251.    Plaintiffs, Geoffrey Mulu Kalio, Jane Kathuka, Bernice Mutheu Ndeti, Daen Nthambi Mulu, Tabitha Nthambi Kalio, Aquilas Mutuku Kalio, Catherine Mbatha, Lilian Mbelu Kalio repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

252.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, the Iranian Revolutionary Guards Corps, and the Quds Force, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Geoffrey Mulu Kalio to cause severe emotional distress upon his wives, Jane Kathuka and Bernice Mutheu Ndeti, his daughter, Daen Nthambi Mulu, his mother Tabitha Nthambi Kalio, and his siblings, Aquilas Mutuku Kalio, Catherine Mbatha and Lilian Mbelu Kalio.

253.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a

civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

254.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, Geoffrey Mulu Kalio, Jane Kathuka, Bernice Mutheu Ndeti, Daen Nthambi Mulu, Tabitha Nthambi Kalio, Aquilas Mutuku Kalio, Catherine Mbatha, Lilian Mbelu Kalio, demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security,   and the Iranian Revolutionary Guards Corps,   in the amount of  TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT LXIV
## ESTATE OF GEOFFREY MULU KALIO
## PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

255.    Plaintiff, Jane Kathuka, Personal Representative of the Estate of Geoffrey Mulu Kalio, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

256.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Jane Kathuka, demands judgment on behalf of the Estate of Geoffrey Mulu Kalio, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<u>COUNT LXV</u>
<u>ESTATE OF JOEL GITUMBO KAMAU</u>
<u>WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 1605 and § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.</u>

257.    Plaintiff, Catherine Gitumbo, Personal Representative of the Estate of Joel Gitumbo Kamau, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

258.    On August 7, 1998, when the explosive device described above was detonated, Joel Gitumbo Kamau, an employee of the United States government working at the United States Embassy in Nairobi, Kenya, suffered fatal injuries resulting in his death. The death of Joel Gitumbo Kamau was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Joel Gitumbo Kamau. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

259.    The beneficiaries of Joel Gitumbo Kamau, namely wife Catherine Gitumbo, children David Kamau, Peter Kibue Kamau, and Philip Kariuki Gitumbo, and siblings Eunice Muthoui, and Elizabeth Wanjiku as a direct and proximate consequence of the actions of the

Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Joel Gitumbo Kamau and the funeral and burial expenses.

WHEREFORE, Plaintiff, Catherine Gitumbo demands judgment on behalf of the Estate of Joel Gitumbo Kamau jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT LXVI
### ESTATE OF JOEL GITUMBO KAMAU
### SURVIVAL CLAIM
### 12 D.C. Code  § 12-101 AND 28 U.S.C. § 1605A

260.    Plaintiff, Catherine Gitumbo, Personal Representative of the Estate of Joel Gitumbo Kamau repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

261.    Decedent, Joel Gitumbo Kamau, from the time of injury to his death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Catherine Gitumbo, demands judgment on behalf of the Estate of Joel Gitumbo Kamau, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT LXVII
### CATHERINE GITUMBO, EUNICE MUTHOUI, ELIZABETH WANJIKU, DAVID KAMAU, PETER KIBUE KAMAU and PHILIP KARIUKI GITUMBO

**SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

262.    Plaintiffs, Catherine Gitumbo, Eunice Muthoui, Elizabeth Wanjiku, David Kamau, Peter Kibue Kamau, and Philip Kariuki Gitumbo repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

263.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, the Iranian Revolutionary Guards Corps, and the Quds Force, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Joel Gitumbo Kamau to cause severe emotional distress upon Plaintiffs, Catherine Gitumbo, Eunice Muthoui, Elizabeth Wanjiku, David Kamau, Peter Kibue Kamau, and Philip Kariuki Gitumbo.

264.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

265.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, Catherine Gitumbo, Eunice Muthoui, Elizabeth Wanjiku, David Kamau, Peter Kibue Kamau, and Philip Kariuki Gitumbo, demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security,  and

the Iranian Revolutionary Guards Corps,  in the amount of  TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT LXVIII
### ESTATE OF JOEL GITUMBO KAMAU
### PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

266.    Plaintiff, Catherine Gitumbo, Personal Representative of the Estate of Joel Gitumbo Kamau, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

267.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Catherine Gitumbo, demands judgment on behalf of the Estate of Joel Gitumbo Kamau, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT LXIX
### ESTATE OF DOMINIC MUSYOKA
### WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.

268.    Plaintiff, Kamali Musyoka, Personal Representative of the Estate of Dominic Musyoka, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

269.    On August 7, 1998, when the explosive device described above was detonated, Dominic Musyoka, an employee of the United States government working at the United States Embassy in Nairobi, Kenya, suffered fatal injuries resulting in his death. The death of Dominic Musyoka was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Dominic Musyoka. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

270.    The beneficiaries of Dominic Musyoka, namely wives Kamali Musyoka and Beatrice Martha Kithuva, children, Benson Malusi Musyoka, Wason Musyoka, and Caroline Kasungo Whali, and Titus Kyaw Musyoka, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Dominic Musyoka and the funeral and burial expenses.

WHEREFORE, Plaintiff, Kamali Musyoka, demands judgment on behalf of the Estate of Dominic Musyoka jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian

Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT LXX
## ESTATE OF DOMINIC MUSYOKA
## SURVIVAL CLAIM
## 12 D.C. Code § 12-101 AND 28 U.S.C. § 1605A

271.    Plaintiff, Kamali Musyoka, Personal Representative of the Estate of Dominic Musyoka repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

272.    Decedent, Dominic Musyoka from the time of injury to his death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Kamali Musyoka, demands judgment on behalf of the Estate of Dominic Musyoka, jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT LXXI
## KAMALI MUSYOKA, BEATRICE MARTHA KITHUVA,
## BENSON MALUSI MUSYOKA, WASON MUSYOKA,
## CARLOINE KASUNGO WHALI and TITUS KYAW MUSYOKA
## SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS

273.    Plaintiffs, Kamali Musyoka, Beatrice Martha Kithuva, Benson Malusi Musyoka, Wason Musyoka, Caroline Kasungo Whali, and Titus Kyaw Musyoka  repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

274.    As a direct consequence of the actions of the Defendants, the Republic of Sudan,

the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, the Iranian Revolutionary Guards Corps, and the Quds Force, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Dominic Musyoka to cause severe emotional distress upon Plaintiffs, Kamali Musyoka, Beatrice Martha Kithuva, Benson Malusi Musyoka, Wason Musyoka, Caroline Kasungo Whali, and Titus Kyaw Musyoka.

275.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

276.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, Kamali Musyoka, Beatrice Martha Kithuva, Benson Malusi Musyoka, Wason Musyoka, Caroline Kasungo Whali, and Titus Kyaw Musyoka, demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security,  and the Iranian Revolutionary Guards Corps,  in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT LXXII
## ESTATE OF DOMINIC MUSYOKA
## PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

277.    Plaintiff, Kamali Musyoka, Personal Representative of the Estate of Dominic

Musyoka, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

278.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Kamali Musyoka demands judgment on behalf of the Estate of Dominic Musyoka jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT LXXIII**
**ESTATE OF KLYELIFF C. BONYO**
**WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §**
**1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.**

</div>

279.    Plaintiff, Velma Bonyo, Personal Representative of the Estate of Klyeliff C. Bonyo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

280.    On August 7, 1998, when the explosive device described above was detonated, Klyeliff C. Bonyo, an employee of the United States government working at the United States Embassy in Nairobi, Kenya, suffered fatal injuries resulting in his death. The death of Klyeliff C. Bonyo was caused by a willful and deliberate act of extra judicial killing. The Defendants,

through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Klyeliff C. Bonyo. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

281.    The beneficiaries of Klyeliff C. Bonyo, namely wife Velma Bonyo, and children, Dorine Bonyo, Elijah Bonyo, Anjela Bonyo, and Winnie Bonyo, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Klyeliff C. Bonyo and the funeral and burial expenses.

WHEREFORE, Plaintiff, Velma Bonyo, demands judgment on behalf of the Estate of Klyeliff C. Bonyo jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT LXXIV
## ESTATE OF KLYELIFF C. BONYO
## SURVIVAL CLAIM
## 12 D.C. Code  § 12-101 AND 28 U.S.C. § 1605A

282.    Plaintiff, Velma Bonyo, Personal Representative of the Estate of Klyeliff C. Bonyo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

283.    Decedent, Klyeliff C. Bonyo from the time of injury to his death thereafter

suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Velma Bonyo demands judgment on behalf of the Estate of Klyeliff C. Bonyo jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

### COUNT LXXV
### VELMA BONYO, DORINE BONYO, ELIJAH BONYO,
### ANJELA BONYO and WINNIE BONYO
### SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF
### EMOTIONAL DISTRESS

284.    Plaintiffs, Velma Bonyo, Dorine Bonyo, Elijah Bonyo, Anjela Bonyo, and Winnie Bonyo repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

285.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, the Iranian Revolutionary Guards Corps, and the Quds Force, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Klyeliff C. Bonyo to cause severe emotional distress upon Plaintiffs, Velma Bonyo, Dorine Bonyo, Elijah Bonyo, Anjela Bonyo, and Winnie Bonyo.

286.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a

civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

287.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, elma Bonyo, Dorine Bonyo, Elijah Bonyo, Anjela Bonyo, and Winnie Bonyo demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security,   and the Iranian Revolutionary Guards Corps,   in the amount of  TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT LXXVI
### ESTATE OF KLYELIFF C. BONYO
### PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

288.    Plaintiff, Velma Bonyo, Personal Representative of the Estate of Klyeliff C. Bonyo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

289.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Velma Bonyo demands judgment on behalf of the Estate of

Klyeliff C. Bonyo jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<u>COUNT LXXVII</u>
<u>ESTATE OF ERIC ONYANGO</u>
<u>WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §
1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701. </u>

290.    Plaintiff, Joyce Abur, Personal Representative of the Estate of Eric Onyango, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

291.    On August 7, 1998, when the explosive device described above was detonated, Eric Onyango, an employee of the United States government working at the United States Embassy in Nairobi, Kenya, suffered fatal injuries resulting in his death. The death of Eric Onyango was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Eric Onyango. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

292.    The beneficiaries of Eric Onyango namely wife, Joyce Abur, children, Tilda A. Abur, Kelesendhia Apondi, and Barnabas Onyango, and brother, Paul Jaboda Onyango as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including

assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Eric Onyango and the funeral and burial expenses.

WHEREFORE, Plaintiff, Joyce Abur, demands judgment on behalf of the Estate of Eric Onyango jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT LXXVIII
## ESTATE OF ERIC ONYANGO
## SURVIVAL CLAIM
## 12 D.C. Code § 12-101 AND 28 U.S.C. § 1605A

293.    Plaintiff, Joyce Abur, Personal Representative of the Estate of Eric Onyango, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

294.    Decedent, Eric Onyango from the time of injury to his death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Joyce Abur demands judgment on behalf of the Estate of Eric Onyango jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT LXXIX
## JOYCE ABUR, TILDA A. ABUR, KELESENDHIA APONDI,
## BARNABAS ONYANGO and PAUL JABODA ONYANGO
## SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF

## <u>EMOTIONAL DISTRESS</u>

295.    Plaintiffs, Joyce Abur, Tilda A. Abur, kelesendhia Apondi, Barnabas Onyango, and Paul Jaboda Onyango repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

296.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, the Iranian Revolutionary Guards Corps, and the Quds Force, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Eric Onyango to cause severe emotional distress upon Plaintiffs, Velma Bonyo, Dorine Bonyo, Elijah Bonyo, Anjela Bonyo, and Winnie Bonyo.

297.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

298.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, Joyce Abur, Tilda A. Abur, Kelesendhia Apondi, Barnabas Onyango, and Paul Jaboda Onyango demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security,  and the Iranian Revolutionary Guards Corps,  in the amount of  TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT LXXX**
**ESTATE OF ERIC ONYANGO**
**PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A**

299.    Plaintiff, Joyce Abur, Personal Representative of the Estate of Eric Onyango, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein

300.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Joyce Abur demands judgment on behalf of the Estate of Eric Onyango jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT LXXXI**
**ESTATE OF TONY KIHATO IRUNGU**
**WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.**

301.    Plaintiff, Faith Kihafio, Personal Representative of the Estate of Tony Kihato Irungu, repeats and re-alleges each and every allegation set forth above with equal effect as if

alleged herein.

302.    On August 7, 1998, when the explosive device described above was detonated, Tony Kihato Irungu, an employee of the United States government working at the United States Embassy in Nairobi, Kenya, suffered fatal injuries resulting in his death. The death of Tony Kihato Irungu was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Tony Kihato Irungu. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

303.    The beneficiaries of Tony Kihato Irungu namely wife, Faith Kihafio, children Jacquline Wangeci and Steve Mbuku, and mother Annah Wangeci Irungeu, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Tony Kihato Irungu and the funeral and burial expenses.

WHEREFORE, Plaintiff, Faith Kihafio demands judgment on behalf of the Estate of Tony Kihato Irungu jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT LXXXII
## ESTATE OF TONY KIHATO IRUNGA

**SURVIVAL CLAIM**
**12 D.C. Code  § 12-101 AND 28 U.S.C. § 1605A**

304.    Plaintiff, Faith Kihafio, Personal Representative of the Estate of Tony Kihato Irungu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

305.    Decedent, Tony Kihato Irungu, from the time of injury to his death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Faith Kihafio, demands judgment on behalf of the Estate of Tony Kihato Irungu jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

**COUNT LXXXIII**
**FAITH KIHAFIO, JACQUILINE WANGECI,**
**STEVE MBUKU and ANNAH WANGECI IRUNGEU**
**SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF**
**EMOTIONAL DISTRESS**

306.    Plaintiffs, Faith Kihafio, Jacquiline Wangeci, Steve Mbuku, and Annah Wangeci repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

307.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, the Iranian Revolutionary Guards Corps, and the Quds Force, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants,

acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Tony Kihato Irungu to cause severe emotional distress upon Plaintiffs, Faith Kihafio, Jacquiline Wangeci, Steve Mbuku, and Annah Wangeci.

308.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

309.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, Faith Kihafio, Jacquiline Wangeci, Steve Mbuku, and Annah Wangeci demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security,  and the Iranian Revolutionary Guards Corps,  in the amount of  TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.


### COUNT LXXXIV
### ESTATE OF TONY KIHATO IRUNGU
### PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

310.    Plaintiff, Faith Kihafio, Personal Representative of the Estate of Tony Kihato Irungu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

311.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a

result by each Defendant. The Decedent was not engaged in war or in police duties. The actions

of those who carried out the attack described were within the scope of their agency on behalf of

the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent

is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Faith Kihafio demands judgment on behalf of the Estate of

Tony Kihato Irungu jointly and severally, against Defendants the Republic of Sudan, the Ministry

of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian

Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount

of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT LXXXV
## ESTATE OF HINDU OMAR IDDI
## WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 1605 and § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.

312.    Plaintiff, Ali Hussein Ali, Personal Representative of the Estate of Hindu Omar

Iddi repeats and re-alleges each and every allegation set forth above with equal effect as if

alleged herein.

313.    On August 7, 1998, when the explosive device described above was detonated,

Hindu Omar Iddi , an employee of the United States government working at the United States

Embassy in Nairobi, Kenya, suffered fatal injuries resulting in her death. The death of Hindu

Omar Iddi was caused by a willful and deliberate act of extra judicial killing. The Defendants,

through their agents, financed the attack and rendered material support to the activities of Al

Qaeda that resulted in the serious injuries and death of Hindu Omar Iddi. Those agents were at

all times acting within the scope of their agency and acted on the direction of the Defendants, the

Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic

Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of

Information and Security.

314.    The beneficiaries of Hindu Omar Iddi namely husband, Ali Hussein Ali, parents, Fathma Iddi, and Omar Iddi, and siblings, Hamida Iddi, Rashihid Iddi, and Mahmoud Iddi, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Hindu Omar Iddi  and the funeral and burial expenses.

WHEREFORE, Plaintiff, Ali Hussein Ali demands judgment on behalf of the Estate of Hindu Omar Iddi jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

**COUNT LXXXVI**
**ESTATE OF HINDU OMAR IDDI**
**SURVIVAL CLAIM**
**12 D.C. Code  § 12-101 AND 28 U.S.C. § 1605A**

315.    Plaintiff, Ali Hussein Ali, Personal Representative of the Estate of Hindu Omar Iddi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

316.    Decedent, Hindu Omar Iddi, from the time of injury to her death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Ali Hussein Ali, demands judgment on behalf of the Estate of Hindu Omar Iddi jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian

Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

<u>**COUNT LXXXVII**</u>
**ALI HUSSEIN ALI, FATHMA IDDI, OMAR IDDI,**
**HAMIDA IDDI, RASHIHID IDDI and MAHMOUD IDDI**
<u>**SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH**</u>
<u>**THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF**</u>
<u>**EMOTIONAL DISTRESS**</u>

317.    Plaintiffs, Ali Hussein Ali, Fathma Iddi, Omar Iddi, Hamida Iddi, Rashid Iddi and Mahmoud Iddi repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

318.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, the Iranian Revolutionary Guards Corps, and the Quds Force, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Hindu Omar Iddi to cause severe emotional distress upon Plaintiffs, Ali Hussein Ali, Fathma Iddi, Omar Iddi, Hamida Iddi, Rashid Iddi and Mahmoud Iddi.

319.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

320.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, Ali Hussein Ali, Fathma Iddi, Omar Iddi, Hamida Iddi, Rashid

Iddi and Mahmoud Iddi demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security,  and the Iranian Revolutionary Guards Corps, in the amount of  TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT LXXXVIII
## ESTATE OF HINDU OMAR IDDI
## PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

321.    Plaintiff, Ali Hussein Ali, Personal Representative of the Estate of Hiidu Omar Iddi repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

322.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Ali Hussein Ali demands judgment on behalf of the Estate of Hindu Omar Iddi jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT LXXXIX

**ESTATE OF ABDULRAHMAN M. ABDALLA**
**WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §**
**1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.**

323.    Plaintiff, Susan Hirsh, Personal Representative of the Estate of Abdulrahman M. Abdalla repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

324.    On August 7, 1998, when the explosive device described above was detonated, Abdulrahman M. Abdalla, an employee of the United States government working at the United States Embassy in Dar es Salaam, Tanzania, suffered fatal injuries resulting in his death. The death of Abdulrahman M. Abdalla was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Abdulrahman M. Abdalla. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

325.    The beneficiary of Abdulrahman M. Abdalla, namely wife, Susan Hirsch, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Abdulrahman M. Abdalla  and the funeral and burial expenses.

WHEREFORE, Plaintiff, Susan Hirsch demands judgment on behalf of the Estate of Abdulrahman M. Abdalla jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian

Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

### COUNT XC
### ESTATE OF ABDULRAHMAN M. ABDALLA
### SURVIVAL CLAIM
### 12 D.C. Code § 12-101 AND 28 U.S.C. § 1605A

326.    Plaintiff, Susan Hirsch, Personal Representative of the Estate of Abdulrahman M. Abdalla, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

327.    Decedent, Abdulrahman M. Abdalla, from the time of injury to his death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Susan Hirsch demands judgment on behalf of the Estate of Abdulrahman M. Abdalla jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

### COUNT XCI
### SUSAN HIRSCH
### SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

328.    Plaintiff, Susan Hirsch, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

329.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian

Ministry of Information and Security, the Iranian Revolutionary Guards Corps, and the Quds Force, Plaintiff has suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Tony Kihato Irungu to cause severe emotional distress upon Plaintiff, Susan Hirsch.

330.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure it.

331.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, Susan Hirsch demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security,  and the Iranian Revolutionary Guards Corps,   in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT XCII
## ESTATE OF ABDULRAHMAN M. ABDALLA
## PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

332.    Plaintiff, Susan Hirsch, Personal Representative of the Estate of Abdulrahman M. Abdall, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

333.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that

govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Susan Hirsch demands judgment on behalf of the Estate of Abdulrahman M. Abdalla jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT XCIII**
**ESTATE OF SAIDI ROGATH**
**WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 1605 and § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.**

</div>

334.    Plaintiff, Selina Saidi, Personal Representative of the Estate of Saidi Rogath, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

335.    On August 7, 1998, when the explosive device described above was detonated, Saidi Rogath, an employee of the United States government working at the United States Embassy in Dar es Salaam, Tanzania, suffered fatal injuries resulting in his death. The death of Saidi Rogath was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Saidi Rogath. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the

Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

336.    The beneficiary of Saidi Rogath, namely his daughter, Selina Daidi, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of  Saidi Rogath and the funeral and burial expenses.

WHEREFORE, Plaintiff, Selina Saidi demands judgment on behalf of the Estate of Saidi Rogath jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT XCIV
## ESTATE OF SAIDI ROGATH
## SURVIVAL CLAIM
## 12 D.C. Code  § 12-101 AND 28 U.S.C. § 1605A

337.    Plaintiff, Selina Saidi, Personal Representative of the Estate of Saidi Rogath, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

338.    Decedent, Saidi Rogath, from the time of injury to his death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Selina Saidi demands judgment on behalf of the Estate of Saidi Rogath jointly and severally, against Defendants the Republic of Sudan, the Ministry of the

Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

<div align="center">

**COUNT XCV**
**SELINA SAIDI**
**SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

</div>

339.    Plaintiff, Selina Saidi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

340.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, the Iranian Revolutionary Guards Corps, and the Quds Force, Plaintiff has suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Saidi Rogath to cause severe emotional distress upon Plaintiff, Susan Hirsch.

341.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure it.

342.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, Selina Saidi demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the

Islamic Republic of Iran, the Iranian Ministry of Information and Security,  and the Iranian Revolutionary Guards Corps,   in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT XCVI
## ESTATE OF SAIDI ROGATH
## PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

343.    Plaintiff, Susan Hirsch, Personal Representative of the Estate of Saidi Rogath, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

334.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Selina Saidi demands judgment on behalf of the Estate of Saidi Rogath jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT XCVII
## ESTATE OF YUSUF NDANGE
## WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.

335.    Plaintiff, Hanuni Ndange, Personal Representative of the Estate of Yusuf Ndange, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

336.    On August 7, 1998, when the explosive device described above was detonated, Yusuf Ndange, an employee of the United States government working at the United States Embassy in Dar es Salaam, Tanzania, suffered fatal injuries resulting in his death. The death of Yusuf Ndange was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Yusuf Ndange. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

337.    The beneficiary of Yusuf Ndange namely wife, Hanuni Ndange, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Yusuf Ndange and the funeral and burial expenses.

WHEREFORE, Plaintiff, Hanuni Ndange demands judgment on behalf of the Estate of Yusuf Ndange jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

**COUNT XCVIII**
**ESTATE OF YUSUF NDANGE**
**SURVIVAL CLAIM**
**12 D.C. Code § 12-101 AND 28 U.S.C. § 1605A**

338.    Plaintiff, Hanuni Ndange, Personal Representative of the Estate of Yusuf Ndange, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

339.    Decedent, Yusuf Ndange, from the time of injury to his death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Hanuni Ndange, demands judgment on behalf of the Estate of Yusuf Ndange jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

**COUNT XCIX**
**HANUNI NDANGE**
**SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

340.    Plaintiff, Hanuni Ndange, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

341.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, the Iranian Revolutionary Guards Corps, and the Quds Force, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury

resulting in the serious injury and death upon Yusuf Ndange to cause severe emotional distress upon Plaintiff, Hanuni Ndange.

342.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

343.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiff, Hanuni Ndange, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.


### COUNT C
### ESTATE OF YUSUF NDANGE
### PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A


344.    Plaintiff, Hanuni Ndange, Personal Representative of the Estate of Yusuf Ndange, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

345.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions

of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Hanuni Ndange demands judgment on behalf of the Estate of Yusuf Ndange jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.


### COUNT CI
### ESTATE OF ABBAS MWILA
### WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.

346.    Plaintiff, Judith Mbelwa, Personal Representative of the Estate of Abbas Mwila, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

347.    On August 7, 1998, when the explosive device described above was detonated, Abbas Mwila, an employee of the United States government working at the United States Embassy in Dar es Salaam, Tanzania, suffered fatal injuries resulting in his death. The death of Abbas Mwila was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Abbas Mwila. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of

Information and Security.

348.    The beneficiary of Abbas Mwila namely wife, Judith Mbelwa, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Abbas Mwila  and the funeral and burial expenses.

WHEREFORE, Plaintiff, Judith Mbelwa demands judgment on behalf of the Estate of Abbas Mwila jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

<u>**COUNT CII**</u>
<u>**ESTATE OF ABBAS MWILA**</u>
<u>**SURVIVAL CLAIM**</u>
<u>**12 D.C. Code  § 12-101 AND 28 U.S.C. § 1605A**</u>

349.    Plaintiff, Judith Mbelwa, Personal Representative of the Estate of Abbas Mwila, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

350.    Decedent, Abbas Mwila, from the time of injury to his death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Judith Mbelwa, demands judgment on behalf of the Estate of Abbas Mwila jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TEN

MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT CIII
## JUDITH MBELWA
## SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

351.    Plaintiff, Judith Mbelwa, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

352.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, the Iranian Revolutionary Guards Corps, and the Quds Force, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Abbas Mwila to cause severe emotional distress upon Plaintiff, Judith Mbelwa.

353.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

354.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiff, Judith Mbelwa demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security,  and the Iranian Revolutionary Guards Corps,   in the amount of    TWENTY MILLION DOLLARS

($20,000,000.00) plus costs.

## COUNT CIV
## ESTATE OF ABBAS MWILA
## PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

355.    Plaintiff, Judith Mbelwa, Personal Representative of the Estate of Abbas Mwila, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

356.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Judith Mbelwa demands judgment on behalf of the Estate of Abbas Mwila jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT CV
## ESTATE OF ABDALLAH M. MNYOLYA
## WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.

357.    Plaintiff, Mohamed Y. Mnyolya, Personal Representative of the Estate of Abdallah

M. Mnyolya, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

358.    On August 7, 1998, when the explosive device described above was detonated, Abdallah M. Mnyolya, an employee of the United States government working at the United States Embassy in Dar es Salaam, Tanzania, suffered fatal injuries resulting in his death. The death of Abdallah M. Mnyolya was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Abdallah M. Mnyolya. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

359.    The beneficiaries of Abdallah M. Mnyolya namely father, Mohamed Y. Mnyolya, and mother, Nuru H. Sultani, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Abdallah M. Mnyolya and the funeral and burial expenses.

WHEREFORE, Plaintiff, Mohamed Y. Mnyolya demands judgment on behalf of the Estate of Abdallah M. Mnyolya jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT CVI
## ESTATE OF ABDALLAH M. MNYOLYA

**SURVIVAL CLAIM**
**12 D.C. Code  § 12-101 AND 28 U.S.C. § 1605A**

360.     Plaintiff, Mohamed Y. Mnyolya, Personal Representative of the Estate of Abdallah M. Mnyolya, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

361.     Decedent, Abdallah M. Mnyolya, from the time of injury to his death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Mohamed Y. Mnyolya, demands judgment on behalf of the Estate of Abdallah M. Mnyolya jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

**COUNT CVII**
**MOHAMED Y. MNYOLYA and NURU H. SULTANI**
**SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

362.     Plaintiffs, Mohamed Y. Mnyolya and Nuru H. Sultani, repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

363.     As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, the Iranian Revolutionary Guards Corps, and the Quds Force, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Abdallah M. Mnyolya to cause severe emotional

distress upon Plaintiffs, Mohamed Y. Mnyolya and Nuru H. Sultani.

364.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

365.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, Mohamed Y. Mnyolya and Nuru H. Sultani demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security,  and the Iranian Revolutionary Guards Corps,  in the amount of  TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CVIII
## ESTATE OF ABDALLAH M. MNYOLYA
## PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

366.    Plaintiff, Mohamed Y. Mnyolya, Personal Representative of the Estate of Abdallah M. Mnyolya, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

367.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of

the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent

is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Mohamed Y. Mnyolya demands judgment on behalf of the

Estate of Abdallah M. Mnyolya jointly and severally, against Defendants the Republic of Sudan,

the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian

Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount

of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT CIX**
**ESTATE OF BAKARI NYUMBU**
**WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §**
**1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.**

</div>

368.    Plaintiff, Aisha Kambenga, Personal Representative of the Estate of Bakari

Nyumbu, repeats and re-alleges each and every allegation set forth above with equal effect as if

alleged herein.

369.    On August 7, 1998, when the explosive device described above was detonated,

Bakari Nyumbu, an employee of the United States government working at the United States

Embassy in Dar es Salaam, Tanzania, suffered fatal injuries resulting in his death. The death of

Bakari Nyumbu was caused by a willful and deliberate act of extra judicial killing. The

Defendants, through their agents, financed the attack and rendered material support to the

activities of Al Qaeda that resulted in the serious injuries and death of Bakari Nyumbu. Those

agents were at all times acting within the scope of their agency and acted on the direction of the

Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the

Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of

Information and Security.

370.    The beneficiary of Bakari Nyumbu namely wife, Aisha Kambenga, as a direct and

proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Bakari Nyumbu and the funeral and burial expenses.

WHEREFORE, Plaintiff, Aisha Kambenga demands judgment on behalf of the Estate of Bakari Nyumbu jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT CX
## ESTATE OF BAKARI NYUMBU
## SURVIVAL CLAIM
## 12 D.C. Code § 12-101 AND 28 U.S.C. § 1605A

371.    Plaintiff, Aisha Kambenga, Personal Representative of the Estate of Bakari Nyumbu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

372.    Decedent, Bakari Nyumbu, from the time of injury to his death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Aisha Kambenga, demands judgment on behalf of the Estate of Bakari Nyumbu jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT CXI

**AISHA KAMBENGA**
**SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF**
**EMOTIONAL DISTRESS**

373.    Plaintiff, Aisha Kambenga, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

374.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, the Iranian Revolutionary Guards Corps, and the Quds Force, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Bakari Nyumbu to cause severe emotional distress upon Plaintiff, Aisha Kambenga.

375.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

376.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiff, Aisha Kambenga, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security,  and the Iranian Revolutionary Guards Corps,  in the amount of  TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CXII**
**ESTATE OF BAKARI NYUMBU**
**PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A**

377.    Plaintiff, Aisha Kambenga, Personal Representative of the Estate of Bakari Nyumbu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

378.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Aisha Kambenga demands judgment on behalf of the Estate of Bakari Nyumbu jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT CXIII**
**ESTATE OF DOTTO RAMADHANI**
**WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §**
**1605 and § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.**

379.    Plaintiff, Kulwa Ramadhani, Personal Representative of the Estate of Dotto Ramadhani, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

380.    On August 7, 1998, when the explosive device described above was detonated, Dotto Ramadhani, an employee of the United States government working at the United States Embassy in Dar es Salaam, Tanzania, suffered fatal injuries resulting in his death. The death of Dotto Ramadhani was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Dotto Ramadhani. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

381.    The beneficiaries of Dotto Ramadhani namely brother, Kulwa Ramadhani, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Dotto Ramadhani and the funeral and burial expenses.

WHEREFORE, Plaintiff, Kulwa Ramadhani demands judgment on behalf of the Estate of Dotto Ramadhani jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

<div align="center">

**COUNT CXIV**
**ESTATE OF DOTTO RAMADHANI**
**SURVIVAL CLAIM**
**12 D.C. Code  § 12-101 AND 28 U.S.C. § 1605A**

</div>

382.    Plaintiff, Kulwa Ramadhani, Personal Representative of the Estate of Dotto

Ramadhani, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

383.    Decedent, Dotto Ramadhani, from the time of injury to his death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Kulwa Ramadhani, demands judgment on behalf of the Estate of Dotto Ramadhani jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs.

## COUNT CXV
## KULWA RAMADHANI SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

384.    Plaintiff, Kulwa Ramadhani repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

385.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, the Iranian Revolutionary Guards Corps, and the Quds Force, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Dotto Ramadhani to cause severe emotional distress upon Plaintiff, Kulwa Ramadhani.

386.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a

civilized community and the emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure it.

387.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, Kulwa Ramadhani demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security,  and the Iranian Revolutionary Guards Corps,   in the amount of  TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CXVI
## ESTATE OF DOTTO RAMADHANI
## PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

388.    Plaintiff, Kulwa Ramadhani, Personal Representative of the Estate of Dotto Ramadhani, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

389.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Kulwa Ramadhani demands judgment on behalf of the Estate of

Dotto Ramadhani jointly and severally, against Defendants the Republic of Sudan, the Ministry

of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian

Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount

of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT CXVII**
**ESTATE OF ELISHA E. PAUL**
**WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §**
**1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.**

</div>

390.    Plaintiff, Magdalena Paul, Personal Representative of the Estate of Elisha E. Paul,

repeats and re-alleges each and every allegation set forth above with equal effect as if alleged

herein.

391.    On August 7, 1998, when the explosive device described above was detonated,

Elisha E. Paul, an employee of the United States government working at the United States

Embassy in Dar es Salaam, Tanzania, suffered fatal injuries resulting in his death. The death of

Elisha E. Paul was caused by a willful and deliberate act of extra judicial killing. The

Defendants, through their agents, financed the attack and rendered material support to the

activities of Al Qaeda that resulted in the serious injuries and death of Elisha E. Paul. Those

agents were at all times acting within the scope of their agency and acted on the direction of the

Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the

Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of

Information and Security.

392.    The beneficiary of Elisha E. Paul namely wife, Magdalena Paul, as a direct and

proximate consequence of the actions of the Defendants described above, for which the

Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including

assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Elisha E.

Paul  and the funeral and burial expenses.

WHEREFORE, Plaintiff, Magdalena Paul demands judgment on behalf of the Estate of Elisha E. Paul jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

### COUNT CXVIII
### ESTATE OF ELISHA E. PAUL
### SURVIVAL CLAIM
### 12 D.C. Code  § 12-101 AND 28 U.S.C. § 1605A

393.    Plaintiff, Magdalena Paul, Personal Representative of the Estate of Elisha E. Paul, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

394.    Decedent, Elisha E. Paul, from the time of injury to his death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Magdalena Paul, demands judgment on behalf of the Estate of Elisha E. Paul jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

### COUNT CXIX
### MAGDALENA PAUL
### SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

395.    Plaintiff, Magdalena Paul, repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

396.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, the Iranian Revolutionary Guards Corps, and the Quds Force, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Elisha E. Paul to cause severe emotional distress upon Plaintiff, Magdalena Paul.

397.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

398.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiff, Magdalena Paul, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security,  and the Iranian Revolutionary Guards Corps,  in the amount of  TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CXX
## ESTATE OF ELISHA E. PAUL
## PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

399.    Plaintiff, Magdalena Paul, Personal Representative of the Estate of Elisha E. Paul,

repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

400.   The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Magdalena Paul demands judgment on behalf of the Estate of Elisha E. Paul jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT CXXI**
**ESTATE OF MTENDEJE RAJABU**
**WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §**
**1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.**

</div>

401.   Plaintiff, Shabani Mtulya, Personal Representative of the Estate of Mtendeje Rajabu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

402.   On August 7, 1998, when the explosive device described above was detonated, Mtendeje Rajabu, an employee of the United States government working at the United States Embassy in Dar es Salaam, Tanzania, suffered fatal injuries resulting in his death. The death of Mtendeje Rajabu was caused by a willful and deliberate act of extra judicial killing. The

Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Mtendeje Rajabu. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

403.    The beneficiary of Mtendeje Rajabu namely wife, Shabani Mtulya, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Mtendeje Rajabu  and the funeral and burial expenses.

WHEREFORE, Plaintiff, Shabani Mtulya demands judgment on behalf of the Estate of Mtendeje Rajabu jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

### COUNT CXXII
### ESTATE OF MTENDEJE RAJABU
### SURVIVAL CLAIM
### 12 D.C. Code  § 12-101 AND 28 U.S.C. § 1605A

404.    Plaintiff, Shabani Mtulya, Personal Representative of the Estate of Mtendeje Rajabu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

405.    Decedent, Mtendeje Rajabu, from the time of injury to his death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were

undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Shabani Mtulya, demands judgment on behalf of the Estate of Mtendeje Rajabu jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

### COUNT CXXIII
### SHABANI MTULYA
### SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

406.    Plaintiff, Shabani Mtulya, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

407.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian Ministry of Information and Security, the Iranian Revolutionary Guards Corps, and the Quds Force, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Mtendeje Rajabu to cause severe emotional distress upon Plaintiff, Shabani Mtulya.

408.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

409.    As a direct and proximate result of the intentional infliction of emotional distress

and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiff, Shabani Mtulya, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security,  and the Iranian Revolutionary Guards Corps,  in the amount of  TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.


### COUNT CXXIV
### ESTATE OF MTENDEJE RAJABU
### PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A


410.    Plaintiff, Shabani Mtulya, Personal Representative of the Estate of Mtendeje Rajabu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

411.    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Shabani Mtulya demands judgment on behalf of the Estate of Mtendeje Rajabu jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount

of  TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT CXXV
## ESTATE OF RAMADHANI MAHUNDI
## WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 1605 and  § 1605A AS AMENDED AND 16 D.C. CODE § 16-2701.

412.    Plaintiff, Hussein Ramadhani, Personal Representative of the Estate of Ramadhani Mahundi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

413.    On August 7, 1998, when the explosive device described above was detonated, Ramadhani Mahundi, an employee of the United States government working at the United States Embassy in Dar es Salaam, Tanzania, suffered fatal injuries resulting in his death. The death of Ramadhani Mahundi was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack and rendered material support to the activities of Al Qaeda that resulted in the serious injuries and death of Ramadhani Mahundi. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security.

414.    The beneficiary of Ramadhani Mahundi namely son, Hussein Ramadhani, as a direct and proximate consequence of the actions of the Defendants described above, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Ramadhani Mahundi  and the funeral and burial expenses.

WHEREFORE, Plaintiff, Hussein Ramadhani demands judgment on behalf of the Estate of Ramadhani Mahundi jointly and severally, against Defendants the Republic of Sudan, the

Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

### COUNT CXXVI
### ESTATE OF RAMADHANI MAHUNDI
### SURVIVAL CLAIM
### 12 D.C. Code  § 12-101 AND 28 U.S.C. § 1605A

415.    Plaintiff, Hussein Ramadhani, Personal Representative of the Estate of Ramadhani Mahundi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

416.    Decedent, Ramadhani Mahundi, from the time of injury to his death thereafter suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent has suffered damages.

WHEREFORE, Plaintiff, Hussein Ramadhani, demands judgment on behalf of the Estate of Ramadhani Mahundi jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of  TEN MILLION DOLLARS ($10,000,000.00) plus costs.

### COUNT CXXVII
### HUSSEIN RAMADHANI
### SOLATIUM CLAIM PURSUANT TO 28 U.S.C. § 1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

417.    Plaintiff, Hussein Ramadhani repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

418.    As a direct consequence of the actions of the Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran the Iranian

Ministry of Information and Security, the Iranian Revolutionary Guards Corps, and the Quds Force, Plaintiffs have suffered extraordinary grief and mental anguish, in that the Defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in the serious injury and death upon Ramadhani Mahundi to cause severe emotional distress upon Plaintiff, Hussein Ramadhani.

419.    The conduct described above was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

420.    As a direct and proximate result of the intentional infliction of emotional distress and extreme and outrageous actions of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiff, Hussein Ramadhani demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security,  and the Iranian Revolutionary Guards Corps,  in the amount of  TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.


### COUNT CXXVIII
### ESTATE OF RAMADHANI MAHUNDI
### PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. § 1605A

421.    Plaintiff, Hussein Ramadhani, Personal Representative of the Estate of Ramadhani Mahundi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

422.    The actions of the Defendants, carried out by their agents as described above,

were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedent was not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, the estate of decedent is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Hussein Ramadhani demands judgment on behalf of the Estate of Ramadhani Mahundi jointly and severally, against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps and the Iranian Ministry of Information and Security, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT CXXIX**
**CLAIM OF RUKIA MUNJIRU ALI**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

</div>

423.    Plaintiff, Rukia Munjiru Ali, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

424.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Rukia Munjiru Ali, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have

permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Rukia Munjiru Ali, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CXXX
## CLAIM OF RUKIA MUNJIRU ALI
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR ASSAULT

425.    Plaintiff, Rukia Munjiru Ali, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

426.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Rukia Munjiru Ali, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CXXXI
### CLAIM OF RUKIA MUNJIRU ALI
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

427.    Plaintiff, Rukia Munjiru Ali, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

428.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Rukia Munjiru Ali, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CXXXII
### CLAIM OF RUKIA MUNJIRU ALI

## PURSUANT TO 28 U.S.C. § 1605A
## PUNITIVE DAMAGES

429.    Plaintiff, Rukia Munjiru Ali, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

430.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Rukia Munjiru Ali's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Rukia Munjiru Ali, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT CXXXIII
## CLAIM OF MILKE W. MACHARIA
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR BATTERY

431.    Plaintiff, Milke W. Macharia, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

432.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully

battered and did violence upon the body of the Plaintiff Milke W. Macharia, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Milke W. Macharia, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CXXXIV
### CLAIM OF MILKE W. MACHARIA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

433.    Plaintiff, Milke W. Macharia, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

434.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda

were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Milke W. Macharia, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CXXXV
### CLAIM OF MILKE W. MACHARIA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

435.    Plaintiff, Milke W. Macharia, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

436.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Milke W. Macharia, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.


**COUNT CXXXVI**
**CLAIM OF MILKE W. MACHARIA**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

437.    Plaintiff, Milke W. Macharia, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

438.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Milke W. Macharia's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Milke W. Macharia, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.


**COUNT CXXXVII**
**CLAIM OF BEUNDA KEBOGO J. CHAKA**
**PURSUANT TO 28 U.S.C. § 1605A**

### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

439.    Plaintiff, Beunda Kebogo J. Chaka, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

440.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Beunda Kebogo J. Chaka, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Beunda Kebogo J. Chaka, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CXXXVIII
### CLAIM OF BEUNDA KEBOGO J. CHAKA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

441.     Plaintiff, Beunda Kebogo J. Chaka, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

442.     The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Beunda Kebogo J. Chaka, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CXXXIX
## CLAIM OF BEUNDA KEBOGO J. CHAKA
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

443.     Plaintiff, Beunda Kebogo J. Chaka, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

444.     As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian

Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Beunda Kebogo J. Chaka, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CXL
## CLAIM OF BEUNDA KEBOGO J. CHAKA
## PURSUANT TO 28 U.S.C. § 1605A
## PUNITIVE DAMAGES

445.    Plaintiff, Beunda Kebogo J. Chaka, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

446.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Beunda Kebogo J. Chaka's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Beunda Kebogo J. Chaka, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic

of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT CXLI**
**CLAIM OF GERGE M. MIMBA**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

</div>

447.    Plaintiff, Gerge M. Mimba, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

448.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Gerge M. Mimba, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Gerge M. Mimba, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CXLII
### CLAIM OF GERGE M. MIMBA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

449.     Plaintiff, Gerge M. Mimba, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

450.     The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Gerge M. Mimba, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CXLIII
### CLAIM OF GERGE M. MIMBA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

451.     Plaintiff, Gerge M. Mimba, repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

452.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Gerge M. Mimba, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CXLIV**
**CLAIM OF GERGE M. MIMBA**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

453.    Plaintiff, Gerge M. Mimba, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

454.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Gerge M. Mimba's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were

within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Gerge M. Mimba, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CXLV
### CLAIM OF MARY OFISI
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

455.    Plaintiff, Mary Ofisi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

456.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Mary Ofisi, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the

Plaintiff.

WHEREFORE, Plaintiff, Mary Ofisi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CXLVI
### CLAIM OF MARY OFISI
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

457.    Plaintiff, Mary Ofisi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

458.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Mary Ofisi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CXLVII**
**CLAIM OF MARY OFISI**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

459.    Plaintiff, Mary Ofisi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

460.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Mary Ofisi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CXLVIII**
**CLAIM OF MARY OFISI**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

461.    Plaintiff, Mary Ofisi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

462.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Mary Ofisi's rights and physical well

being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Mary Ofisi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT CXLIX
## CLAIM OF MONICA MUNYORI
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR BATTERY

463.    Plaintiff, Monica Munyori, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

464.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Monica Munyori, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have

permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Monica Munyori, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CL**
**CLAIM OF MONICA MUNYORI**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR ASSAULT**

465.    Plaintiff, Monica Munyori, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

466.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Monica Munyori, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CLI**
**CLAIM OF MONICA MUNYORI**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

467.    Plaintiff, Monica Munyori, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

468.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Mary Ofisi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CLII**
**CLAIM OF MONICA MUNYORI**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

469.     Plaintiff, Monica Munyori, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

470.     The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Monica Munyori's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Monica Munyori, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CLIII
### CLAIM OF NICHOLAS M. MUTISO
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

471.     Plaintiff, Nicholas M. Mutiso, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

472.     On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Nicholas M. Mutiso, a United States

employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Nicholas M. Mutiso, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT CLIV**
**CLAIM OF NICHOLAS M. MUTISO**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR ASSAULT**

</div>

473.    Plaintiff, Nicholas M. Mutiso, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

474.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of

the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and

Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he

endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Nicholas M. Mutiso, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS

($20,000,000.00) plus costs.

### COUNT CLV
### CLAIM OF NICHOLAS M. MUTISO
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

475.    Plaintiff, Nicholas M. Mutiso, repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

476.    As a direct and proximate result of the willful, wrongful and intentional acts of Al

Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the

Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian

Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff

endured extreme mental anguish and pain and suffering, suffered the loss of the company of his

family and friends, and was subjected to intense physical injury, pain, discomfort and

inconvenience.

WHEREFORE, Plaintiff, Nicholas M. Mutiso, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CLVI
## CLAIM OF NICHOLAS M. MUTISO
## PURSUANT TO 28 U.S.C. § 1605A
## PUNITIVE DAMAGES

477.    Plaintiff, Nicholas M. Mutiso, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

478.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Nicholas M. Mutiso's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Nicholas M. Mutiso, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT CLVII
## CLAIM OF STELLA NJUGUNA
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR BATTERY

479.    Plaintiff, Stella Njuguna, repeats and re-alleges each and every allegation set forth

above with equal effect as if alleged herein.

480.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Stella Njuguna, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Stella Njuguna, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CLVIII
### CLAIM OF STELLA NJUGUNA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

481.    Plaintiff, Stella Njuguna, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

482.     The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Stella Njuguna, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CLIX
### CLAIM OF STELLA NJUGUNA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

483.     Plaintiff, Stella Njuguna, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

484.     As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and

inconvenience.

WHEREFORE, Plaintiff, Stella Njuguna, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CLX
### CLAIM OF STELLA NJUGUNA
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

485.    Plaintiff, Stella Njuguna, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

486.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Stella Njuguna's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Stella Njuguna, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT CLXI
## CLAIM OF DAVID K. KIBURU
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR BATTERY

487.    Plaintiff, David K. Kiburu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

488.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff David K. Kiburu, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, David K. Kiburu, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CLXII
## CLAIM OF DAVID K. KIBURU

**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR ASSAULT**

489.   Plaintiff, David K. Kiburu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

490.   The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, David K. Kiburu, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CLXIII**
**CLAIM OF DAVID K. KIBURU**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

491.   Plaintiff, David K. Kiburu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

492.   As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the

Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, David K. Kiburu, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CLXIII
### CLAIM OF DAVID K. KIBURU
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

493.    Plaintiff, David K. Kiburu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

494.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of David K. Kiburu's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, David K. Kiburu, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CLXIV
### CLAIM OF JECINTA W. WAHOME
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

495.    Plaintiff, Jecinta W. Wahome, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

496.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Jecinta W. Wahome, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Jecinta W. Wahome, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CLXV**
**CLAIM OF JECINTA W. WAHOME**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR ASSAULT**

497.    Plaintiff, Jecinta W. Wahome, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

498.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Jecinta W. Wahome, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CLXVI**
**CLAIM OF JECINTA W. WAHOME**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

499.    Plaintiff, Jecinta W. Wahome, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

500.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Jecinta W. Wahome, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CLXVII**
**CLAIM OF JACINTA W. WAHOME**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

501.    Plaintiff, Jecinta W. Wahome, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

502.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Jecinta W. Wahome's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Jecinta W. Wahome, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT CLXVIII**
**CLAIM OF BELINDA AKINYI ADIKA**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

</div>

503.    Plaintiff, Belinda Akinyi Adika, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

504.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Belinda Akinyi Adika, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and

Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Belinda Akinyi Adika, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT CLXIX
CLAIM OF BELINDA AKINYI ADIKA
PURSUANT TO 28 U.S.C. § 1605A
AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
LAW FOR ASSAULT**

</div>

505.    Plaintiff, Belinda Akinyi Adika, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

506.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Belinda Akinyi Adika, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS

($20,000,000.00) plus costs.

### COUNT CLXX
### CLAIM OF BELINDA AKINYI ADIKA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

507.    Plaintiff, Belinda Akinyi Adika, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

508.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Belinda Akinyi Adika, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CLXXI
### CLAIM OF BELINDA AKINYI ADIKA
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

509.    Plaintiff, Belinda Akinyi Adika, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

510.    The actions of the Al Qaeda members, as above set forth, were intentional and

malicious and in willful, wanton and reckless disregard of Belinda Akinyi Adika's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Belinda Akinyi Adika, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CLXXII
### CLAIM OF KIRUMBA WMBURU MUKURIA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

511.    Plaintiff, Kirumba Wmburu Mukuria, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

512.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Kirumba Wmburu Mukuria, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care,

and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Kirumba Wmburu Mukuria, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT CLXXIII**
**CLAIM OF KIRUMBA WMBURU MUKURIA**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR ASSAULT**

</div>

513.    Plaintiff, Kirumba Wmburu Mukuria, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

514.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Kirumba Wmburu Mukuria, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CLXXIV
## CLAIM OF KIRUMBA WMBURU MUKURIA
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

515.    Plaintiff, Kirumba Wmburu Mukuria, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

516.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Kirumba Wmburu Mukuria, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CLXXV
## CLAIM OF KIRUMBU WMBURU MUKURIA

**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

517.    Plaintiff, Kirumba Wmburu Mukuria, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

518.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Kirumba Wmburu Mukuria's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Kirumba Wmburu Mukuria, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT CLXXVI**
**CLAIM OF ELIZABETH MULI KIBUE**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

519.    Plaintiff, Elizabeth Muli Kibue, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

520.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully

battered and did violence upon the body of the Plaintiff Elizabeth Muli Kibue, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Elizabeth Muli Kibue, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CLXXVII
### CLAIM OF ELIZABETH MULI KIBUE
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

521.    Plaintiff, Elizabeth Muli Kibue, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

522.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda

were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Elizabeth Muli Kibue, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CLXXVIII**
**CLAIM OF ELIZABETH MULI KIBUE**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

523.    Plaintiff, Elizabeth Muli Kibue, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

524.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Elizabeth Muli Kibue, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CLXXIX**
**CLAIM OF ELIZABETH MULI KIBUE**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

525.    Plaintiff, Elizabeth Muli Kibue, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

526.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Elizabeth Muli Kibue's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Elizabeth Muli Kibue, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT CLXXX**
**CLAIM OF MARY WANJUGU GITONGA**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

527.    Plaintiff, Mary Wanjugu Gitonga, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

528.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Mary Wanjugu Gitonga, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Mary Wanjugu Gitonga, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CLXXXI
## CLAIM OF MARY WANJUGU GITONGA
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR ASSAULT

529.    Plaintiff, Mary Wanjugu Gitonga, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

530.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Mary Wanjugu Gitonga, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CLXXXII
### CLAIM OF MARY WANJUGU GITONGA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

531.    Plaintiff, Mary Wanjugu Gitonga, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

532.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff

endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Mary Wanjugu Gitonga, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CLXXXIII
### CLAIM OF MARY WANJUGU GITONGA
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

533.    Plaintiff, Mary Wanjugu Gitonga, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

534.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Mary Wanjugu Gitonga's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Mary Wanjugu Gitonga, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and

the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY

MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT CLXXXIV**
**CLAIM OF LYDIAH WANJIRU MWANGI**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

</div>

535.    Plaintiff, Lydiah Wanjiru Mwangi, repeats and re-alleges each and every

allegation set forth above with equal effect as if alleged herein.

536.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the

United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully

battered and did violence upon the body of the Plaintiff Lydiah Wanjiru Mwangi, a United States

employee, inflicting severe and permanent injuries upon him resulting in great pain and

suffering, which injuries required and continue to require extensive medical treatment, have

necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care,

and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have

permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda

were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of

the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and

Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person

of the Plaintiff.

WHEREFORE, Plaintiff, Lydiah Wanjiru Mwangi, demands judgment jointly and

severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic

of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and

the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS

($20,000,000.00) plus costs.

### COUNT CLXXXV
### CLAIM OF LYDIAH WANJIRU MWANGI
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

537.    Plaintiff, Lydiah Wanjiru Mwangi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

538.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Lydiah Wanjiru Mwangi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CLXXXVI
### CLAIM OF LYDIAH WANJIRU MWANGI
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

539.    Plaintiff, Lydiah Wanjiru Mwangi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

540.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Lydiah Wanjiru Mwangi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CLXXXVII
### CLAIM OF LYDIAH WANJIRU MWANGI
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

541.    Plaintiff, Lydiah Wanjiru Mwangi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

542.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Lydiah Wanjiru Mwangi's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the

provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Lydiah Wanjiru Mwangi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CLXXXVIII
### CLAIM OF LYDIAH WANJIRU MWANGI
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

543.    Plaintiff, Lydiah Wanjiru Mwangi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

544.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Lydiah Wanjiru Mwangi, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person

of the Plaintiff.

WHEREFORE, Plaintiff, Lydiah Wanjiru Mwangi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CLXXXIX
### CLAIM OF LYDIAH WANJIRU MWANGI
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

545.    Plaintiff, Lydiah Wanjiru Mwangi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

546.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Lydiah Wanjiru Mwangi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CXC**
**CLAIM OF LYDIAH WANJIRU MWANGI**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

547.    Plaintiff, Lydiah Wanjiru Mwangi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

548.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Lydiah Wanjiru Mwangi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CXCI**
**CLAIM OF LYDIAH WANJIRU MWANGI**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

549.    Plaintiff, Lydiah Wanjiru Mwangi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

550.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Lydiah Wanjiru Mwangi's rights and

physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Lydiah Wanjiru Mwangi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT CXCII
### CLAIM OF CHARLES MWAKA MULWA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

551.    Plaintiff, Charles Mwaka Mulwa, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

552.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Charles Mwaka Mulwa, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have

permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Charles Mwaka Mulwa, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CXCII
### CLAIM OF CHARLES MWAKA MULWA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

553.    Plaintiff, Charles Mwaka Mulwa, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

554.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Charles Mwaka Mulwa, demands judgment jointly and

severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CXCIII
## CLAIM OF CHARLES MWAKA MULWA
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

555.    Plaintiff, Charles Mwaka Mulwa, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

556.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Charles Mwaka Mulwa, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CXCIV
## CLAIM OF CHARLES MWAKA MULWA
## PURSUANT TO 28 U.S.C. § 1605A
## PUNITIVE DAMAGES

557.   Plaintiff, Charles Mwaka Mulwa, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

558.   The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Charles Mwaka Mulwa's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Charles Mwaka Mulwa, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CXCV
### CLAIM OF BONIFACE CHEGE
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

559.   Plaintiff, Boniface Chege, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

560.   On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Boniface Chege, a United States

employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Boniface Chege, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CXCVI
### CLAIM OF BONIFACE CHEGE
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

561.    Plaintiff, Boniface Chege, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

562.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of

the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and

Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he

endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Boniface Chege, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS

($20,000,000.00) plus costs.

### COUNT CXCVII
### CLAIM OF BONIFACE CHEGE
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

563.    Plaintiff, Boniface Chege, repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

564.    As a direct and proximate result of the willful, wrongful and intentional acts of Al

Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the

Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian

Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff

endured extreme mental anguish and pain and suffering, suffered the loss of the company of his

family and friends, and was subjected to intense physical injury, pain, discomfort and

inconvenience.

WHEREFORE, Plaintiff, Boniface Chege, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT CXCVIII**
**CLAIM OF BONIFACE CHEGE**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

</div>

565.    Plaintiff, Boniface Chege, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

566.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Boniface Chege's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Boniface Chege, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT CXCIX**
**CLAIM OF CAROLINE W. GICHURU**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

</div>

567.    Plaintiff, Caroline W. Gichuru, repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

568.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Caroline W. Gichuru, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Caroline W. Gichuru, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CC
### CLAIM OF CAROLINE W. GICHURU
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

569.    Plaintiff, Caroline W. Gichuru, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

570.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Caroline W. Gichuru, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCI
### CLAIM OF CAROLINE W. GICHURU
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

571.    Plaintiff, Caroline W. Gichuru, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

572.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and

inconvenience.

WHEREFORE, Plaintiff, Caroline W. Gichuru, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCII
### CLAIM OF CAROLINE W. GICHURU
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

573.    Plaintiff, Caroline W. Gichuru, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

574.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Caroline W. Gichuru's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Caroline W. Gichuru, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT CCIII
## CLAIM OF LIVINGSTONE MADAHANA
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR BATTERY

575.    Plaintiff, Livingstone Madahana, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

576.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Livingstone Madahana, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Livingstone Madahana, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCIV
## CLAIM OF LIVINGSTONE MADAHANA

**PURSUANT TO 28 U.S.C. § 1605A
AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
LAW FOR ASSAULT**

577.    Plaintiff, Livingstone Madahana, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

578.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Livingstone Madahana, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCV
CLAIM OF LIVINGSTONE MADAHANA
PURSUANT TO 28 U.S.C. § 1605A
AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

579.    Plaintiff, Livingstone Madahana, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

580.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the

Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Livingstone Madahana, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCVI
### CLAIM OF LIVINGSTONE MADAHANA
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

581.    Plaintiff, Livingstone Madahana, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

582.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Livingstone Madahana's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Livingstone Madahana, demands judgment jointly and

severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT CVII**
**CLAIM OF WEILINGTONE OLUOMA**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

</div>

583.    Plaintiff, Weilingtone Oluoma, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

584.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Weilingtone Oluoma, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Weilingtone Oluoma, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT CCVIII**
**CLAIM OF WEILINGTONE OLUOMA**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR ASSAULT**

</div>

585.    Plaintiff, Weilingtone Oluoma, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

586.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Weilingtone Oluoma, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT CCIX**
**CLAIM OF WEILINGTONE OLUOMA**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

</div>

587.    Plaintiff, Weilingtone Oluoma, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

588.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Weilingtone Oluoma, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCX
### CLAIM OF WEILINGTONE OLUOMA
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

589.    Plaintiff, Weilingtone Oluoma, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

590.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Weilingtone Oluoma's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Weilingtone Oluoma, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT CCXI**
**CLAIM OF ELSIE W. KAGIMBI**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

</div>

591.    Plaintiff, Elsie W. Kagimbi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

592.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Elsie W. Kagimbi, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and

Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Elsie W. Kagimbi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCXII**
**CLAIM OF ELSIE W. KAGIMBI**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR ASSAULT**

593.    Plaintiff, Elsie W. Kagimbi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

594.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Elsie W. Kagimbi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS

($20,000,000.00) plus costs.

### COUNT CCXIII
### CLAIM OF ELSIE W. KAGIMBI
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

595.    Plaintiff, Elsie W. Kagimbi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

596.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Elsie W. Kagimbi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCXIV
### CLAIM OF ELSIE W. KAGIMBI
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

597.    Plaintiff, Elsie W. Kagimbi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

598.    The actions of the Al Qaeda members, as above set forth, were intentional and

malicious and in willful, wanton and reckless disregard of Elsie W. Kagimbi's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Elsie W. Kagimbi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CCXV
### CLAIM OF ELSIE W. KAGIMBI
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

599.    Plaintiff, Elsie W. Kagimbi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

600.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Elsie W. Kagimbi, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care,

and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Elsie W. Kagimbi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCXVI
## CLAIM OF ELSIE W. KAGIMBI
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR ASSAULT

601.    Plaintiff, Elsie W. Kagimbi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

602.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Elsie W. Kagimbi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCXVII
### CLAIM OF ELSIE W. KAGIMBI
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

603.    Plaintiff, Elsie W. Kagimbi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

604.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Elsie W. Kagimbi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCXVIII
### CLAIM OF ELSIE W. KAGIMBI

## PURSUANT TO 28 U.S.C. § 1605A
## PUNITIVE DAMAGES

605.    Plaintiff, Elsie W. Kagimbi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

606.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Elsie W. Kagimbi's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Elsie W. Kagimbi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT CCXIX
## CLAIM OF SAMUEL O. ORIARO
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR BATTERY

607.    Plaintiff, Samuel O. Oriaro, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

608.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully

battered and did violence upon the body of the Plaintiff Samuel O. Oriaro, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Samuel O. Oriaro, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCXX**
**CLAIM OF SAMUEL O. ORIARO**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR ASSAULT**

609.    Plaintiff, Samuel O. Oriaro, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

610.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda

were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of

the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and

Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he

endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Samuel O. Oriaro, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS

($20,000,000.00) plus costs.

### COUNT CCXXI
### CLAIM OF SAMUEL O. ORIARO
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

611.    Plaintiff, Samuel O. Oriaro, repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

612.    As a direct and proximate result of the willful, wrongful and intentional acts of Al

Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the

Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian

Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff

endured extreme mental anguish and pain and suffering, suffered the loss of the company of his

family and friends, and was subjected to intense physical injury, pain, discomfort and

inconvenience.

WHEREFORE, Plaintiff, Samuel O. Oriaro, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCXXII**
**CLAIM OF SAMUEL O. ORIARO**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

613.    Plaintiff, Samuel O. Oriaro, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

614.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Samuel O. Oriaro's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Samuel O. Oriaro, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT CCXXIII**
**CLAIM OF GIDEON K. MAZITIM**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

615.    Plaintiff, Gideon K. Mazitim, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

616.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Gideon K. Mazitim, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Gideon K. Mazitim, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCXXIV
## CLAIM OF GIDEON K. MAZITIM
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR ASSAULT

617.    Plaintiff, Gideon K. Mazitim, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

618.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Gideon K. Mazitim, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCXXV**
**CLAIM OF GIDEON K. MAZITIM**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

619.    Plaintiff, Gideon K. Mazitim, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

620.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff

endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Gideon K. Mazitim, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCXXVI
### CLAIM OF GIDEON K. MAZITIM
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

621.    Plaintiff, Gideon K. Mazitim, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

622.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Gideon K. Mazitim's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Gideon K. Mazitim, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY

MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT CCXXVII**
**CLAIM OF MARGARET W. NDUNGU**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

623.    Plaintiff, Margaret W. Ndungu, repeats and re-alleges each and every allegation

set forth above with equal effect as if alleged herein.

624.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the

United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully

battered and did violence upon the body of the Plaintiff Margaret W. Ndungu, a United States

employee, inflicting severe and permanent injuries upon him resulting in great pain and

suffering, which injuries required and continue to require extensive medical treatment, have

necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care,

and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have

permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda

were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of

the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and

Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person

of the Plaintiff.

WHEREFORE, Plaintiff, Margaret W. Ndungu, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS

($20,000,000.00) plus costs.

### COUNT CCXXVIII
### CLAIM OF MARGARET W. NDUNGU
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

625.    Plaintiff, Margaret W. Ndungu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

626.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Margaret W. Ndungu, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCXXIX
### CLAIM OF MARGARET W. NDUNGU
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

627.    Plaintiff, Margaret W. Ndungu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

628.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Margaret W. Ndungu, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCXXX
## CLAIM OF MARGARET W. NDUNGU
## PURSUANT TO 28 U.S.C. § 1605A
## PUNITIVE DAMAGES

629.    Plaintiff, Margaret W. Ndungu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

630.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Margaret W. Ndungu's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the

provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Margaret W. Ndungu, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CCXXXI
### CLAIM OF CHARLES NKANATHA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

631.    Plaintiff, Charles Nkanatha, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

632.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Charles Nkanatha, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Charles Nkanatha, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus cost

.

## COUNT CCXXXII
## CLAIM OF CHARLES NKANATHA
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR ASSAULT

633.     Plaintiff, Charles Nkanatha, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

634.     The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Charles Nkanatha, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCXXXIII**
**CLAIM OF CHARLES NKANATHA**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

635.    Plaintiff, Charles Nkanatha, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

636.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Charles Nkanatha, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCXXXIV**
**CLAIM OF CHARLES NKANATHA**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

637.    Plaintiff, Charles Nkanatha, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

638.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Charles Nkanatha's rights and

physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Charles Nkanatha, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT CCXXXV**
**CLAIM OF CAROLINE NGUHI NGUGI**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

639.    Plaintiff, Caroline Nguhi Ngugi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

640.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Caroline Nguhi Ngugi, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have

permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Caroline Nguhi Ngugi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCXXXVI
### CLAIM OF CAROLINE NGUHI NGUGI
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

641.    Plaintiff, Caroline Nguhi Ngugi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

642.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Caroline Nguhi Ngugi, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCXXXVII
### CLAIM OF CAROLINE NGUHI NGUGI
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

643.    Plaintiff, Caroline Nguhi Ngugi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

644.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Caroline Nguhi Ngugi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCXXXVIII
### CLAIM OF CAROLINE NGUHI NGUGI
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

645.    Plaintiff, Caroline Nguhi Ngugi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

646.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Caroline Nguhi Ngugi's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Caroline Nguhi Ngugi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT CCXXXIX**
**CLAIM OF PATRICK OUMA OKECH**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

647.    Plaintiff, Patrick Ouma Okech, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

648.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Patrick Ouma Okech, a United States

employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Patrick Ouma Okech, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT CCXL**
**CLAIM OF PATRICK OUMA OKECH**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR ASSAULT**

</div>

649.    Plaintiff, Patrick Ouma Okech, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

650.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of

the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and

Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he

endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Patrick Ouma Okech, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS

($20,000,000.00) plus costs.

<div align="center">

**COUNT CCXLI**
**CLAIM OF PATRICK OUMA OKECH**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

</div>

651.    Plaintiff, Patrick Ouma Okech, repeats and re-alleges each and every allegation

set forth above with equal effect as if alleged herein.

652.    As a direct and proximate result of the willful, wrongful and intentional acts of Al

Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the

Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian

Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff

endured extreme mental anguish and pain and suffering, suffered the loss of the company of his

family and friends, and was subjected to intense physical injury, pain, discomfort and

inconvenience.

WHEREFORE, Plaintiff, Patrick Ouma Okech, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCXLII
### CLAIM OF PATRICK OUMA OKECH
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

653.    Plaintiff, Patrick Ouma Okech, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

654.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Patrick Ouma Okech's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Patrick Ouma Okech, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CCXLIII
### CLAIM OF RAPHEL N. KIVINDYO
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

655.    Plaintiff, Raphel N. Kivindyo, repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

656.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Raphel N. Kivindyo, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Raphel N. Kivindyo, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCXLIV**
**CLAIM OF RAPHEL N. KIVINDYO**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR ASSAULT**

657.    Plaintiff, Raphel N. Kivindyo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

658.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Raphel N. Kivindyo, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCXLV
### CLAIM OF RAPHEL N. KIVINDYO
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

659.    Plaintiff, Raphel N. Kivindyo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

660.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and

inconvenience.

WHEREFORE, Plaintiff, Raphel N. Kivindyo, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT CCXLVI**
**CLAIM OF RAPHEL N. KIVINDYO**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

</div>

661.    Plaintiff, Raphel N. Kivindyo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

662.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Raphel N. Kivindyo's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Raphel N. Kivindyo, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT CCXLVII**
**CLAIM OF TOBIAS O. OTIENO**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

663.    Plaintiff, Tobias O. Otieno, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

664.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Tobias O. Otieno, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Tobias O. Otieno, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCXLVIII**
**CLAIM OF TOBIAS O. OTIENO**

**PURSUANT TO 28 U.S.C. § 1605A
AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
LAW FOR ASSAULT**

665.    Plaintiff, Tobias O. Otieno, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

666.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Tobias O. Otieno, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCXLIX
CLAIM OF TOBIAS O. OTIENO
PURSUANT TO 28 U.S.C. § 1605A
AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

667.    Plaintiff, Tobias O. Otieno, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

668.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the

Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Tobias O. Otieno, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCL
### CLAIM OF TOBIAS O. OTIENO
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

669.    Plaintiff, Tobias O. Otieno, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

670.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Tobias O. Otieno's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Tobias O. Otieno, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CCLI
### CLAIM OF AARON MAKAU
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

671.    Plaintiff, Aaron Makau, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

672.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Aaron Makau, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Aaron Makau, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the

Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CLII
## CLAIM OF AARON MAKAU
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR ASSAULT

673.    Plaintiff, Aaron Makau, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

674.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Aaron Makau, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCLIII
## CLAIM OF AARON MAKAU
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

675.   Plaintiff, Aaron Makau, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

676.   As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Aaron Makau, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCLIV
### CLAIM OF AARON MAKAU
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

677.   Plaintiff, Aaron Makau, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

678.   The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Aaron Makau's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian

Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Aaron Makau, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CCLV
### CLAIM OF RAMDAN KIMAM JURAU
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

679.    Plaintiff, Ramdan Kimam Jurau, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

680.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Ramdan Kimam Jurau, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and

Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Ramdan Kimam Jurau, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCLVI
## CLAIM OF RAMDAN KIMAM JURAU
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR ASSAULT

681.    Plaintiff, Ramdan Kimam Jurau, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

682.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Ramdan Kimam Jurau, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS

($20,000,000.00) plus costs.

## COUNT CCLVII
## CLAIM OF RAMDAN KIMAM JURAU
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

683.    Plaintiff, Ramdan Kimam Jurau, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

684.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Ramdan Kimam Jurau, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCLVIII
## CLAIM OF RAMDAN KIMAM JURAU
## PURSUANT TO 28 U.S.C. § 1605A
## PUNITIVE DAMAGES

685.    Plaintiff, Ramdan Kimam Jurau, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

686.    The actions of the Al Qaeda members, as above set forth, were intentional and

malicious and in willful, wanton and reckless disregard of Ramdan Kimam Jurau's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Ramdan Kimam Jurau, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CCLIX
### CLAIM OF CAROLINE N. OCHIENG
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

687.    Plaintiff, Caroline N. Ochieng, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

688.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Caroline N. Ochieng, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care,

and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Caroline N. Ochieng, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCLX
## CLAIM OF CAROLINE N. OCHIENG
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR ASSAULT

689.    Plaintiff, Caroline N. Ochieng, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

690.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Caroline N. Ochieng, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCLXI
### CLAIM OF CAROLINE N. OCHIENG
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

691.    Plaintiff, Caroline N. Ochieng, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

692.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Caroline N. Ochieng, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCLXII
### CLAIM OF CAROLINE N. OCHIENG

**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

693.    Plaintiff, Caroline N. Ochieng, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

694.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Caroline N. Ochieng's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Caroline N. Ochieng, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT CCLXIII**
**CLAIM OF OLAMBO CHAVLES**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

695.    Plaintiff, Olambo Chavles, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

696.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully

battered and did violence upon the body of the Plaintiff Olambo Chavles, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Olambo Chavles, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCLXIV
### CLAIM OF OLAMBO CHAVLES
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

697.    Plaintiff, Olambo Chavles, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

698.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda

were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Olambo Chavles, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCLXV
### CLAIM OF OLAMBO CHAVLES
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

699.    Plaintiff, Olambo Chavles, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

700.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Olambo Chavles, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCLXVI**
**CLAIM OF OLAMBO CHAVLES**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

701.    Plaintiff, Olambo Chavles, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

702.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Olambo Chavles's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Olambo Chavles, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT CCLXVII**
**CLAIM OF MILLY M. AMDUSO**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

703.    Plaintiff, Milly M. Amduso, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

704.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Milly M. Amduso, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Milly M. Amduso, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCLXVIII
### CLAIM OF MILLY M. AMDUSO
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

705.    Plaintiff, Milly M. Amduso, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

706.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Milly M. Amduso, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT CCLXIX**
**CLAIM OF MILLY M. AMDUSO**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

</div>

707.    Plaintiff, Milly M. Amduso, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

708.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff

endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Milly M. Amduso, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCLXX
## CLAIM OF MILLY M. AMDUSO
## PURSUANT TO 28 U.S.C. § 1605A
## PUNITIVE DAMAGES

709.    Plaintiff, Milly M. Amduso, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

710.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Milly M. Amduso's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Milly M. Amduso, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY

MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT CCLXXI**
**CLAIM OF EMILY K. MINAYO**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

</div>

711.    Plaintiff, Emily K. Minayo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

712.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Emily K. Minayo, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Emily K. Minayo, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS

($20,000,000.00) plus costs.

## COUNT CCLXXII
## CLAIM OF EMILY K. MINAYO
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR ASSAULT

713.    Plaintiff, Emily K. Minayo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

714.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Emily K. Minayo, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCLXXIII
## CLAIM OF EMILY K. MINAYO
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

715.    Plaintiff, Emily K. Minayo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

716.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Emily K. Minayo, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCLXXIV
### CLAIM OF EMILY K. MINAYO
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

717.    Plaintiff, Emily K. Minayo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

718.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Emily K. Minayo's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions

of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Emily K. Minayo, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT CCLXXV**
**CLAIM OF FRANCIS MAINE NDIBUL**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

</div>

719.    Plaintiff, Francis Maine Ndibul, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

720.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Francis Maine Ndibul, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Francis Maine Ndibul, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCLXXVI
### CLAIM OF FRANCIS MAINE NDIBUL
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

721.    Plaintiff, Francis Maine Ndibul, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

722.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Francis Maine Ndibul, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCLXXVII

### CLAIM OF FRANCIS MAINE NDIBUL
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

723.    Plaintiff, Francis Maine Ndibul, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

724.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Francis Maine Ndibul, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCLXXVIII
### CLAIM OF FRANCIS MAINE NDIBUL
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

725.    Plaintiff, Francis Maine Ndibul, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

726.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Francis Maine Ndibul's rights and

physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Francis Maine Ndibul, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT CCLXXIX**
**CLAIM OF CHARLES M. NDIBUL**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

727.    Plaintiff, Charles M. Ndibul, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

728.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Charles M. Ndibul, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have

permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Charles M. Ndibul, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCLXXX**
**CLAIM OF CHARLES M. NDIBUL**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR ASSAULT**

729.    Plaintiff, Charles M. Ndibul, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

730.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Charles M. Ndibul, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCLXXXI
## CLAIM OF CHARLES M. NDIBUL
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

731.    Plaintiff, Charles M. Ndibul, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

732.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Charles M. Ndibul, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCLXXXII
## CLAIM OF CHARLES M. NDIBUL
## PURSUANT TO 28 U.S.C. § 1605A

**PUNITIVE DAMAGES**

733.    Plaintiff, Charles M. Ndibul, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

734.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Charles M. Ndibul's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Charles M. Ndibul, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT CCLXXXIII**
**CLAIM OF MOSES M. KUIYVA**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

735.    Plaintiff, Moses M. Kuiyva, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

736.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully

battered and did violence upon the body of the Plaintiff Moses M. Kuiyva, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Moses M. Kuiyva, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCLXXXIV
## CLAIM OF MOSES M. KUIYVA
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR ASSAULT

737.    Plaintiff, Moses M. Kuiyva, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

738.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda

were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Moses M. Kuiyva, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCLXXXV
## CLAIM OF MOSES M. KUIYVA
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

739.    Plaintiff, Moses M. Kuiyva, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

740.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Moses M. Kuiyva, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCLXXXVI**
**CLAIM OF MOSES M. KUIYVA**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

741.    Plaintiff, Moses M. Kuiyva, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

742.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Moses M. Kuiyva's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Moses M. Kuiyva, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT CCLXXVII**
**CLAIM OF MARINA KIRIMA**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

743.     Plaintiff, Marina Kirima, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

744.     On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Marina Kirima, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Marina Kirima, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCLXXXVIII
## CLAIM OF MARINA KIRIMA
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR ASSAULT

745.    Plaintiff, Marina Kirima, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

746.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Marina Kirima, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCLXXXIX
### CLAIM OF MARINA KIRIMA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

747.    Plaintiff, Marina Kirima, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

748.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff

endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Marina Kirima, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCXC
### CLAIM OF MARINA KIRIMA
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

749.    Plaintiff, Marina Kirima, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

750.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Marina Kirima's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Marina Kirima, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian

Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION

DOLLARS ($250,000,000.00) plus costs.

### COUNT CCXCI
### CLAIM OF THOMAS OHUORO
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

751.    Plaintiff, Thomas Ohuoro, repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

752.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the

United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully

battered and did violence upon the body of the Plaintiff Thomas Ohuoro, a United States

employee, inflicting severe and permanent injuries upon him resulting in great pain and

suffering, which injuries required and continue to require extensive medical treatment, have

necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care,

and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have

permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda

were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of

the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and

Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person

of the Plaintiff.

WHEREFORE, Plaintiff, Thomas Ohuoro, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS

($20,000,000.00) plus costs.

## COUNT CCXCII
## CLAIM OF THOMAS OHUORO
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR ASSAULT

753.    Plaintiff, Thomas Ohuoro, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

754.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Thomas Ohuoro, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCXCIII
## CLAIM OF THOMAS OHUORO
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

755.    Plaintiff, Thomas Ohuoro , repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

756.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Thomas Ohuoro, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCXCIV
### CLAIM OF THOMAS OHUORO
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

757.    Plaintiff, Thomas Ohuoro, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

758.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Thomas Ohuoro's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions

of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Thomas Ohuoro, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CCXCV
### CLAIM OF LIMMLES I. KASUI
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

759.    Plaintiff, Limmles I. Kasui, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

760.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Limmles I. Kasui, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Limmles I. Kasui, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCXCVI
## CLAIM OF LIMMLES I. KASUI
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR ASSAULT

761.    Plaintiff, Limmles I. Kasui, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

762.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Limmles I. Kasui, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCXCVII

274

**CLAIM OF LIMMLES I. KASUI**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

763.    Plaintiff, Limmles I. Kasui, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

764.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Limmles I. Kasui, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCXCVIII**
**CLAIM OF LIMMLES I. KASUI**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

765.    Plaintiff, Limmles I. Kasui, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

766.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Limmles I. Kasui's rights and physical

well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Limmles I. Kasui, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT CCXCIX**
**CLAIM OF MICHAEL N. MWORIA**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

767.    Plaintiff, Michael N. Mworia, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

768.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Michael N. Mworia, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have

permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Michael N. Mworia, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT CCC**
**CLAIM OF MICHAEL N. MWORIA**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR ASSAULT**

</div>

769.    Plaintiff, Michael N. Mworia, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

770.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Michael N. Mworia, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCI
### CLAIM OF MICHAEL N. MWORIA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

771.    Plaintiff, Michael N. Mworia, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

772.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Michael N. Mworia, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCII
### CLAIM OF MICHAEL N. MWORIA
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

773.    Plaintiff, Michael N. Mworia, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

774.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Michael N. Mworia's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Michael N. Mworia, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CCCIII
### CLAIM OF JOASH O. OKENDO
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

775.    Plaintiff, Joash O. Okendo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

776.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Joash O. Okendo, a United States

employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Joash O. Okendo, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCIV
### CLAIM OF JOASH O. OKENDO
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

777.    Plaintiff, Joash O. Okendo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

778.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of

the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and

Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he

endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Joash O. Okendo, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS

($20,000,000.00) plus costs.

<div align="center">

**COUNT CCCV
CLAIM OF JOASH O. OKENDO
PURSUANT TO 28 U.S.C. § 1605A
AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

</div>

779.    Plaintiff, Joash O. Okendo, repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

780.    As a direct and proximate result of the willful, wrongful and intentional acts of Al

Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the

Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian

Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff

endured extreme mental anguish and pain and suffering, suffered the loss of the company of his

family and friends, and was subjected to intense physical injury, pain, discomfort and

inconvenience.

WHEREFORE, Plaintiff, Joash O. Okendo, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCVI
### CLAIM OF JOASH O. OKENDO
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

781.    Plaintiff, Joash O. Okendo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

782.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Joash O. Okendo's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Joash O. Okendo, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CCCVII
### CLAIM OF JULIUS OGORO
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

783.    Plaintiff, Julius Ogoro, repeats and re-alleges each and every allegation set forth

above with equal effect as if alleged herein.

784.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Julius Ogoro, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Julius Ogoro, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCCVIII**
**CLAIM OF JULIUS OGORO**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR ASSAULT**

785.    Plaintiff, Julius Ogoro, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

786.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Julius Ogoro, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCIX
### CLAIM OF JULIUS OGORO
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

787.    Plaintiff, Julius Ogoro, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

788.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and

inconvenience.

WHEREFORE, Plaintiff, Julius Ogoro, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCX
### CLAIM OF JULIUS OGORO
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

789.    Plaintiff, Julius Ogoro, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

790.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Julius Ogoro's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Julius Ogoro, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT CCCXI**
**CLAIM OF AGGREY N. ABUTI**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

791.    Plaintiff, Aggrey N. Abuti, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

792.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Aggrey N. Abuti, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Aggrey N. Abuti, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCCXII**
**CLAIM OF AGGREY N. ABUTI**

**PURSUANT TO 28 U.S.C. § 1605A
AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
LAW FOR ASSAULT**

793.    Plaintiff, Aggrey N. Abuti, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

794.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Aggrey N. Abuti, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCCXIII
CLAIM OF AGGREY N. ABUTI
PURSUANT TO 28 U.S.C. § 1605A
AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

795.    Plaintiff, Aggrey N. Abuti, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

796.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the

Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Aggrey N. Abuti, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT CCCXIV**
**CLAIM OF AGGREY N. ABUTI**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

</div>

797.    Plaintiff, Aggrey N. Abuti, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

798.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Aggrey N. Abuti's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Aggrey N. Abuti, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CCCXV
### CLAIM OF RENSON M. ASHIKA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

799.    Plaintiff, Renson M. Ashika, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

800.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Renson M. Ashika, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Renson M. Ashika, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCCXVI
## CLAIM OF RENSON M. ASHIKA
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR ASSAULT

801.    Plaintiff, Renson M. Ashika, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

802.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Renson M. Ashika, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCCXVII
## CLAIM OF RENSON M. ASHIKA
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

803.    Plaintiff, Renson M. Ashika, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

804.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Renson M. Ashika, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCXVIII
### CLAIM OF RENSON M. ASHIKA
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

805.    Plaintiff, Renson M. Ashika, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

806.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Renson M. Ashika's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Renson M. Ashika, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT CCCXIX**
**CLAIM OF ABDULRAHMAN R. BASHIR**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

807.    Plaintiff, Abdulrahman R. Bashir, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

808.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Abdulrahman R. Bashir, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and

Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Abdulrahman R. Bashir, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCXX
### CLAIM OF ABDULRAHMAN R. BASHIR
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

809.    Plaintiff, Abdulrahman R. Bashir, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

810.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Abdulrahman R. Bashir, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS

($20,000,000.00) plus costs.

## COUNT CCCXXI
## CLAIM OF ABDULRAHMAN R. BASHIR
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

811.    Plaintiff, Abdulrahman R. Bashir, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

812.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Abdulrahman R. Bashir, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCCXXII
## CLAIM OF ABDULRAHMAN R. BASHIR
## PURSUANT TO 28 U.S.C. § 1605A
## PUNITIVE DAMAGES

813.    Plaintiff, Abdulrahman R. Bashir, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

814.    The actions of the Al Qaeda members, as above set forth, were intentional and

malicious and in willful, wanton and reckless disregard of Abdulrahman R. Bashir's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Abdulrahman R. Bashir, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CCCXXIII
### CLAIM OF JENNIFER J. CHEBOL
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

815.    Plaintiff, Jennifer J. Chebol, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

816.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Jennifer J. Chebol, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care,

and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Jennifer J. Chebol, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCXXIV
### CLAIM OF JENNIFER J. CHEBOL
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

817.    Plaintiff, Jennifer J. Chebol, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

818.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Jennifer J. Chebol, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCCXXV
## CLAIM OF JENNIFER J. CHEBOL
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

819.    Plaintiff, Jennifer J. Chebol, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

820.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Jennifer J. Chebol, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCCXXVI

## CLAIM OF JENNIFER J. CHEBOL
## PURSUANT TO 28 U.S.C. § 1605A
## PUNITIVE DAMAGES

821.    Plaintiff, Jennifer J. Chebol, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

822.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Jennifer J. Chebol's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Jennifer J. Chebol, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT CCCXXVII
## CLAIM OF JOSEPH T. GATHECHA
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR BATTERY

823.    Plaintiff, Joseph T. Gathecha, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

824.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the

United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Joseph T. Gathecha, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Joseph T. Gathecha, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<u>**COUNT CCCXXVIII**</u>
<u>**CLAIM OF JOSEPH T. GATHECA**</u>
<u>**PURSUANT TO 28 U.S.C. § 1605A**</u>
<u>**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**</u>
<u>**LAW FOR ASSAULT**</u>

825.    Plaintiff, Joseph T. Gathecha, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

826.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the

physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Joseph T. Gathecha, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT CCCXXIX**
**CLAIM OF JOSEPH T. GATHECA**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

</div>

827.    Plaintiff, Joseph T. Gathecha, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

828.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Joseph T. Gathecha, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCXXX
### CLAIM OF JOSEPH T. GATHECA
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

829.    Plaintiff, Joseph T. Gathecha, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

830.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Joseph T. Gathecha's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Joseph T. Gathecha, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CCCXXXI
### CLAIM OF IDDI A. KAKA
### PURSUANT TO 28 U.S.C. § 1605A

**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
LAW FOR BATTERY**

831.    Plaintiff, Iddi A. Kaka, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

832.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Iddi A. Kaka, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Iddi A. Kaka, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCCXXXII
CLAIM OF IDDI A. KAKA
PURSUANT TO 28 U.S.C. § 1605A
AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
LAW FOR ASSAULT**

833.    Plaintiff, Iddi A. Kaka, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

834.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Iddi A. Kaka, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCXXXIII
### CLAIM OF IDDI A. KAKA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

835.    Plaintiff, Iddi A. Kaka, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

836.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian

Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Iddi A. Kaka, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCXXXIV
### CLAIM OF IDDI A. KAKA
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

837.    Plaintiff, Iddi A. Kaka, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

838.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Iddi A. Kaka's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Iddi A. Kaka, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the

Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian

Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION

DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT CCCXXXV**
**CLAIM OF JAMES KANJA**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

</div>

839.    Plaintiff, James Kanja, repeats and re-alleges each and every allegation set forth

above with equal effect as if alleged herein.

840.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the

United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully

battered and did violence upon the body of the Plaintiff James Kanja, a United States employee,

inflicting severe and permanent injuries upon him resulting in great pain and suffering, which

injuries required and continue to require extensive medical treatment, have necessitated the

expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and

rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently

disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded

and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic

of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and

the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the

Plaintiff.

WHEREFORE, Plaintiff, James Kanja, demands judgment jointly and severally against

Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the

Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian

Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCXXXVI
### CLAIM OF JAMES KANJA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

841.    Plaintiff, James Kanja, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

842.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, James Kanja, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCXXXVII
### CLAIM OF JAMES KANJA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

843.    Plaintiff, James Kanja, repeats and re-alleges each and every allegation set forth

above with equal effect as if alleged herein.

844.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, James Kanja, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCXXXVIII
### CLAIM OF JAMES KANJA
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

845.    Plaintiff, James Kanja, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

846.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of James Kanja's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were

within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, James Kanja, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT CCCXXXIX**
**CLAIM OF BERNARD M. KASWII**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

847.    Plaintiff, Bernard M. Kaswii, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

848.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Bernard M. Kaswii, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person

of the Plaintiff.

WHEREFORE, Plaintiff, Bernard M. Kaswii, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCXL
### CLAIM OF BERNARD M. KASWII
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

849.    Plaintiff, Bernard M. Kaswii, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

850.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Bernard M. Kaswii, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCXLI
### CLAIM OF BERNARD M. KASWII
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

851.    Plaintiff, Bernard M. Kaswii, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

852.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Bernard M. Kaswii, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCXLII
### CLAIM OF BERNARD M. KASWII
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

853.    Plaintiff, Bernard M. Kaswii, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

854.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Bernard M. Kaswii's rights and

physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Bernard M. Kaswii, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT CCCXLIII**
**CLAIM OF DAVID M. KIMANI**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

</div>

855.    Plaintiff, David M. Kimani, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

856.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff David M. Kimani, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have

permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, David M. Kimani, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCCXLIV
## CLAIM OF DAVID M. KIMANI
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR ASSAULT

857.    Plaintiff, David M. Kimani, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

858.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, David M. Kimani, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCXLV
### CLAIM OF DAVID M. KIMANI
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

859.    Plaintiff, David M. Kimani, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

860.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, David M. Kimani, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCXLVI
### CLAIM OF DAVID M. KIMANI
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

861.    Plaintiff, David M. Kimani, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

862.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of David M. Kimani's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, David M. Kimani, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT CCCXLVII**
**CLAIM OF SAMUEL KIVINDYO**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

863.    Plaintiff, Samuel Kivindyo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

864.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Samuel Kivindyo, a United States

employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Samuel Kivindyo, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCXLVIII
### CLAIM OF SAMUEL KIVINDYO
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

865.    Plaintiff, Samuel Kivindyo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

866.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of

the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Samuel Kivindyo, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCCXLIX**
**CLAIM OF SAMUEL KIVINDYO**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

867.    Plaintiff, Samuel Kivindyo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

868.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Samuel Kivindyo, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCL
### CLAIM OF  SAMUEL KIVINDYO
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

869.    Plaintiff, Samuel Kivindyo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

870.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Samuel Kivindyo's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Samuel Kivindyo, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CCCLI
### CLAIM OF PETER N. KUNG'U
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

871.    Plaintiff, Peter N. Kung'u, repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

872.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Peter N. Kung'u, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Peter N. Kung'u, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCCLII
## CLAIM OF PETER N. KUNG'U
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR ASSAULT

873.    Plaintiff, Peter N. Kung'u, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

874.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Peter N. Kung'u, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCCLIII**
**CLAIM OF PETER N. KUNG'U**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

875.    Plaintiff, Peter N. Kung'u, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

876.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and

inconvenience.

WHEREFORE, Plaintiff, Peter N. Kung'u, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCLIV
### CLAIM OF PETER N. KUNG'U
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

877.   Plaintiff, Peter N. Kung'u, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

878.   The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Peter N. Kung'u's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Peter N. Kung'u, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CCCLV
### CLAIM OF THOMAS G. KURIA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

879.    Plaintiff, Thomas G. Kuria, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

880.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Thomas G. Kuria, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Thomas G. Kuria, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCLVI
### CLAIM OF THOMAS G. KURIA

**PURSUANT TO 28 U.S.C. § 1605A
AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
LAW FOR ASSAULT**

881.    Plaintiff, Thomas G. Kuria, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

882.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Thomas G. Kuria, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCCLVII
CLAIM OF THOMAS G. KURIA
PURSUANT TO 28 U.S.C. § 1605A
AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

883.    Plaintiff, Thomas G. Kuria, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

884.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the

Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Thomas G. Kuria, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCCLVIII
## CLAIM OF THOMAS G. KURIA
## PURSUANT TO 28 U.S.C. § 1605A
## PUNITIVE DAMAGES

885.    Plaintiff, Thomas G. Kuria, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

886.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Thomas G. Kuria's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Thomas G. Kuria, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY

MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CCCLIX
### CLAIM OF JAMES M. MACHARIA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

887.    Plaintiff, James M. Macharia, repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

888.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the

United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully

battered and did violence upon the body of the Plaintiff James M. Macharia, a United States

employee, inflicting severe and permanent injuries upon him resulting in great pain and

suffering, which injuries required and continue to require extensive medical treatment, have

necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care,

and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have

permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda

were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of

the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and

Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person

of the Plaintiff.

WHEREFORE, Plaintiff, James M. Macharia, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT CCCLX**
**CLAIM OF JAMES M. MACHARIA**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR ASSAULT**

</div>

889.    Plaintiff, James M. Macharia, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

890.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, James M. Macharia, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT CCCLXI**
**CLAIM OF JAMES M. MACHARIA**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

</div>

891.    Plaintiff, James M. Macharia, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

892.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, James M. Macharia, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCLXII
### CLAIM OF  JAMES M. MACHARIA
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

893.    Plaintiff, James M. Macharia, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

894.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of James M. Macharia's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, James M. Macharia, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT CCCLXIII
## CLAIM OF TOITORO O. MASANGA
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR BATTERY

895.    Plaintiff, Toitoro O. Masanga, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

896.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Toitoro O. Masanga, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and

Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Toitoro O. Masanga, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCCLXIV
## CLAIM OF TOITORO O. MASSANGA
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR ASSAULT

897.    Plaintiff, Toitoro O. Masanga, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

898.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Toitoro O. Masanga, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS

($20,000,000.00) plus costs.

### COUNT CCCLXV
### CLAIM OF TOITORO O. MASANGA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

899.    Plaintiff, Toitoro O. Masanga, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

900.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Toitoro O. Masanga, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCLXVI
### CLAIM OF TOITORO O. MASSANGA
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

901.    Plaintiff, Toitoro O. Masanga, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

902.    The actions of the Al Qaeda members, as above set forth, were intentional and

malicious and in willful, wanton and reckless disregard of Toitoro O. Masanga's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Toitoro O. Masanga, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CCCLXVII
### CLAIM OF ROBERT M. MATHEKA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

903.    Plaintiff, Robert M. Matheka, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

904.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Robert M. Matheka, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care,

and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Robert M. Matheka, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCLXVIII
### CLAIM OF ROBERT M. MATHEKA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

905.    Plaintiff, Robert M. Matheka, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

906.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Robert M. Matheka, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCLXIX
### CLAIM OF ROBERT M. MATHEKA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

907.    Plaintiff, Robert M. Matheka, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

908.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Robert M. Matheka, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCLXX

## CLAIM OF ROBERT M. MATHEKA
## PURSUANT TO 28 U.S.C. § 1605A
## PUNITIVE DAMAGES

909.    Plaintiff, Robert M. Matheka, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

910.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Robert M. Matheka's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Robert M. Matheka, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT CCCLXXI
## CLAIM OF RICHARD N. MAWEU
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR BATTERY

911.    Plaintiff, Richard N. Maweu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

912.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the

United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Richard N. Maweu, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Richard N. Maweu, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT CCCLXXII**
**CLAIM OF RICHARD N. MAWEU**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR ASSAULT**

</div>

913.    Plaintiff, Richard N. Maweu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

914.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the

physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Richard N. Maweu, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCLXXIII
### CLAIM OF RICHARD N. MAWEU
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

915.    Plaintiff, Richard N. Maweu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

916.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Richard N. Maweu, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCLXXIV
### CLAIM OF RICHARD N. MAWEU
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

917.    Plaintiff, Richard N. Maweu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

918.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Richard N. Maweu's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Richard N. Maweu, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CCCLXXV
### CLAIM OF MATTHEW M. MBITHI
### PURSUANT TO 28 U.S.C. § 1605A

**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
LAW FOR BATTERY**

919.    Plaintiff, Matthew M. Mbithi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

920.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Matthew M. Mbithi, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Matthew M. Mbithi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCCLXXVI
CLAIM OF MATTHEW M. MBITHI
PURSUANT TO 28 U.S.C. § 1605A
AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
LAW FOR ASSAULT**

921.    Plaintiff, Matthew M. Mbithi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

922.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Matthew M. Mbithi demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCLXXVII
### CLAIM OF MATTHEW M. MBITHI
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

923.    Plaintiff, Matthew M. Mbithi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

924.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian

Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Matthew M. Mbithi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCLXXIII
### CLAIM OF MATTHEW M. MBITHI
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

925.    Plaintiff, Matthew M. Mbithi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

926.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Matthew M. Mbithi's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Matthew M. Mbithi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT CCCLXXIX**
**CLAIM OF FRANCISA N. MBURU**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

</div>

927.    Plaintiff, Francis N. Mburu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

928.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Francis N. Mburu, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Francis N. Mburu, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCLXXX
### CLAIM OF FRANCIS N. MBURU
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

929.    Plaintiff, Francis N. Mburu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

930.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Francis N. Mburu demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCLXXXI
### CLAIM OF FRANCIS N. MBURU
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

931.    Plaintiff, Francis N. Mburu, repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

932.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Francis N. Mburu, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCLXXXII
### CLAIM OF FRANCIS N. MBURU
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

933.    Plaintiff, Francis N. Mburu, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

934.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Francis N. Mburu's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described

were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Francis N. Mburu, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT CCCLXXXIII**
**CLAIM OF PAUL K. MUSAU**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

</div>

935.    Plaintiff, Paul K. Musau, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

936.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Paul K. Musau, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person

of the Plaintiff.

WHEREFORE, Plaintiff, Paul K. Musau, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCCLXXXIV
CLAIM OF PAUL K. MUSAU
PURSUANT TO 28 U.S.C. § 1605A
AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
LAW FOR ASSAULT**

937.    Plaintiff, Paul K. Musau, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

938.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Paul K. Musau demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCCLXXXV**
**CLAIM OF PAUL K. MUSAU**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

939.    Plaintiff, Paul K. Musau, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

940.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Paul K. Musau, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CCCLXXXVI**
**CLAIM OF PAUL K. MUSAU**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

941.    Plaintiff, Paul K. Musau, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

942.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Paul K. Musau's rights and physical

well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Paul K. Musau, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT CCCLXXXVII**
**CLAIM OF EDWARD M. MUTHAMA**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

</div>

943.    Plaintiff, Edward M. Muthama, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

944.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Edward M. Muthama, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have

permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Edward M. Muthama, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT CCCLXXXVIII**
**CLAIM OF EDWARD M. MUTHAMA**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR ASSAULT**

</div>

945.    Plaintiff, Edward M. Muthama, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

946.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Edward M. Muthama demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCLXXXIX
### CLAIM OF EDWARD M. MUTHAMA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

947.    Plaintiff, Edward M. Muthama, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

948.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Edward M. Muthama, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCXC
### CLAIM OF EDWARD M. MUTHAMA
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

949.    Plaintiff, Edward M. Muthama, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

950.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Edward M. Muthama's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Edward M. Muthama, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CCCXCI
### CLAIM OF THOMAS M. MUTUA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

951.    Plaintiff, Thomas M. Mutua, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

952.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Thomas M. Mutua, a United States

employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Thomas M. Mutua, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CCCXCII
## CLAIM OF THOMAS M. MUTUA
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR ASSAULT

953.    Plaintiff, Thomas M. Mutua, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

954.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of

the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Thomas M. Mutua demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCXCIII
### CLAIM OF THOMAS M. MUTUA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

955.    Plaintiff, Thomas M. Mutua, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

956.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Thomas M. Mutua, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT CCCXCIV**
**CLAIM OF THOMAS M. MUTUA**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

</div>

957.    Plaintiff, Thomas M. Mutua, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

958.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Thomas M. Mutua's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Thomas M. Mutua, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT CCCXCV**
**CLAIM OF JAMES M. MUTUKU**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

</div>

959.    Plaintiff, James M. Mutuku, repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

960.     On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff James M. Mutuku, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, James M. Mutuku demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCXCVI
### CLAIM OF JAMES M. MUTUKU
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

961.     Plaintiff, James M. Mutuku, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

962.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, James M. Mutuku demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCXCVII
### CLAIM OF JAMES M. MUTUKU
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

963.    Plaintiff, James M. Mutuku, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

964.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and

inconvenience.

WHEREFORE, Plaintiff, James M. Mutuku, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CCCXCVIII
### CLAIM OF JAMES M. MUTUKU
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

965.    Plaintiff, James M. Mutuku, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

966.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of James M. Mutuku's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, James M. Mutuku, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

**COUNT CCCXCIX**
**CLAIM OF PAUL G. MWINGI**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

967.    Plaintiff, Paul G. Mwingi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

968.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Paul G. Mwingi, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Paul G. Mwingi demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CD**
**CLAIM OF PAUL G. MWINGI**

356

**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR ASSAULT**

969.    Plaintiff, Paul G. Mwingi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

970.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Paul G. Mwingi demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CDI**
**CLAIM OF PAUL G. MWINGI**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

971.    Plaintiff, Paul G. Mwingi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

972.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the

Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Paul G. Mwingi, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT CDII**
**CLAIM OF PAUL G. MWINGI**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

</div>

973.    Plaintiff, Paul G. Mwingi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

974.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Paul G. Mwingi's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Paul G. Mwingi, demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CDIII
### CLAIM OF LUCAS M. NDILE
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

975.    Plaintiff, Lucas M. Ndile, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

976.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Lucas M. Ndile, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Lucas M. Ndile demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the

Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CDIV
### CLAIM OF LUCAS M. NDILE
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

977.    Plaintiff, Lucas M. Ndile, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

978.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Lucas M. Ndile demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CDV
### CLAIM OF LUCAS M. NDILE
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

979.    Plaintiff, Lucas M. Ndile, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

980.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Lucas M. Ndile, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CDVI
## CLAIM OF LUCAS M. NDILE
## PURSUANT TO 28 U.S.C. § 1605A
## PUNITIVE DAMAGES

981.    Plaintiff, Lucas M. Ndile, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

982.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Lucas M. Ndile's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian

Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Lucas M. Ndile, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT CDVII
CLAIM OF ANTHONY NGINYA
PURSUANT TO 28 U.S.C. § 1605A
AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
LAW FOR BATTERY**

</div>

983.    Plaintiff, Anthony Nginya, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

984.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Anthony Nginya, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and

Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Anthony Nginya demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CDVIII
## CLAIM OF ANTHONY NGINYA
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR ASSAULT

985.    Plaintiff, Anthony Nginya, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

986.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Anthony Nginya demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS

($20,000,000.00) plus costs.

### COUNT CDIX
### CLAIM OF ANTHONY NGINYA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

987.    Plaintiff, Anthony Nginya, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

988.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Anthony Nginya, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CDX
### CLAIM OF ANTHONY NGINYA
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

989.    Plaintiff, Anthony Nginya, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

990.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Anthony Nginya's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Anthony Nginya, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CDXI
### CLAIM OF ALEXANDER C. NJERU
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

991.    Plaintiff, Alexander C. Njeru, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

992.    On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Alexander C. Njeru, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have

necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Alexander C. Njeru demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CDXII
### CLAIM OF ALEXANDER C. NJERU
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

993.    Plaintiff, Alexander C. Njeru, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

994.    The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he

endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Alexander C. Njeru demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CDXIII
### CLAIM OF ALEXANDER C. NJERU
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

995.    Plaintiff, Alexander C. Njeru, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

996.    As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Alexander C. Njeru, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CDXIV
## CLAIM OF ALEXANDER C. NJERU
## PURSUANT TO 28 U.S.C. § 1605A
## PUNITIVE DAMAGES

997.    Plaintiff, Alexander C. Njeru, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

998.    The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Alexander C. Njeru's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Alexander C. Njeru, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT CDXV
## CLAIM OF ENOS NZALWA
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR BATTERY

999.    Plaintiff, Enos Nzalwa, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1000.  On August 7, 1998, members of Al Qaeda by use of an explosive device at the

United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Enos Nzalwa, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Enos Nzalwa demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CDVI
### CLAIM OF ENOS NZALWA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

1001.  Plaintiff, Enos Nzalwa, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1002.  The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the

369

physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Enos Nzalwa demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CDVII
### CLAIM OF ENOS NZALWA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1003.  Plaintiff, Enos Nzalwa, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1004.  As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Enos Nzalwa, demands judgment jointly and severally against

Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CDVIII
## CLAIM OF ENOS NZALWA
## PURSUANT TO 28 U.S.C. § 1605A
## PUNITIVE DAMAGES

1005.  Plaintiff, Enos Nzalwa, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1006.  The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Enos Nzalwa's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Enos Nzalwa, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT CDXIX
## CLAIM OF JULIUS M. NZIVO
## PURSUANT TO 28 U.S.C. § 1605A

371

## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON LAW FOR BATTERY

1007.  Plaintiff, Julius M. Nzivo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1008.  On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Julius M. Nzivo, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Julius M. Nzivo demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CDXX
## CLAIM OF JULIUS M. NZIVO
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON LAW FOR ASSAULT

1009.  Plaintiff, Julius M. Nzivo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1010.  The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Julius M. Nzivo demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CDXXI
### CLAIM OF JULIUS M. NZIVO
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1011.  Plaintiff, Julius M. Nzivo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1012.  As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian

Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Julius M. Nzivo, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CDXXII**
**CLAIM OF JULIUS M. NZIVO**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

1013.  Plaintiff, Julius M. Nzivo, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1014.  The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Julius M. Nzivo's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Julius M. Nzivo, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY

MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT CDXXIII
## CLAIM OF FREDERICK O. OBANGA
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR BATTERY

1015.  Plaintiff, Frederick O. Obanga, repeats and re-alleges each and every allegation

set forth above with equal effect as if alleged herein.

1016.  On August 7, 1998, members of Al Qaeda by use of an explosive device at the

United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully

battered and did violence upon the body of the Plaintiff Frederick O. Obanga, a United States

employee, inflicting severe and permanent injuries upon him resulting in great pain and

suffering, which injuries required and continue to require extensive medical treatment, have

necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care,

and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have

permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda

were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of

the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and

Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person

of the Plaintiff.

WHEREFORE, Plaintiff, Frederick O. Obanga demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the

Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CDXXIV
### CLAIM OF FREDERICK O. OBANGA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

1017.  Plaintiff, Frederick O. Obanga, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1018.  The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Frederick O. Obanga demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CDXXV
### CLAIM OF FREDERICK O. OBANGA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1019.  Plaintiff, Frederick O. Obanga, repeats and re-alleges each and every allegation

set forth above with equal effect as if alleged herein.

1020.   As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Frederick O. Obanga, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT CDXXVI**
**CLAIM OF FREDERICK O. OBANGA**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

</div>

1021.   Plaintiff, Frederick O. Obanga, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1022.   The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Frederick O. Obanga's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described

were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Frederick O. Obanga, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CDXXVII
### CLAIM OF JUSTUS M. WAMBUA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

1023.  Plaintiff, Justus M. Wambua, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1024.  On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Justus M. Wambua, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person

of the Plaintiff.

WHEREFORE, Plaintiff, Justus M. Wambua demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CDXXVIII
### CLAIM OF JUSTUS M. WAMBUA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

1025.  Plaintiff, Justus M. Wambua, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1026.  The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Justus M. Wambua demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CDXXIX**
**CLAIM OF JUSTUS M. WAMBUA**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1027.  Plaintiff, Justus M. Wambua, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1028.  As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Justus M. Wambua, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CDXXX**
**CLAIM OF JUSTUS M. WAMBUA**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

1029.  Plaintiff, Justus M. Wambua, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1030.  The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Justus M. Wambua's rights and

physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Justus M. Wambua, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CDXXXI
### CLAIM OF MAKONNEN K. MENERIC
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

1031.  Plaintiff, Makonnen K. Meneric, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1032.  On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Makonnen K. Meneric, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have

permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Makonnen K. Meneric demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CDXXXII
### CLAIM OF MAKONNEN K. MENERIC
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

1033.  Plaintiff, Makonnen K. Meneric, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1034.  The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Makonnen K. Meneric demands judgment jointly and severally

against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CDXXXIII**
**CLAIM OF MAKONNEN K. MENERIC**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1035.  Plaintiff, Makonnen K. Meneric, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1036.  As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Makonnen K. Meneric, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CDXXXIV**
**CLAIM OF MAKONNEN K. MENERIC**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

1037.  Plaintiff, Makonnen K. Meneric, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1038.  The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Makonnen K. Meneric's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Makonnen K. Meneric, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT CDXXXV
### CLAIM OF JAMES BABIRA NDEDA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

1039.  Plaintiff, James Babira Ndeda, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1040.  On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff James Babira Ndeda, a United States

employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, James Babira Ndeda demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT CDXXXVI**
**CLAIM OF JAMES BABIRA NDEDA**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR ASSAULT**

</div>

1041.  Plaintiff, James Babira Ndeda, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1042.  The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of

the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, James Babira Ndeda demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CDXXXVII
### CLAIM OF JAMES BABIRA NDEDA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1043.  Plaintiff, James Babira Ndeda, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1044.  As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, James Babira Ndeda, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the

Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT CDXXXVIII**
**CLAIM OF JAMES BABIRA NDEDA**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

</div>

1045.  Plaintiff, James Babira Ndeda, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1046.  The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of James Babira Ndeda's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, James Babira Ndeda, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT CDXXXIX**
**CLAIM OF PAULINE D. ABDALLAH**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

</div>

1047.  Plaintiff, Pauline D. Abdallah, repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

1048.  On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Pauline D. Abdallah, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Pauline D. Abdallah, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT CDXC
## CLAIM OF PAULINE D. ABDALLAH
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR ASSAULT

1049.  Plaintiff, Pauline D. Abdallah, repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

1050.   The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Pauline D. Abdallah, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CDXCI
### CLAIM OF PAULINE D. ABDALLAH
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1051.   Plaintiff, Pauline D. Abdallah, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1052.   As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his

family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Pauline D. Abdallah, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CDXCII
CLAIM OF PAULINE D. ABDALLAH
PURSUANT TO 28 U.S.C. § 1605A
PUNITIVE DAMAGES**

1053.  Plaintiff, Pauline D. Abdallah, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1054.  The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Pauline D. Abdallah's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Pauline D. Abdallah,  demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY

MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT CDXCIII
## CLAIM OF JOHN NDUATI
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR BATTERY

1055.  Plaintiff, John Nduati, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1056.  On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff John Nduati, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, John Nduati, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CDXCIV**
**CLAIM OF JOHN NDUATI**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR ASSAULT**

1057.  Plaintiff, John Nduati, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1058.  The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, John Nduati, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CDXCV**
**CLAIM OF JOHN NDUATI**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1059.  Plaintiff, John Nduati, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1060.  As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, John Nduati, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CDXCVI
### CLAIM OF JOHN NDUATI
### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

1061.  Plaintiff, John Nduati, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1062.  The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of John Nduati's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions

of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, John Nduati,  demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<div align="center">

**COUNT CDXCVII**
**CLAIM OF WUNNIE W. GICHURU**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

</div>

1063.   Plaintiff, Wunnie W. Gichuru , repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1064.   On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Wunnie W. Gichuru, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintif, Wunnie W. Gichuru , demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT CDXCVIII
### CLAIM OF WUNNIE W. GICHURU
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR ASSAULT

1065.   Plaintiff, Wunnie W. Gichuru, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1066.   The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Wunnie W. Gichuru, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT CDXCIX**
**CLAIM OF WUNNIE W. GICHURU**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1067.   Plaintiff, Wunnie W. Gichuru, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1068.   As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Wunnie W. Gichuru, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT D**
**CLAIM OF WUNNIE W. GICHURU**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

1069.   Plaintif, Wunnie W. Gichuru, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1070.   The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Plaintiff's rights and physical well

being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Wunnie W. Gichuru, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

<u>**COUNT DI**</u>
<u>**CLAIM OF BLASIO SHIKAMI**</u>
<u>**PURSUANT TO 28 U.S.C. § 1605A**</u>
<u>**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**</u>
<u>**LAW FOR BATTERY**</u>

1071. Plaintiff, Blasio Shikami , repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1072. On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Nairobi, Kenya, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiff Blasio Shikami, a United States employee, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have

permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintif, Blasio Shikami , demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT DII
## CLAIM OF BLASIO SHIKAMI
## PURSUANT TO 28 U.S.C. § 1605A
## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
## LAW FOR ASSAULT

1073.   Plaintiff, Blasio Shikami, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1074.   The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Blasio Shikami, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT DIII
### CLAIM OF BLASIO SHIKAMI
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1075.   Plaintiff, Blasio Shikami, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1076.   As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiff endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Blasio Shikami, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

### COUNT DIV
### CLAIM OF BLASIO SHIKAMI

### PURSUANT TO 28 U.S.C. § 1605A
### PUNITIVE DAMAGES

1077.  Plaintiff, Blasio Shikami, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1078.  The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Plaintiff's rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiff is thereby entitled to punitive damages.

WHEREFORE, Plaintiff, Blasio Shikami, demands judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

### COUNT DV
### CLAIM OF CYNTHIA KIMBLE, HENRY KESSY, EVITTA KWIMBERE, ELIZABETH SLATER, NAFISA MALIK, VALERIE NAIR, LAUREL MCMULLEN, CHRISTANT HIZA, FREDERICK KABODYA, JUSTINA MDOBILU, BENJAMIN WINFORD, CHRISTOPHER MCMULLEN, HOSIANNA MMBAGA, TIBRUS MINJA, SAJJAD GULAMALI, CLIFFORD TARIMO, SITA MAGUA, EDDIESON KAPESA
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON
### LAW FOR BATTERY

1079.  Plaintiffs, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

1080.  On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Dar Es Salaam, Tanzania, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiffs, Cynthia Kimble, Henry Kessy, Evitta Kwimbere, Elizabeth Slater, Nafisa Malik, Valerie Nair, Laruel McMullen, Christant Hiza, Frederick Kabodya, Justina Mdobilu, Benjamin Winford, Christopher McMullen, Hosianna MmBaga, Tibrus Minja, Sajjad Gulamali, Clifford Tarimo, Sita Magua, and Eddieson Kapesa. The above named Plaintiffs were employees of the United States at the time of the Embassy bombing and suffered severe and permanent injuries resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived Plaintiffs earning capacity and have permanently disabled Plaintiffs. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiffs, demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.


### COUNT DVI
**CLAIM OF CYNTHIA KIMBLE, HENRY KESSY, EVITTA KWIMBERE, ELIZABETH SLATER, NAFISA MALIK, VALERIE NAIR, LAUREL MCMULLEN, CHRISTANT HIZA, FREDERICK KABODYA, JUSTINA MDOBILU, BENJAMIN WINFORD, CHRISTOPHER MCMULLEN, HOSIANNA MMBAGA, TIBRUS MINJA, SAJJAD GULAMALI, CLIFFORD TARIMO, SITA MAGUA, EDDIESON KAPESAPURSUANT**

**TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON**
**LAW FOR ASSAULT**

1081.   Plaintiffs repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

1082.   The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiffs, Cynthia Kimble, Henry Kessy, Evitta Kwimbere, Elizabeth Slater, Nafisa Malik, Valerie Nair, Laruel McMullen, Christant Hiza, Frederick Kabodya, Justina Mdobilu, Benjamin Winford, Christopher McMullen, Hosianna MmBaga, Tibrus Minja, Sajjad Gulamali, Clifford Tarimo, Sita Magua, and Eddieson Kapesa,  were injured in that they endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiffs demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT DVII**
**CLAIM OF CYNTHIA KIMBLE, HENRY KESSY, EVITTA KWIMBERE, ELIZABETH**
**SLATER, NAFISA MALIK, VALERIE NAIR, LAUREL MCMULLEN, CHRISTANT**
**HIZA, FREDERICK KABODYA, JUSTINA MDOBILU, BENJAMIN WINFORD,**
**CHRISTOPHER MCMULLEN, HOSIANNA MMBAGA, TIBRUS MINJA, SAJJAD**
**GULAMALI, CLIFFORD TARIMO, SITA MAGUA, EDDIESON KAPESA**
**PURSUANT TO 28 U.S.C. § 1605A**

## AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1083.   Plaintiffs repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

1084.   As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiffs endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiffs  demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT DVIII
## CLAIM OF CYNTHIA KIMBLE, HENRY KESSY, EVITTA KWIMBERE, ELIZABETH SLATER, NAFISA MALIK, VALERIE NAIR, LAUREL MCMULLEN, CHRISTANT HIZA, FREDERICK KABODYA, JUSTINA MDOBILU, BENJAMIN WINFORD, CHRISTOPHER MCMULLEN, HOSIANNA MMBAGA, TIBRUS MINJA, SAJJAD GULAMALI, CLIFFORD TARIMO, SITA MAGUA, EDDIESON KAPESA PURSUANT TO 28 U.S.C. § 1605A
## PUNITIVE DAMAGES

1085.   Plaintiffs repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

1086.   The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Plaintiffs rights and physical well

being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiffs are thereby entitled to punitive damages.

WHEREFORE, Plaintiffs  demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

## COUNT DIX
### CLAIM OF VALENTRY KATUNDU, EDSON MAUMU, ZEPHANIA MBOGE, DONTI MWAIPAPE, EDWARD RUTASHEHERWA, VICTOR MPOPO, ALLY KINDAMBA, GAUDENS THOMAS
### PURSUANT TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON LAW FOR BATTERY

1087.   Plaintiffs, repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

1088.   On August 7, 1998, members of Al Qaeda by use of an explosive device at the United States Embassy in Dar Es Salaam, Tanzania, as above described, willfully, violently and forcefully battered and did violence upon the body of the Plaintiffs, Valentry Katundu, Edson Maumu, Zephania Mboge, Donti Mwaipape, Edward Rutasheherwa, Victor Mpopo, Ally Kindamba, and Gaudens Thomas. The above named Plaintiffs were contractors working for the United States at the time of the Embassy bombing and suffered severe and permanent injuries

resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived Plaintiffs earning capacity and have permanently disabled Plaintiffs. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiffs, demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

## COUNT DX
### CLAIM OF VALENTRY KATUNDU, EDSON MAUMU, ZEPHANIA MBOGE, DONTI MWAIPAPE, EDWARD RUTASHEHERWA, VICTOR MPOPO, ALLY KINDAMBA, GAUDENS THOMAS
### TO 28 U.S.C. § 1605A
### AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON LAW FOR ASSAULT

1089.   Plaintiffs repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

1090.   The members of Al Qaeda, as above alleged, intentionally and willfully placed the Plaintiff, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful, and intentional acts of Al Qaeda were funded and directed by Defendants, the Republic of Sudan, the Ministry of the Interior of

the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, and the Plaintiffs, Valentry Katundu, Edson Maumu, Zephania Mboge, Donti Mwaipape, Edward Rutasheherwa, Victor Mpopo, Ally Kindamba, and Gaudens Thomas, were injured in that they endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiffs demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

**COUNT DXI**
**CLAIM OF VALENTRY KATUNDU, EDSON MAUMU, ZEPHANIA MBOGE, DONTI MWAIPAPE, EDWARD RUTASHEHERWA, VICTOR MPOPO, ALLY KINDAMBA, GAUDENS THOMAS**
**PURSUANT TO 28 U.S.C. § 1605A**
**AND IN ACCORDANCE WITH FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1091.  Plaintiffs repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

1092.  As a direct and proximate result of the willful, wrongful and intentional acts of Al Qaeda members, whose acts were funded and directed by Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, Plaintiffs endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiffs  demand judgment jointly and severally against Defendants the

Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) plus costs.

<div align="center">

**COUNT DXII**
**CLAIM OF VALENTRY KATUNDU, EDSON MAUMU, ZEPHANIA MBOGE, DONTI MWAIPAPE, EDWARD RUTASHEHERWA, VICTOR MPOPO, ALLY KINDAMBA, GAUDENS THOMAS**
**PURSUANT TO 28 U.S.C. § 1605A**
**PUNITIVE DAMAGES**

</div>

1093.   Plaintiffs repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

1094.   The actions of the Al Qaeda members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Plaintiffs rights and physical well being. All of the acts of Al Qaeda were facilitated by funding, training and support by the Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. § 1605A, Plaintiffs are thereby entitled to punitive damages.

WHEREFORE, Plaintiffs  demand judgment jointly and severally against Defendants the Republic of Sudan, the Ministry of the Interior of the Republic of the Sudan, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guards Corps, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) plus costs.

Dated: August 5, 2008

Respectfully submitted,


Michael J. Miller, Esq.
Bar No. 397689
THE MILLER FIRM, LLC
108 Railroad Avenue
Orange, VA 22960
Tel: (540) 672-4224


Allen L. Rothenberg, Esq.
Bar No. 328088
THE LAW FIRM OF ALLEN L. ROTHENBERG
1420 Walnut Street
Philadelphia, PA 19102
Tel: (800) 624-8888


Gavriel Mairone
Bar No. 6181698
MANN & MAIRONE
980 North Michigan Avenue, Suite 1400
Chicago, IL 60611
Tel: (212) 792 4005

E
08-1349

## CIVIL COVER SHEET

JS-44
(Rev. 1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| WINFRED WAIRIMU WAMAI, individually and as Personal Representative of the Estate of Adams Titus Wamai, et al | Republic of Sudan, et al |

99999

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Nairobi, Kenya
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael J. Miller
The Miller Firm, LLC
108 Railroad Avenue
Orange, VA 22960

Case: 1:08-cv-01349
Assigned To : Robertson, James
Assign. Date : 8/5/2008
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ◉ 3 | ○ 3 | Foreign Nation | ○ 6 | ◉ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☒ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/* *2255* | ○ **H.** *Employment* *Discrimination* | ○ **I.** *FOIA/PRIVACY* *ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| | | | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | |

| ○ **K.** *Labor/ERISA* *(non-employment)* | ○ **L.** *Other Civil Rights* *(non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

28 U.S.C. § 1605 A(c)    personal injury by plaintiff caused by acts

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** 35,000,000.00 **JURY DEMAND:** | Check YES only if demanded in complaint YES ☐  NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 8/5/08    SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.