UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WINFRED WAIRIMU WAMAI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>REPUBLIC OF SUDAN, et al.,<br><br>Defendants. | Civil Action No. 08-1349 (JDB) |

### ORDER

Before the Court is [247] plaintiffs' motion for an order permitting them to register this Court's July 25, 2014 judgment in another judicial district. Plaintiffs are victims of (and family members of victims of) the 1998 bombings of the United States embassies in Nairobi, Kenya, and Dar es Salaam, Tanzania. Defendants are the Republic of Sudan, the Ministry of the Interior of the Republic of Sudan, the Islamic Republic of Iran, the Iranian Revolutionary Guards Corps, and the Iranian Ministry of Information and Security (collectively "defendants"). The Court found defendants to be liable for their roles in supporting, funding, and otherwise carrying out the bombings, and awarded plaintiffs substantial damages. July 25, 2014 Order [ECF No. 245] ("July 25, 2014 Judgment"). Because defendants do not have significant assets in this district, plaintiffs seek to register the judgment in the Southern District of New York, where defendants may have assets. Defendants, who have not entered an appearance in this case and have defaulted, have not responded to the motion.

"A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . .

when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. The judgment has not become final by appeal or by expiration of the time for appeal. Hence, plaintiffs must show that "good cause" exists for an order permitting them to register the judgment immediately.

This is not a particularly high bar. Usually, courts require plaintiffs to show only that (1) defendants do not have assets in this district, and (2) defendants have substantial assets in another district. See Chevron Corp. v. Republic of Ecuador, 987 F. Supp. 2d 82, 85 (D.D.C. 2013); Spray Drift Task Force v. Burlington Bio-Med. Corp., 429 F. Supp. 2d 49, 51-52 (D.D.C. 2006); Cheminova A/S v. Griffin LLC, 182 F. Supp. 2d 68, 80 (D.D.C. 2002). The reason is simple: the "good cause" provision was intended to prevent a judgment debtor from exploiting delay resulting from the appeals process to move assets located in another district in an effort to avoid enforcement of the judgment. See Spray Drift Task Force, 429 F. Supp. 2d at 51; Siegel, Commentary on 1988 Revision, 28 U.S.C. § 1963 (West Supp. 1989); see also Chevron, 987 F. Supp. 2d at 85 (describing potential "shell game" in absence of order permitting immediate registration of judgment).[1] Courts should allow immediate registration in other districts—where plaintiffs have made the above showing—particularly "where the applicant has identified potentially mobile assets." Chevron, 987 F. Supp. 2d at 85.

Plaintiffs have shown good cause here. They maintain that defendants have no assets in this district, and nothing suggests otherwise. In fact, other plaintiffs' inability to collect on

---

[1] Courts have also deferred granting permission to register judgments elsewhere until judgment debtors refuse or fail to post a supersedeas bond, but those cases involve defendants who have not defaulted—and those defendants offered to post bond when plaintiffs moved to register the judgment elsewhere. See, e.g., Cheminova, 182 F. Supp. 2d at 80. Defendants here have defaulted, and in related cases in which the same defendants have appealed, they have not posted bonds. The experience of courts in this district, including this Court, demonstrates that these defendants are unlikely to post an $8 billion bond.

judgments issued by courts in this district against these defendants suggests that plaintiffs are correct. And the combined amount of the judgments in this case and the others issued on July 25, 2014, against these defendants is over $8 billion—any assets defendants do have in this district likely fall well short of that amount. Plaintiffs also point to a criminal forfeiture proceeding in the Southern District of New York as evidence that substantial assets belonging to defendants exist in another district. See July 28, 2014 Notice of Supp. Authority & Ex. 1 [ECF Nos. 248 & 248-1]. Whether or not plaintiffs will be entitled to those assets is not for this Court to decide; plaintiffs need only show that defendants have substantial assets in another district, and they have done so here. Moreover, any potential entitlement plaintiffs may have to the assets in the Southern District of New York is fleeting because of a forfeiture proceeding; this also weighs in favor of finding good cause. In short, because plaintiffs have shown that defendants do not have assets in this district sufficient to satisfy the judgment, and that defendants have substantial assets in the Southern District of New York, see July 28, 2014 Notice of Supp. Authority & Ex. 1 [ECF Nos. 248 & 248-1], plaintiffs have shown good cause for an order permitting them to immediately register this Court's judgment. Upon consideration of plaintiffs' motion, and the entire record herein, and for good cause shown, it is hereby

**ORDERED** that [247] plaintiffs' motion is **GRANTED**; and it is further

**ORDERED** that plaintiffs may immediately register this Court's July 25, 2014 Judgment in the Southern District of New York.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: July 28, 2014