UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Winfred Wairimu Wamai, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Republic of Sudan, et al., <br><br> Defendants. | Civil Action No. 1:08-cv-01349-JDB |

## PROTECTIVE AGREEMENT AND ORDER

**IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiffs Winfred Wairimu Wamai, *et al.*, (collectively "Plaintiffs"), and non-party Wells Fargo Bank, N.A. (the "Bank"), by and through their respective undersigned counsel as follows:

1. This Protective Agreement and Order (the "Agreement") applies to "Confidential Information," as defined below, produced, or otherwise disclosed by Bank to Plaintiffs.

2. The term "Confidential Information" as used in this Agreement means any record, document, thing or information that is designated or labeled "Confidential Information" by Bank.

3. Plaintiffs shall have the Agreement entered by the Court in each action before the Bank's Confidential Information is shared with Plaintiffs.

4. Confidential Information shall not be used or disclosed for any purpose other than during the course of any attempt to collect upon the judgment entered in *Winfred Wairimu Wamai, et al. v. Republic of Sudan, et al.*, Case No. 1:08-cv-01349-JDB action (the "Action").

5. Confidential Information may be used in connection with discovery proceedings in the Action and as evidence in any application, motion, hearing, trial or other proceeding in the Action.

1

6. Once Confidential Information is produced, it may be disclosed, summarized, or otherwise communicated in whole or in part only to the following persons who may make use of such information only in connection with the Action:

   a. Counsel who represent parties in the Action, and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Agreement;

   b. Experts or consultants assisting counsel for those parties in the Action;

   c. Potential or anticipated witnesses, and their counsel, in the Action;

   d. The Court in the Action;

   e. Court reporters employed in connection with the Action; and

   f. Any person that may be examined as a witness at trial in the Action concerning any Confidential Information.

7. Before counsel may show or disclose Confidential Information to any witness, expert, or consultant, except at trial, that witness, expert, or consultant shall be provided a copy of this Agreement. Any disclosure of Confidential Information to witnesses, experts, and/or consultants must be useful or necessary, in the opinion of counsel, for the preparation for or conduct of the Action.

8. The inadvertent disclosure by Bank of any information subject to a claim of attorney-client privilege, attorney work-product or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim. Neither shall the Agreement be construed as requiring the Bank, or any branch or subsidiary of the Bank, to commit any act that would violate any domestic, federal, state, or local law, or any law of a foreign jurisdiction. The inadvertent disclosure in violation of any such law shall not be considered

a waiver thereof.

9. Plaintiffs and Bank further recognize that the obligations embodied herein shall not apply to information already in the public domain, or information already known to counsel for Plaintiffs, consultants or experts, or information obtained from a third-party not under any obligation of confidentiality to Bank or to a third-party regarding the information.

10. Any Confidential Information filed or otherwise submitted in any court proceeding related to the Action shall be lodged under seal. Any person filing, submitting or otherwise using Confidential Information in any such proceeding shall make a reasonable effort to prevent the Confidential Information from becoming part of the public record, including, without limitation, seeking an order permanently excluding any Confidential Information used in the proceeding from the public record.

11. The obligations under this Agreement shall survive the termination of the Action and continue to bind Plaintiffs and Bank and the parties to whom Confidential Information is disclosed.

12. This Agreement may be signed by counsel in counterparts, with the same force and effect as if all signatures appeared on one document and email or facsimile copies of signatures shall also have the same force and effect as original signatures.

13. This Agreement shall be governed by, and construed and interpreted in accordance with, the law of the District of Columbia. Any action or proceeding related in any way to this Agreement shall be brought in any court located in the District of Columbia. The parties hereby irrevocably and unconditionally waive trial by jury in any such action or proceeding.

14. Bank's entry into this Agreement shall not be deemed a waiver of any of Bank's

objections or defenses to any subpoena or other pleading in this matter, including for lack of personal jurisdiction.

By: */s/ David Dickens*

David Dickens
The Miller Firm, LLC
108 Railroad Avenue
Orange, VA 22960
Telephone: 540.672.4224
Email: ddickens@millerfirmllc.com
*Counsel for Plaintiffs*

By: */s/ Alex C. Lakatos*

Alex C. Lakatos
Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
Telephone: 202.263.3312
Email: alakatos@mayerbrown.com
*Counsel for Wells Fargo Bank, N.A.*

**SO ORDERED**.

Dated:  March 29, 2021

/s/
JOHN D. BATES
United States District Judge